USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE,
and JUANY GUZMAN, each individually, and on
behalf of all other persons similarly situated,

                              Plaintiffs,
      -against-

Case No. 12-CV-4339 (ALC) (JLC)

**SCHEDULING ORDER**

THE FRESH DIET, INC., SYED HUSSAIN,
Individually, JUDAH SCHLOSS, Individually, and
ZALMI DUCHMAN, Individually,

                              Defendants.
-----------------------------------------------------------X

1. ***Date of the Conference***

        Conference date:     August 22, 2012 at 2:00pm

        Appearances:
        For Plaintiffs:
        Peter J. Andrews
        Walker Green Harman, Jr.
        The Harman Firm PC
        200 West 57th Street
        New York, NY 10123
        (212) 425-2600
        Fax: (212) 202-3926
        Email: pandrews@theharmanfirm.com; wharman@theharmanfirm.com

        For Defendants The Fresh Diet, Inc. and Judah Schloss:
        Jeffery Alan Meyer
        Yale Pollack
        Kaufman, Dolowich, Voluck & Gonzo LLP
        135 Crossways Park Drive
        Woodbury, NY 11797
        (516)-681-1100
        Fax: (516)681-1101
        Email: jmeyer@kdvglaw.com; ypollack@kdvglaw.com

USDC SDNY
DATE SCANNED 8/22/12

2. **Concise Statement of Issues**

Plaintiffs assert that Defendants failed to pay them overtime in accordance with federal and state laws (New York, New Jersey and Connecticut). Plaintiffs are also asserting retaliation in violation of federal and state laws. Their request for a preliminary injunction with respect to retaliation was recently denied by Judge Andrew Carter. However, Plaintiffs continue to maintain that they have been retaliated against and intend to request relief, including but not limited to money damages, for these acts of retaliation. Plaintiffs may renew their request for injunctive relief at a later date.

Defendants assert that they have named the wrong party as the employer since Plaintiffs received their wages from Late Night Express, Inc. Defendants further assert that Plaintiffs were properly compensated for all hours and/or work performed and that there is no basis for any retaliation claim.

3. **Proposed Discovery Deadlines**

   a. Amendment and/or joinder:  October 26, 2012

   b. Document requests and interrogatories:  November 2, 2012

   c. Names of expert witnesses to be deposed:  Unknown

   d. Non-expert discovery to be completed:  March 29, 2013

   e. Expert disclosure:  April 12, 2013 (if necessary)

   f. Expert depositions:  April 26, 2013 (if necessary)

   g. Pretrial motions:  Filed by:    May 10, 2013
                         Opposition:  May 31, 2013
                         Reply:       June 14, 2013

   If no pretrial motion:
   Plaintiff to submit pretrial order materials to defendant by May 10, 2013
   Parties to submit pretrial materials by May 31, 2013.

4. **Limitations on Discovery**

At this time, the parties do not anticipate seeking any limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of Court.

5. **Discovery Disputes**

At this time, the parties do not have any discovery disputes. *There will be a status conference on November 14, 2012 at 2 p.m.*

6. Motion for Conditional Collective Action Certification

*The parties shall meet and confer to determine whether a motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b) will be required. If the parties cannot consent to notice, Plaintiffs will file a motion on or before September 20, 2012. Defendants' opposition will be due on October 11, 2012, and any reply is due October 18, 2012*

7. *Expected Expert Testimony*

At this time, the parties do not anticipate the utilization of expert witnesses in this matter.

8. *Anticipated Length of Trial*

The parties anticipate that the trial of this matter will take 3 days. Plaintiffs have requested that this case, if necessary, be tried before a jury.

9. *Settlement Conference*

The parties believe that a settlement conference in this matter will be most helpful after discovery responses are produced but before depositions. The parties proposed that any settlement conference be held before Your Honor or a private mediator. *[handwritten: Following discussions, the parties agreed to a settlement conference before me initially by December 7, 2012.]*

10. All discovery (including requests for admission and any application to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the discovery deadline. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions. *[handwritten: A separate scheduling order will issue to that effect.]*

All deadlines set forth herein are firm and will not be extended unless good cause is shown.

| THE HARMAN FIRM, PC | KAUFMAN DOLOWICH VOLUCK & GONZO LLP |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendants*<br>*The Fresh Diet, Inc. and Judah Schloss* |
| By: /s/ Peter J. Andrews<br>Peter J. Andrews, Esq.<br>200 West 57th Street, Suite 900<br>New York, New York 10019<br>(212) 425-2600 | By: /s/ Yale Pollack<br>Yale Pollack, Esq.<br>135 Crossways Park Drive, Suite 201<br>Woodbury, New York 11797<br>(516) 681-1100 |

4828-2545-7168, v. 1

SO ORDERED:

/s/ James L. Cott

Hon. James L. Cott
United States Magistrate Judge    8/22/12