Walker G. Harman, Jr. [WH-8044]
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
and JUANY GUZMAN, Each Individually, And On Behalf Of
All Other Persons Similarly Situated,

<em>Plaintiffs,</em>

-against-

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) a/k/a
YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, Individually,
JUDAH SCHLOSS, Individually,
and ZAIMI DUCHMAN, Individually

<em>Defendants.</em>

------------------------------------------------------------------------X



**12 CV 4339 (ALC)(JLC)**

**PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

## NATURE OF ACTION

1.    The individually named Plaintiffs (the "Plaintiffs") each allege on behalf of themselves, and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

216(b), that they are: (i) entitled to unpaid wages from the Defendants for overtime work for which they did not receive over time premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. The Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former New York City tri-state metropolitan area food delivery drivers, that they are entitled to back wages from the Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.*, the New Jersey Wage and Hour Law § 34:11-56(a)4, and the Connecticut Wage and Hour Law (Connecticut General Statutes) § 31-76(b).

## VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this proceeding to 28 U.S.C. §§ 1331, 1337, and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. The Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff, FERNANDO "FERN" HERNADEZ ("FERNANDEZ"), was, at all relevant times, an adult individual, residing in the State of New York.

7. Plaintiff, KENNETH "KENNY" ("CHOW"), was, at all relevant times, an adult individual, residing in the State of New York.

2

8. Plaintiff, BRYANT WHITE ("WHITE"), was, at all relevant times, an adult individual, residing in the State of New York.

9. Plaintiff DAVID WILLIAMS ("WILLIAMS") was, at all relevant times, an adult individual, residing in the State of New Jersey.

10. Plaintiff MARQUIS ACKLIN ("ACKLIN") was, at all relevant times, an adult individual, residing in the State of Connecticut.

11. Plaintiff TERESA JACKSON ("JACKSON") was, at all relevant times, an adult individual, residing in the State of Connecticut.

12. Plaintiff MICHAEL LATTIMORE ("LATTIMORE") was, at all relevant times, an adult individual, residing in the State of New York.

13. Plaintiff JUANY GUZMAN ("GUZMAN") was, at all relevant times, an adult individual, residing in the State of New Jersey.

14. Upon information and belief, THE FRESH DIET, INC., a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida corporation with offices at 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

15. Upon information and belief, THE FRESH DIET, INC. is a privately owned company that is engaged in the preparation and distribution of meals to customers in various states, including customers in New York, New Jersey and Connecticut.

16. Upon information and belief, THE FRESH DIET, INC.'s customers in the New York City tri-state metropolitan area, including customers located in New York, New Jersey and Connecticut, received and continue to receive meal deliveries originating from THE FRESH DIET INC.'s regional "kitchen" or food preparation facility at 192 Siegel Street, Brooklyn (Kings County), New York 11206.

17.     Upon information and belief, THE FRESH DIET, INC. advertises its products as
freshly and specially prepared, gourmet meals designed for health and nutrition conscious
consumers who are interested in received direct delivery of prepared meals each morning.

18.     THE FRESH DIET, INC.'S website, www.thefreshdiet.com, on its "How
It Works" page, describes the company's meal delivery service areas as follows:

> **SERVICE AREAS** – The Fresh Diet has state of the art kitchens
> in NY, LA, Miami, Chicago, Dallas and Toronto. **Our daily
> delivery service is currently available in the NY Tri-State area**,
> Boston, Philadelphia, Washington DC, Chicago, South and West
> Florida, Dallas / Ft. Worth, Houston, Los Angeles, San Diego, San
> Francisco and Toronto.

Bold and underscoring added in second sentence.

19.     THE FRESH DIET, INC.'S website, www.thefreshdiet.com, also on its
"How It Works" page, describes the company's daily food delivery service as follows:

> Our meals will arrive in our temperature controlled thermally
> insulated refrigerated cooler bags so your food is guaranteed fresh
> and cold when you receive it. Every day our little green bag will
> be waiting for you at your doorstep.

20.     Upon information and belief, THE FRESH DIET, INC. or one or more of its
closely-related affiliated named as corporate Defendants in paragraphs 21 to 34 was responsible
for managing the Plaintiffs, and was responsible for paying the Plaintiffs wages.

