Jeffery A. Meyer
Yale Pollack
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE,
and JUANY GUZMAN, each individually, and on
behalf of all other persons similarly situated,

Case No. 12-CV-4339 (ALC)

**ANSWER TO FIRST AMENDED
CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiffs,

-against-

THE FRESH DIET, INC., LATE NIGHT EXPRESS
COURIER SERVICES, INC. (FL), FRESH DIET
EXPRESS CORP. (NY), THE FRESH DIET – NY
INC. (NY), FRESH DIET GRAB & GO, INC. (FL)
a/k/a YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL), FRESH DIET
EXPRESS CORP. (FL), SYED HUSSAIN,
Individually, JUDAH SCHLOSS, Individually, and
ZALMI DUCHMAN, Individually,

Defendants.

-------------------------------------------------------------X

The Defendants, THE FRESH DIET, INC., LATE NIGHT EXPRESS COURIER

SERVICES, INC. (FL), FRESH DIET EXPRESS CORP. (NY), THE FRESH DIET –

NY INC. (NY), FRESH DIET GRAB & GO, INC. (FL) a/k/a YS CATERING

HOLDINGS, INC. (FL) d/b/a YS CATERING, INC. (FL), FRESH DIET EXPRESS

CORP. (FL), SYED HUSSAIN, Individually, JUDAH SCHLOSS, Individually, and

ZALMI DUCHMAN, Individually (collectively "Defendants"), by their attorneys,

Kaufman Dolowich Voluck & Gonzo LLP, as and for their Answer to Plaintiffs' First Amended Class and Collective Action Complaint (hereinafter the "Subject Complaint"), set forth the following:

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFFS' NATURE OF ACTION

1. Defendants deny the allegations set forth in Paragraph 1 of the Subject Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Subject Complaint.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFFS' VENUE AND JURISDICTION

3. Defendants neither admit nor deny the allegations set forth in Paragraph 3 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

4. Defendants neither admit nor deny the allegations set forth in Paragraph 4 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

5. Defendants neither admit nor deny the allegations set forth in Paragraph 5 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFFS' THE PARTIES

6. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Subject Complaint.

7. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Subject Complaint.

8. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Subject Complaint.

9.      Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Subject Complaint.

10.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Subject Complaint.

11.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Subject Complaint.

12.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Subject Complaint.

13.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Subject Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Subject Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Subject Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Subject Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Subject Complaint.

18.     Defendants neither admit nor deny the allegations set forth in Paragraph 18 of the Subject Complaint; rather Defendant respectfully refers the Court to said document/website in question, the terms of which speak for itself.

19.     Defendants neither admit nor deny the allegations set forth in Paragraph 18 of the Subject Complaint; rather Defendant respectfully refers the Court to said document/website in question, the terms of which speak for itself.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Subject Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Subject Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Subject Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Subject Complaint.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Subject Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Subject Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Subject Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Subject Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Subject Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Subject Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Subject Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Subject Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Subject Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Subject Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Subject Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Subject Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Subject Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Subject Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Subject Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Subject Complaint.

40.     Defendants neither admits nor deny the allegations set forth in Paragraph 40 of the Subject Complaint, as they are not allegations of fact, but rather definitions.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Subject Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Subject Complaint.

43.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Subject Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Subject Complaint.

45.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Subject Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Subject Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Subject Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Subject Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Subject Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Subject Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Subject Complaint.

**AS AND FOR DEFENDANTS' RESPONSE**
**TO PLAINTIFFS' FLSA COLLECTIVE ACTION ALLEGATIONS**

52.     Defendants neither admit nor deny the allegations set forth in Paragraph 52 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.     To the extent the allegations in Paragraph 52 are allegations of fact, Defendants deny the allegations set forth in Paragraph 52 of the Subject Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Subject Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Subject Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Subject Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Subject Complaint.

57.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Subject Complaint.

**AS AND FOR DEFENDANTS' RESPONSE**
**TO PLAINTIFFS' RULE 23 CLASS ACTION ALLEGATIONS**

58.     Defendants neither admit nor deny the allegations set forth in Paragraph 58 of the Subject Complaint, as they are not allegations of fact, but rather claims for relief.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Subject Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Subject Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Subject Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Subject Complaint.

63. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Subject Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Subject Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Subject Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Subject Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Subject Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Subject Complaint.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFFS' FACTUAL ALLEGATIONS

69. Defendants deny the allegations set forth in Paragraph 69 of the Subject Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Subject Complaint.

71.     Defendants neither admit nor deny the allegations set forth in Paragraph 71 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Subject Complaint.

73.     Defendants neither admit nor deny the allegations set forth in Paragraph 73 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Subject Complaint.

75.     Defendants neither admit nor deny the allegations set forth in Paragraph 55 of the Subject Complaint, as they are not allegations of fact, but rather claims for relief.

76.     Defendants deny the allegations set forth in Paragraph 76 the Subject Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 the Subject Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 the Subject Complaint.

79.     Defendants neither admit nor deny the allegations set forth in Paragraph 79 of the Subject Complaint, as they are not allegations of fact, but rather claims for relief.

80.     Defendants neither admit nor deny the allegations set forth in Paragraph 80 of the Subject Complaint, as they are not allegations of fact, but rather claims for relief.

### AS AND FOR DEFENDANT'S RESPONSE
### TO PLAINTIFFS' FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Failure to Pay Overtime)

81.     Defendants, in response to Paragraph 81 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 80 of this Answer as though fully set forth herein.

82.     Defendants neither admit nor deny the allegations set forth in Paragraph 82 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

83.     Defendant neither admits nor denies the allegations set forth in Paragraph 83 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

84.     Defendants admit the allegations set forth in Paragraph 84 of the Subject Complaint.

85.     Defendants neither admit nor deny the allegations set forth in Paragraph 85 of the Subject Complaint; rather Defendants respectfully refer the Court to said document(s) in question, the terms of which speak for itself.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Subject Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Subject Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Subject Complaint.

89. Defendants deny the allegations set forth in Paragraph 89 of the Subject Complaint.

90. Defendants deny the allegations set forth in Paragraph 90 of the Subject Complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Subject Complaint.

**AS AND FOR DEFENDANTS' RESPONSE**
**TO PLAINTIFFS' SECOND CAUSE OF ACTION**
**(New York State Labor Law – Failure to Pay Overtime)**

92. Defendants, in response to Paragraph 92 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 91 of this Answer as though fully set forth herein.

93. Defendants neither admit nor deny the allegations set forth in Paragraph 93 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

94. Defendants deny the allegations set forth in Paragraph 94 of the Subject Complaint.

95. Defendants deny the allegations set forth in Paragraph 95 of the Subject Complaint.

96. Defendants deny the allegations set forth in Paragraph 96 of the Subject Complaint.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFFS' THIRD CAUSE OF ACTION
### (New Jersey Wage and Hour Law – Failure to Pay Overtime)

97.     Defendants, in response to Paragraph 97 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 96 of this Answer as though fully set forth herein.

98.     Defendants neither admit nor deny the allegations set forth in Paragraph 98 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Subject Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Subject Complaint.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Subject Complaint.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFFS' FOURTH CAUSE OF ACTION

102.    Defendants, in response to Paragraph 102 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 101 of this Answer as though fully set forth herein.

103.    Defendants neither admit nor deny the allegations set forth in Paragraph 103 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

104.    Defendants deny the allegations set forth in Paragraph 104 of the Subject Complaint.

105.     Defendants deny the allegations set forth in Paragraph 105 of the Subject Complaint.

106.     Defendants deny the allegations set forth in Paragraph 106 of the Subject Complaint.

## AS AND FOR DEFENDANT'S RESPONSE
## TO PLAINTIFFS' JURY DEMAND

Defendants deny that Plaintiffs are entitled to a jury trial to the extent that any claims stated herein are not otherwise triable to a jury.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENESES

Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

107.     Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

108.     To the extent that the period of time alluded to in Plaintiffs' Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C § 255 (a), or any similar state labor law, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

13

### THIRD AFFIRMATIVE DEFENSE

109. To the extent that Defendants' actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, New York Department of Labor, New Jersey Department of Labor and/or Connecticut Department of Labor, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### FOURTH AFFIRMATIVE DEFENSE

110. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, New York law, New Jersey law and/or Connecticut law, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### FIFTH AFFIRMATIVE DEFENSE

111. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA, New York law, New Jersey law and/or Connecticut law, including those provided for in 29 U.S.C §§ 207, 213. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

14

## SIXTH AFFIRMATIVE DEFENSE

112.    Defendants, at all times, acted in good faith to comply with the FLSA, New York law, New Jersey law and/or Connecticut law and with reasonable grounds to believe that their actions did not violate the FLSA, New York law, New Jersey law and/or Connecticut law, and Defendants assert a lack of willfulness or intent to violate the FLSA, New York law, New Jersey law and/or Connecticut law as a defense to any claim by Plaintiffs for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SEVENTH AFFIRMATIVE DEFENSE

113.    Plaintiffs do not satisfy any of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and, thus, this action cannot be maintained as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

114.    There being no appropriate class representative, Plaintiffs' collective and class action allegations must be stricken, and their collective and class action claims dismissed.

## NINTH AFFIRMATIVE DEFENSE

115.    This case may not be maintained as a collective action because Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, they cannot satisfy the requirements under 29 U.S.C. § 216.

## TENTH AFFIRMATIVE DEFENSE

116.    There are no employees of Defendants who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## ELEVENTH AFFIRMATIVE DEFENSE

117.     Plaintiffs are no "employees" of Defendants as defined by the FLSA and/or other applicable state labor laws.

118.     Defendants are not an "employer" of Plaintiffs as defined by the FLSA and/or other applicable state labor laws.

## TWELFTH AFFIRMATIVE DEFENSE

119.     Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiffs' Complaint, if any. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

120.     To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, unclean hands, and/or laches. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

121.     Even if Defendants, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in Plaintiffs' Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

122.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary to their principal activities or incidental to them. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

123.    Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

124.    Plaintiffs' New York Labor Law claims cannot, lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## NINETEENTH AFFIRMATIVE DEFENSE

106.    This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiffs' New York, New Jersey or Connecticut Labor Law claim.

## TWENTIETH AFFIRMATIVE DEFENSE

107. Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

108. Assuming *arguendo,* Defendant violated any provision of the FLSA or New York, New Jersey or Connecticut Labor Law, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

109. Assuming *arguendo*, Plaintiffs are entitled to recover additional compensation for themselves personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiffs and/or the purported class are appropriately limited thereby.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

110. Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claims due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

111. Plaintiffs lack standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

18

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

112.   Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of the stated claims.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

113.   Plaintiffs' Complaint fails to state facts sufficient to entitle Plaintiffs to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiffs beyond pure speculation, the failure to allege facts showing that Plaintiffs have no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

114.   To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

115.   To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrines of estoppel and

avoidable consequences to bar the claims asserted by the Plaintiffs. *See Brumbelow v. Quality Mills, Inc.,* 462 F.2d 1324, 1327 (5th Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

116.    To the extent Plaintiffs' New York Labor Law claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiffs are barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTIETH AFFIRMATIVE DEFENSE

117.    To the extent that Defendants are or were neither an "enterprise", nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

118.    The individual Defendants named in this action were not Plaintiffs' employer within the meaning of the FLSA or applicable state labor law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

119.    Plaintiffs were not entitled to any notice from Defendants pursuant to New York Labor Law § 195 because Plaintiffs commenced and concluded their employments with Defendants prior to the enactment of any such requirements, and even if Plaintiffs were not provided notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiffs under the

New York Labor Law. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

120. Plaintiffs' claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

121. Plaintiffs' Complaint is deficient and must be dismissed to the extent Plaintiffs have failed to fulfill jurisdictional or statutory prerequisites to suit. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

\*      \*      \*      \*

Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE**, it is respectfully requested that the Subject Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
November 19, 2012

Kaufman Dolowich Voluck & Gonzo LLP
*Attorneys for Defendants*

By:

Jeffery A. Meyer (JM-4468)
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

ND: 4818-2643-6625, v. 1