```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FERNANDO HERNANDEZ, et al.,

           Plaintiffs,

   - v.-

THE FRESH DIET INC., et al.,

           Defendants.
-----------------------------------------------------------X

MEMORANDUM ORDER

12 Civ. 4339 (ALC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The Court has received a letter from Plaintiffs dated November 14, 2012 requesting that their motion for collective action certification be reinstated and a hearing date be set because the parties have not been able to resolve their differences with respect to a proposed collective action notice (the "Notice"). In a letter dated November 15, 2012, Defendants oppose the reinstatement of the motion, and advise the Court that they are willing to forego litigating the motion and instead are amenable to proceeding directly to the determination of the form and content of the Notice. To that end, Defendants have provided the Court with their objections to certain specific language and terms incorporated in Plaintiffs' proposed Notice, and request that the Court consider the proposals submitted by the parties and then approve a notice that is acceptable to the Court. Given that it is both the most economical and the most expeditious way to proceed, the Court agrees to resolve the outstanding disputes regarding the proposed Notice on the present record. It is well-settled that "questions regarding the form and content of such notice are largely left to the Court's discretion." Diaz v. S & H Bondi's Dep't Store, Inc., No. 10 Civ. 7676 (PGG), 2012 WL 137460, at *6 (S.D.N.Y. Jan. 17, 2012) (citing cases). Accordingly, what follows are the Court's rulings on Defendants' five identified objections, as well as other issues

USDC SDNY
DATE SCANNED  11/21/12

related to those objections. For clarity's sake, in resolving the disputes between the parties, the Court will review each section of the proposed Notice in turn.

1.   WHY YOU ARE GETTING THIS NOTICE

Defendants wish to add "if any" to the second sentence of this Section so that it reads: "This notice is to tell you how your overtime rights, if any, under the Fair Labor Standards Act may be affected by this lawsuit." The Court does not believe this change is necessary given that language in other sections of the Notice makes clear that the lawsuit is about whether or not the potential opt-in Plaintiffs have overtime rights against the Defendants. It therefore rejects this proposed modification.

2.   DESCRIPTION OF THE LAWSUIT

Defendants object to the fact that the proposed Notice includes references to counsel for Plaintiffs' law firm in three different places, including in this Section (as well as in Sections 5 and 9). They contend that this is "superfluous" and "misleading" as it "connotes that opt-in Plaintiffs may not have the right to choose their own counsel."

The Court agrees that Plaintiffs' law firm does not need to be listed in three different places in the Notice. It is not necessary that the Plaintiffs' law firm be included in this Section (or in Section 9, as discussed below), and therefore the reference should be struck in this Section.

The Court rejects Defendants' proposal to eliminate the second full paragraph of this Section, as it is a proper description of the lawsuit. However, the Court agrees with all of Defendants' other proposed modifications and additions to this Section and directs that they be included in the Notice.[1] The Court notes that the addition of the sentence concerning

---

[1] I note that the sentence beginning "Federal overtime laws" should be further revised as follows to ensure consistency (changes noted in bold): "Federal overtime laws require that, when **employees** work more than 40 hours per week, **their** employer must pay **them** one and a half

2

"independent contractors," which Plaintiffs oppose, is nothing more than a statement of settled law. See, e.g., Magnoni v. Smith & Laquercia, LLP, 661 F. Supp. 2d 412, 415 (S.D.N.Y. 2009) ("independent contractors are exempt from overtime requirements"). While Plaintiffs may be correct that the question of whether or not the drivers and other food delivery personnel are independent contractors is a "fact-driven, complex misclassification issue," this fact does not militate against the inclusion of this statement of law. In an abundance of caution on this point, the Court also directs the following additional changes to Section 2: (1) the word "however," should be interposed in the sentence that Defendants have proposed to add in order to make clear its relationship to the prior sentence so that it reads: "Independent contractors, however, are not entitled to overtime from their employer under the Fair Labor Standards Act, regardless of the number of hours worked in any given week."; and (2) After the sentence, "The Court has not yet determined who is right and who is wrong," the following sentence should be added: "Specifically, the Court has not decided whether the former drivers and/or food delivery personnel are entitled to overtime, or are independent contractors who are not entitled to overtime." Those additions should ensure that potential opt-in Plaintiffs understand the scope of the lawsuit and the issues raised therein. A revised Section 2 is attached to this Memorandum Order to assist the parties.