21.     Upon information and belief, LATE NIGHT COURIER EXPRESS SERVICES,
INC., a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida
corporation with offices at 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

22.     Upon information and belief, LATE NIGHT COURIER EXPRESS SERVICES
INC., a Defendant herein, is a business partner of Defendant THE FRESH DIET, INC.

23.     Upon information and belief, FRESH DIET EXPRESS CORP., a Defendant

4

herein, at all times hereinafter mentioned, was and remains, a Florida corporation doing business in the State of New York with offices at 192 Seigel Street, Brooklyn, New York, 11206.

24.     Upon information and belief, FRESH DIET EXPRESS CORP., a Defendant herein, is a business partner of Defendant THE FRESH DIET, INC.

25.     Upon information and belief, THE FRESH DIET - NY, INC., a Defendant herein, at all times hereinafter mentioned, was and remains, a New York corporation with offices at 332 Albany Avenue, 2nd Floor, Brooklyn, New York, 11213.

26.     Upon information and belief, THE FRESH DIET - NY, INC, a Defendant herein, is a business partner of Defendant THE FRESH DIET, INC.

27.     Upon information and belief, FRESH DIET GRAB & GO, INC., a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida corporation with offices at 1813 NE 123 ST, North Miami, Flordia, 33161.

28.     Upon information and belief, FRESH DIET GRAB & GO, INC., a Defendant herein, is a business partner of Defendant THE FRESH DIET, INC.

29.     Upon information and belief, YS CATERING HOLDINGS, INC., a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida corporation with offices located at 9429 Harding Avenue, Suite 34, Surfside, Florida 33154.

30.     Upon information and belief, YS CATERING HOLDINGS, INC., a Defendant herein, is a business partner of Defendant THE FRESH DIET, INC.

31.     Upon information and belief, YS CATERING, INC., a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida corporation with offices located 9429 Harding Avenue, Suite 34, Surfside, Florida 33154.

32.     Upon information and belief, YS CATERING, INC., a Defendant herein, is a

business partner of Defendant THE FRESH DIET, INC.

33.     Upon information and belief, FRESH DIET EXPRESS CORP., a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida corporation doing business in the State of New York with offices located 192 Seigel Street, Brooklyn, New York 11206.

34.     Upon information and belief, FRESH DIET EXPRESS CORP., a Defendant herein, is a business partner of Defendant THE FRESH DIET, INC.

35.     Upon information and belief, SYED HUSSAIN ("HUSSAIN"), an individual Defendant herein, was and is the New York Regional Delivery Manager of THE FRESH DIET, and was and is at all relevant times, the Plaintiffs' direct supervisor.  Upon information and belief, HUSSAIN manages the Plaintiffs from the FRESH DIET's regional "kitchen" or food preparation and distribution facility on Siegel Street in Brooklyn, NY.  Upon information and belief, HUSSAIN was and is directly responsible for establishing, altering and terminating the Plaintiffs' delivery routes and schedules in the New York City tri-state metropolitan area, including customer locations in New York, New Jersey and Connecticut, upon information and belief, Hussein also was, and is directly responsible for reprimanding and/or otherwise disciplining or punishing the Plaintiffs whenever he became or becomes dissatisfied with any aspect of their performance.

36.     Upon information and belief, JUDAH SCHLASS ("SCHLASS") is the Chief Operating Officer or COO of THE FRESH DIET.  Upon information and belief, defendant SCHLASS, as Chief Operating Officer of THE FRESH DIET, has the right to supervise, direct and control defendant HUSSAIN, the company's New York Regional Delivery manager.

37.     Upon information and belief, Defendant SCHLASS frequently personally visits the FRESH DIET food preparation facility in Brooklyn and has had direct involvement in the

6

management and operations of that facility including delivery operations.

38.     Upon information and belief, ZALMI DUCHMAN ("DUCHMAN") is the Chief Executive Officer or CEO of THE FRESH DIET. Upon information and belief, defendant DUCHMAN has the right to control all aspects of FRESH DIET's operations including the right to supervise, direct and control all persons employed by THE FRESH DIET, including defendants SCHLASS AND HUSSAIN.