Finally, the Court notes that while Defendants believe the inclusion of several of the newly-named Defendants is unnecessary, they agree that the issue of identifying the proper Defendants (as well as who is legally defined as an "employer" in these circumstances) will be

---

times **their** regular hourly pay rate for every hour over 40 in a week, unless **the employees are** properly classified as "exempt" from the overtime provisions of the Act."

3

addressed during discovery. Accordingly, the Court does not reach these issues at this time, and permits Plaintiffs to list all named Defendants in the Amended Complaint in the Notice.[2]

3.   WHO CAN JOIN THE LAWSUIT

The only change at issue in this Section is that Defendants propose that the reference be to Late Night Express, Inc. rather than to Fresh Diet. Given that the Defendants have agreed that the issue of identifying the proper Defendants will be addressed during discovery, the Court believes that it may be appropriate to list Fresh Diet as well as Late Night Express at this time, assuming that is what Plaintiffs prefer to do. This Section should be modified accordingly.

4.   YOU [sic] RIGHT TO JOIN THE LAWSUIT

There is a typographical error in the heading of this Section. It should be corrected to read "Your Right To Join The Lawsuit." As in Section 3, Defendants have proposed replacing the reference to Fresh Diet with Late Night Express, Inc. The Court again believes that it may be appropriate to list Fresh Diet as well as Late Night Express at this time, since the issue of the proper Defendants has not yet been resolved. This Section should be modified accordingly.

5.   HOW TO JOIN THIS LAWSUIT

It is essential that the Notice "state that participating plaintiffs may retain their own counsel." Diaz, 2012 WL 137460, at *7; see also Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450-51 (S.D.N.Y. 2011). Accordingly, Defendants' proposed language in this Section that opt-in Plaintiffs be advised that they "can join this lawsuit by representing yourself, retaining counsel of your own choosing, or being represented by Plaintiffs' attorneys," should be included in the Notice. The other proposed modifications offered by Defendants are

---

[2] Defendants have proposed that the caption of this suit be added to the top of the Notice so the parties' names are clear. Given that all of the Defendants' names are to be included in Section 2, there is no need to add the caption in the Notice.

consistent with giving opt-in Plaintiffs a choice with respect to their representation and should all be included as well.

In addition, while Defendants do not identify the issue in their letter to the Court, Defendants propose in their mark-up of the Notice that the consent forms be returned to the Court (whereas the proposed Notice provides for the consent forms to be returned to the office of Plaintiffs' counsel). As the Court in Diaz noted, 2012 WL 137460, at *8, courts in this District have split on the issue, with some requiring consent forms to be mailed to the Court because of concerns that a contrary ruling might discourage opt-in plaintiffs from retaining their own counsel, see, e.g., Hallissey v. Am. Online, Inc., 99 Civ. 3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008), and others approving notices that required consent forms be sent to plaintiffs' counsel, see, e.g., Anglada v. Linens 'N Things, Inc., No. 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511, at *10 (S.D.N.Y. Apr. 26, 2007). Like the Courts in Diaz and Hallissey, I conclude that the consent forms should be returned to the Clerk of the Court in order to ensure that opt-in Plaintiffs understand that they may choose their own counsel without being influenced by having to return the form to Plaintiffs' counsel. Diaz, 2012 WL 137460, at *8. Moreover, the consent forms should reflect the docket number of this action and permit recipients to indicate whether they agree to be represented by Plaintiffs' counsel or have decided to retain separate counsel (or represent themselves). Accordingly, all of Defendants' proposed changes in this Section should be incorporated in the Notice.

Finally, while the parties do not address the issue, the proposed Notice does not include a date by which the consent form must be returned. Many courts in this District have set a 60-day period, see Diaz, 2012 WL 137460, at *8 (collecting cases), and the Court is aware of no reason

why 60 days would be insufficient here. Accordingly, the approved Notice should require opt-in Plaintiffs to consent to join the action within 60 days of the mailing date of the Notice.

6.  NO RETALIATION IS ALLOWED

There is a typographical error in the first sentence of this Section. The word "the" immediately preceding the word "any" should be deleted.