39.     Defendant HUSSEIN, on behalf of Defendant THE FRESH DIET, and in his role as New York Regional Delivery Manager, directly controlled Plaintiffs' work schedules and conditions of employment, determined the rate and method of payment, and kept at least some records regarding their employment.

40.     All corporate and individual Defendants separately defined in ¶¶ 14-39 are hereinafter referred to as the "Defendants."

41.     Upon information and belief, the various closely-related corporate entities named as Defendants in paragraphs 21 to 34 are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals.

42.     Due to the close, indeed intimate, relationship between these various commonly owned and managed businesses, it has been difficult for the various individual Plaintiffs to identify with precision which specific entities may have employed or managed them at any particular point in time.

43.     In fact, on various occasions, certain of the individually named Plaintiffs have believed that they were employed by one of these closely-related companies, only to learn that that entity had denied employing them, and claimed that one of the other closely-related companies was or had been their employer.

44. Upon information and belief, the incorporation of numerous closely-related companies that were owned, controlled, and/or managed by the same core group of individuals was done deliberately to avoid liability and create confusion as to which entity was responsible for what.

45. Regardless of the various names, addresses, and states of incorporation of the various closely-related corporate Defendants, the individually named Plaintiffs considered themselves to be food delivery drivers for one single business enterprise.

46. As relatively low wage employees whose jobs required minimal skill and no specific educational background, the individually named Plaintiffs who were employed as food delivery drivers for a single business enterprise, could not readily have sorted out which specific corporate Defendant was their employer 'of record' and which was not.

47. Upon information and belief, Defendant HUSSEIN acted intentionally and maliciously, and is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is thus jointly and severally liable with the various other Defendants.

48. Defendant HUSSEIN'S home address is presently unknown to Plaintiffs but as THE FRESH DIET'S New York Regional Delivery Manager, his business address is the same as THE FRESH DIET'S New York regional food preparation and distribution facility: 192 Siegel Street, Brooklyn (King's County), New York.

49. Upon information and belief, Defendant SCHLASS acted intentionally and maliciously, and is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is thus jointly and severally liable with the various other Defendants.

50.     Defendant SCHLASS' home address is presently unknown to Plaintiffs but as Chief Operating Officer of THE FRESH DIET his business address is the same as Defendant THE FRESH DIET's corporate headquarters: 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

51.     Defendant DUCHMAN'S home address is presently unknown to Plaintiffs but as Chief Executive Officer of THE FRESH DIET his business address is the same as Defendant THE FRESH DIET's corporate headquarters: 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

## THE FLSA COLLECTIVE ACTION ALLEGATIONS

52.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant THE FRESH DIET as New York City tri-state metropolitan area food delivery employees at any time since in or about June 2009 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek (the "Collective Action Members").

53.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant THE FRESH DIET, upon information and belief, there are dozens of Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

54.     The Plaintiffs will fairly and adequately protect the interests of the Collective

Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. The Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

56. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to the Plaintiffs and other Collective Action Members are:

> a. Whether the Defendants employed the Collective Action Members within the meaning of the FLSA;
>
> b. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> c. Whether the Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;
>
> d. Whether the Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per

workweek, in violation of the FLSA and the regulations promulgated thereafter;

e.   Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.   Whether the Defendants should be enjoined from such violations of the FLSA in the future.

57.   The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## THE RULE 23 CLASS ACTION ALLEGATIONS

58.   The Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

59.   Plaintiffs brings their New York, New Jersey and Connecticut Labor Law and/or Wage and Hour Law claims on behalf of all persons who resided in one or more of those three states and who were employed as FRESH DIET food delivery drivers in the tri-state metropolitan tri-state area at any time since in or about June 2006 to the entry of judgment in this case (the "Class Period"), and who were misclassified by Defendant THE FRESH DIET as either exempt employees or independent contractors in violation of the of the New York, New Jersey, and Connecticut Labor and/or Wage and Overtime Laws and have not been paid overtime wages in violation of those laws and any regulations promulgated thereunder (the "Class").