7.  EFFECT OF JOINING THIS LAWSUIT

Defendants propose adding to this Section a sentence that informs opt-in Plaintiffs of potential discovery obligations that they may have while the suit is pending, including document production and depositions, and advise that Plaintiffs do not object to such language. While these obligations may well be ones that opt-in Plaintiffs will face, the Court does not believe it is necessary to include specific references to them in the Notice, and especially in the Section describing "the effect" of joining the suit. In fact, the Court believes the inclusion of such language may dissuade individuals from opting-in to the suit given the potential burdens they may be required to meet. This proposed language is thus rejected.

8.  NO LEGAL EFFECT IN NOT JOINING THIS SU IT

There are two typographical errors in this Section. In the first sentence, "chose" should be replaced with "choose." In the third sentence, "won" should be replaced by "own."

9.  FURTHER INFORMATION

This Section is superfluous given that the contact information for Plaintiffs' counsel is already provided in Section 5. The sentence in Section 5 may be amended to read: "If you have any questions about filling out or sending in the Consent Form, **or require further information**

**about this Notice or the lawsuit,** you may contact the Plaintiffs' lawyers." Section 9 is thus superfluous and should be deleted.

## CONCLUSION

The parties are directed to finalize a Notice consistent with this Memorandum Order and disseminate it no later than November 30, 2012. In addition, the parties are scheduled for a settlement conference on December 14, 2012 (with ex parte settlement letters due on December 7, 2012). If the parties do not wish to proceed with the settlement conference in light of the dissemination of the Notice, they must advise the Court no later than November 30, 2012 and propose an alternative schedule for settlement.

**SO ORDERED.**

Dated: November 21, 2012
New York, New York

JAMES L. COTT
United States Magistrate Judge

7

**ADDENDUM TO MEMORANDUM ORDER dated November 21, 2012**

Fernando Hernandez *et al.* v. The Fresh Diet, Inc., *et al.*, 12 Civ. 4339 (ALC) (JLC)

## 2. DESCRIPTION OF THE LAWSUIT

A lawsuit has been brought by Plaintiffs Fernando Hernandez, Kenneth Chow, Brian White, David Williams, Marquis Acklin, Cecelia Jackson, Teresa Jackson, Michael Lattimore and Juany Guzman against Defendants **The Fresh Diet, Inc., Late Night Express Courier Services, Inc. (FL), Fresh Diet Express Corp. (NY), The Fresh Diet – NY, Inc. (NY), Fresh Diet Grab & Go, Inc. (FL), Ys Catering Holdings, Inc. (FL), Ys Catering, Inc. (FL), Fresh Diet Express Corp. (FL), Syed Hussain, Judah Schloss and Zaimi Duchman** in the United States District Court for the Southern District of New York in Manhattan (the case number is 12 Civ 4339 (ALC) (JLC)).

The Plaintiffs worked for, on behalf of, or under the supervision of the Defendants as drivers and food delivery personnel within the tri-state New York City metropolitan area. In their lawsuit, they claim that Defendants did not pay overtime compensation to them or any other drivers and/or food delivery personnel for hours they worked in excess of 40 hours a week, and in fact had a policy of refusing to consider paying overtime compensation to such employees for hours worked in excess of 40 hours a week.

Federal overtime laws require that, when employees work more than 40 hours per week, their employer must pay them one and a half times their regular hourly pay rate for every hour over 40 in a week, unless the employees are properly classified as "exempt" from the overtime provisions of the Act. Independent contractors, however, are not entitled to overtime from their employer under the Fair Labor Standards Act, regardless of the number of hours worked in any given week.

The former drivers and/or food delivery personnel who are the lead Plaintiffs in the lawsuit claim that during their employment with, on behalf of, or under the supervision of the Defendants, they often worked more than 40 hours per week, but were not paid overtime at the rate of one and one-half times the hourly rate for the hours they worked in excess of 40. Plaintiffs are suing the Defendants under federal law for overtime pay. They are also asking for "liquidated damages" under the federal law (double the amount of allegedly unpaid wages) and attorney's fees.

Defendants deny that they have committed any wrongdoing and dispute the claims alleged in this lawsuit on numerous grounds.

The Court has not yet determined who is right and who is wrong. Specifically, the Court has not decided whether the former drivers and/or food delivery personnel are entitled to overtime, or are independent contractors who are not entitled to overtime.