60.     As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of members of the Class during the Class Period.

61.     The claims of the Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs typically lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and its senior management.

62.     The Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

63.     The individually named Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

64.     The Plaintiffs have the same interests in this matter as all other members of the Class and their claims are typical of the Class.

65.     There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

> a.     Whether the Defendants employed the members of the Class within the meaning of the New York, New Jersey and Connecticut Labor and/or Wage and Overtime Laws;

12

b.     Whether the Defendants' Tri-State Area food delivery drivers were improperly and uniformly misclassified as exempt or as independent contractors, in violation of the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

c.     What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.     Whether the Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

e.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and,

f.     Whether the Defendants should be enjoined from such violations of the New York, New Jersey and Connecticut Labor and/or Wage and Overtime Laws in the future.

66.     This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of the Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

67.     Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the

Class, which would establish incompatible standards of conduct for the Defendants who oppose the Class.

68.     Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.  The members of the Class have been damaged and are entitled to recovery as a result of the Defendants' common and uniform policies, practices, and procedure that violate the New York, New Jersey and Connecticut Labor and/or Wage and Overtime Laws.

## FACTUAL ALLEGATIONS

69.     The individually named Plaintiffs are or were employed as food delivery employees covering customer delivery routes in the tri-state New York metropolitan area for Defendant THE FRESH DIET or one of the related companies (collectively 'THE FRESH DIET') beginning in or about winter 2007 up to the present time.

70.     The individually named Plaintiffs work was performed in the normal course of Defendant THE FRESH DIET'S business and was integrated into the business of Defendant THE FRESH DIET.

**71.**     The work performed by the individually named Plaintiffs required limited skill or capital investment.  Their duties did not include managerial responsibilities or exercise of independent judgment.

72.     The individually named Plaintiffs often worked in excess of forty (40) hours a week, yet the Defendants willfully failed to pay them overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and the New York, New Jersey and

14

Connecticut Labor and/or Wage and Hour Laws and pertinent regulations promulgated thereunder.

73.     Throughout the individually named Plaintiffs tenures with Defendant THE FRESH DIET and, upon information and belief, both before that time and continuing until today, the Defendants have likewise employed other food delivery employees in the New York City tri-state metropolitan area like the Plaintiffs (the Collective Action Members/the Class). Like the Plaintiffs, they too did not have the authority to hire and fire other employees, and they are not responsible for making hiring and firing recommendations.

74.     Such individuals have worked in excess of forty (40) hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York, New Jersey and Connecticut Labor and/or Wage and Overtime Laws.

75.     As stated, the exact number of such individuals is presently unknown, but is within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

76.     Throughout all relevant time periods, upon information and belief, the Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

77.     During the course of the individually named Plaintiffs' own employment, and while the Defendants employed them and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

78.     The Defendants knew the nonpayment of overtime would economically damage Plaintiffs and violate the FLSA and the New York, New Jersey and Connecticut State Labor

and/or Wage and Hour Laws and regulations promulgated thereunder.

79.     The Plaintiffs will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

80.     The individually named Plaintiffs will also move the Court to order the Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former tri-state area food delivery employees of Defendant THE FRESH DIET.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Overtime

81.     The named Plaintiffs on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 80 as if they were set forth again herein.

82.     At all relevant times, the Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

83.     At all relevant times, the Defendants employed, and/or continued to employ, the Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

84.     Upon information and belief, at all relevant times, Defendant THE FRESH DIET has had annual gross revenues in excess of $500,000.

85.     The Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

86.     At all relevant times, the Defendants had a policy and practice of refusing to pay

overtime compensation to their New York City tri-state metropolitan area food delivery employees for their hours worked in excess of forty (40) hours per workweek.

87.     As a result of the Defendants' willful failure to compensate its New York City tri-state metropolitan area food delivery employees, including the individually named Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

88.     As a result of the Defendants' failure to record, report, credit and/or compensate its New York City tri-state metropolitan area food delivery employees, including the Plaintiffs and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

89.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

90.     At all relevant times, the Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

91.     Due to the Defendants' willful violation of the FLSA, the Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from the Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## New York State Labor Law - Failure to Pay Overtime

92.     Plaintiffs who lived and worked in New York during their employment, (the "New York Plaintiffs") on behalf of themselves and the members of the Class who lived in New York during the Class Period, reallege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

93.     At all relevant times, the New York Plaintiffs and all other members of the Class who resided in New York during the Class periods were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

94.     The Defendants willfully violated the New York Plaintiffs rights and the rights of the other members of the Class who lived in New York, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

95.     The Defendants' New York State Labor Law violations have caused the New York Plaintiffs and the other members of the Class who lived in New York during the Class Period, irreparable harm for which there is no adequate remedy at law.

96.     Due to the Defendants' New York State Labor Law violations, the New York plaintiffs and the other members of the Class who resided in New York during the Class Period are entitled to recover from the Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### THIRD CAUSE OF ACTION
### New Jersey Wage and Hour Law - Failure to Pay Overtime

97.     Plaintiffs who lived and worked in New Jersey during their employment, (the "New Jersey Plaintiffs") on behalf of themselves and the members of the Class who resided in New Jersey during the Class Period, reallege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

98.     At all relevant times, the New Jersey Plaintiffs and all other members of the Class who resided in New Jersey during the Class Period were employed by the Defendants within the meaning of the New Jersey Wage and Hour Law § 34:11-56(a) 4.

99.     The Defendants willfully violated the New Jersey Plaintiffs rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New Jersey Wage and Overtime Law and its applicable regulations.

100.    The Defendants' New Jersey Wage and Overtime Law violations have caused the New Jersey Plaintiffs and the other members of the Class who resided in New Jersey during the Class Period irreparable harm for which there is no adequate remedy at law.

101.    Due to the Defendants' New Jersey Wage and Hour Law violations, the New Jersey plaintiffs and the other members of the Class who resided in New Jersey during the Class Period are entitled to recover from the Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New Jersey Wage and Hour Law § 34:11-56(a).

## FOURTH CAUSE OF ACTION
### Connecticut Wage and Hour Law - Failure to Pay Overtime

102. Plaintiffs who lived and worked in Connecticut during their employment (the "Connecticut Plaintiffs"), on behalf of themselves and the members of the Class who resided in Connecticut during the Class Period, reallege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

103. At all relevant times, the Connecticut Plaintiffs and all other members of the Class who resided in Connecticut during the Class Period were employed by the Defendants within the meaning of Connecticut's Wage and Hour Law § 31-76(b).

104. The Defendants willfully violated the Connecticut Plaintiffs rights and the rights of the members of the Class who lived in Connecticut, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the Connecticut Wage and Hour Law and its applicable regulations.

105. The Defendants' Connecticut Wage and Hour Law violations have caused the Connecticut Plaintiffs and the other members of the Class who resided in Connecticut during the Class Period, irreparable harm for which there is no adequate remedy at law.

106. Due to the Defendants' Connecticut Wage and Hour Law violations, the Connecticut plaintiffs and the other members of the Class who resided in Connecticut during the Class Period are entitled to recover from the Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Connecticut Wage and Hour Law § 34:11-56(a).

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the individually named Plaintiffs demand a trial by jury on all issues raised in this action.

**WHEREFORE**, the individually named Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

> a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Class and appointing the individually named Plaintiffs and their counsel to represent the Class;

> b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing the individually named Plaintiffs and their counsel to represent the Collective Action Members;

> c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

> d. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies,

and patterns set forth herein;

e. An award of unpaid overtime compensation due under the FLSA and the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 26, 2012

By: _____
    Peter J. Andrews [PA-3295]
    Walker G. Harman, Jr., Esq. [WH-8044]
    THE HARMAN FIRM, P.C.
    *Attorneys for Plaintiffs*
    200 West 57th Street, Suite 900
    New York, New York 10019
    (212) 425-2600
    wharman@theharmanfirm.com


TO:    Jeffery Meyer, Esq.
       KAUFMAN, DOLOWICH, VOLUCK & GONZO LLP
       *Attorneys for The Fresh Diet, Inc. and Judah Schloss individually*
       135 Crossways Park Drive
       Woodbury, New York 11797
       (516) 681-1100
       jmeyer@kdvglaw.com