**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
and JUANY GUZMAN, Each Individually, And On Behalf Of
All Other Persons Similarly Situated,

*Plaintiffs*,

-against-

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) a/k/a
YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, Individually,
JUDAH SCHLOSS, Individually,
and ZAIMI DUCHMAN, Individually

*Defendants*.

-------------------------------------------------------------------------X

**12 CV 4339 (ALC)(JLC)**

**DECLARATION OF WALKER G. HARMAN, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY CLASS ACTION CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

      **WALKER G. HARMAN, JR**, declares, pursuant to 28 U.S.C. § 1746, and subject to the penalties for perjury, that:

      1.    I am the founder of and principal attorney at The Harman Firm, PC ("The Harman Firm"), counsel for the Plaintiffs.  As such, I am fully familiar with the facts and circumstances of this action, the basis of my knowledge being the files and data maintained by my office and the time that I have spent working on this action.

      2.    I submit this Declaration in support of the Plaintiffs' Motion for Preliminary Class Action Certification pursuant to Fed. R. Civ. P. 23.

## EXHIBITS (INCLUDING EMPLOYEE AFFIDAVITS)

3.     Attached hereto as Exhibit A is an affidavit of Kenneth Chow ("Chow Aff."), a former employee of the Defendants, in support of Plaintiffs' Motion for Preliminary Class Action Certification, sworn to on February 1, 2013.  Exhibit A to Mr. Chow's affidavit is a revised list of the Defendants' delivery drivers who provided meal delivery services within the New York City tri-state metropolitan area within the past three (3) years that was produced by Defendants to Plaintiffs on December 21, 2012.  The list was provided by the Defendants in response to the Plaintiffs' Motion for Conditional Collective Action Certification under the Fair Labor Standards Act (the "FLSA").

4.     Attached hereto as Exhibit B is an affidavit of Fernando Hernandez ("Hernandez Aff."), a former employee of the Defendants, in support of Plaintiffs' Motion for Preliminary Class Action Certification, sworn to on February 1, 2013.  Exhibit A to the Hernandez Aff. is the same list that is attached as Exhibit A to the Chow Aff.

5.     Attached hereto as Exhibit C is an affidavit of Juany Guzman ("Guzman Aff."), a former employee of the Defendants, in support of Plaintiffs' Motion for Preliminary Class Action Certification, sworn to on February 5, 2013.  Exhibit A to the Guzman Aff. is the same list that is attached as Exhibit A to the Chow Aff.

6.     Attached hereto as Exhibit D is an affidavit of Theresa Jackson ("Jackson Aff."), a former employee of the Defendants, in support of Plaintiffs' Motion for Preliminary Class Action Certification, sworn to on January 25, 2013.

7.     Attached hereto as Exhibit E is an affidavit of Marquis Acklin ("Acklin Aff."), a former employee of the Defendants, in support of Plaintiffs' Motion for Preliminary Class Action Certification, sworn to on January 25, 2013.

8.     Attached hereto as Exhibit F is an affidavit of Fernando Hernandez ("Hernandez Retaliation Aff.") in support of a Motion for Injunctive Relief with respect to acts of retaliation directed against him by the Defendants, sworn to on July 9, 2012.

9.     Attached hereto as Exhibit G is an affidavit of Juany Guzman ("Guzman Retaliation Aff.") in support of a Motion for Injunctive Relief with respect to acts of retaliation directed against him by the Defendants, sworn to on July 9, 2012.

10.    Attached hereto as Exhibit H is an affidavit of Fernando Hernandez ("Hernandez Collective Action Aff.") in support of Plaintiffs' Motion for Preliminary or Conditional Collective Action Certification, sworn to on September 24, 2012.

11.    Attached hereto as Exhibit I is an affidavit of Juany Guzman ("Guzman Collective Action Aff.") in support of Plaintiffs' Motion for Preliminary or Conditional Collective Action Certification, sworn to September 24, 2012.

12.    Attached hereto as Exhibit J are excerpts from the Plaintiffs' First Amended Class and Collective Action Complaint filed with the Court on or about October 26, 2012.

13.    Attached hereto as Exhibit K is the Civil Docket for this action, obtained from PACER on February 7, 2013, at 10:00 AM EST.

14.    Attached hereto as Exhibit L is a Memorandum Order of Magistrate Judge James L. Cott dated November 21, 2012, including a Addendum to the Memorandum Order.

15.    Attached hereto as Exhibit M is an Order of Magistrate Judge James L. Cott dated December 4, 2012.

16.    Attached collectively hereto as Exhibit N is an e-mail from counsel from the Defendants to counsel for the Plaintiffs dated December 21, 2012 and the attachment which accompanied that e-mail.  That attachment is the same list of drivers attached as Exhibit A to the

Chow, Hernandez, and Guzman Affs.

17.    Attached hereto as Exhibit O is a January 4, 2013 letter to the Magistrate Judge

James L. Cott from Counsel for the Plaintiff, and endorsed by Judge Cott on January 9, 2013.

18.    Attached hereto as Exhibit P is a print-out from The Fresh Diet, Inc.,'s website,

accessed on February 7, 2013.

**THE HARMAN FIRM IS QUALIFIED TO SERVE
AS CLASS COUNSEL IN THIS CLASS ACTION**

**Background of Walker G. Harman, Jr., Founder of the Harman Firm**

19.    I graduated from the Fordham University School of Law ("Fordham Law School")

with a J.D. degree in 1999.  At Fordham Law School, I was a member of the Moot Court Board,

and the Criminal Defense Clinic.   I also was an editor of the Environmental Law Journal.

Additionally, I was President of the Fordham Student Sponsored Fellowship, where I was

charged with the distribution of hundreds of thousand of dollars in scholarship funds to students

to enable them work with not-for-profit organizations.   I also co-chaired the LGBT Students

Organization.

20.    While at Fordham Law School, I served as a Judicial Intern for the Honorable

Dennis Chin (S.D.N.Y.) and the Honorable Deborah Batts (S.D.N.Y.).   I spent a summer

interning for Judge Batts and a semester interning for Judge Chin.   Judge Chin was my legal

writing professor at Fordham Law School and I was selected to intern with him due to my

academic achievement in his class - I was one of only two (2) students to receive an A in his

class.

21.    I am admitted to the New York State Courts and the United States District Courts

for the Southern District of New York [WH-8044], the Eastern District of New York, and the

Northern District of Texas.   I also am admitted to the United States Court of Appeals for the

4

Second Circuit.

22.    I am an Adjunct Professor of Law at Fordham University School of Law and have held that position since 2008.

**The Harman Firm and Its Wage and Hour Collective and Class Action Practice**

23.    In 2003, after several years as an associate with a large international law firm where I specialized in complex commercial litigation, I formed my own practice, The Harman Firm. The Harman Firm focuses almost exclusively on employment law, including wage and hour litigation on behalf of employees.

24.    Over the past several years, The Harman Firm has successfully represented employees in dozens of complex wage and hour disputes, including collective actions based on the FLSA, as well as in actions arising out of the New York Labor Law (the "NYLL") .

25.    In late 2012, I settled in principle a case pending before this Court on a class action basis, alleging violations of the FLSA and the NYLL.  That action involved twenty (20) Plaintiffs and approximately one hundred (100) putative class action members.  If the settlement agreement that was reached by the Parties is so ordered by the Court, that action will recover approximately $750,000 in unpaid wages, exclusive of attorneys' fees.  *See Prude v. PTM Management Corp., et al., 10 Civ. 8122 (JPO)(HBP)(S.D.N.Y.).*

26.    In 2012, I also negotiated a settlement in principle in another case pending before the Hon. Judge Nina Gershon in the Eastern District of New York.  This action was also settled on a class action basis for nineteen (19) individuals.  The Parties are now in the process of submitting the plan for settlement that they have agreed to for the Court to endorse and so order. *See Nelson v. First Transit, Inc., 12 Civ. 4366 (NG)(RML)(E.D.N.Y.).*

27.    Also in 2012, I negotiated a settlement in a wage and hour litigation in which

several Plaintiffs received a total of more than $100,000 (one hundred thousand) dollars.  *See Uribe v. Women by Peter Elliot, et al. 11 CV 4316 (GBD)(S.D.N.Y.).*

**Background of Peter J. Andrews, Of Counsel to the Harman Firm**

28.   In approximately March 2012, attorney Peter J. Andrews joined The Harman Firm as a full-time "of counsel" attorney.

29.   Mr. Andrews now concentrates almost exclusively on wage and hour litigation arising out of the FLSA and the NYLL, and, along with me, serves as attorney of record in our firm's wage and hour collective and class actions.

30.   Mr. Andrews is a 1992 graduate of the Columbia University School of Law, where he was a Harlan Fiske Scholar.  Mr. Andrews is admitted to the New York and New Jersey State Courts.  He also is admitted to the United States District Courts for the Southern District of New York [PA-3295], the Eastern District of New York, and the District of New Jersey.  Mr. Andrews additionally is admitted to the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

31.   Mr. Andrews has over ten (10) years of experience as an attorney with large international law firms specializing in representing plaintiffs in complex multi-party commercial litigations.  Mr. Andrews additionally has served as a Complex Claims Director for an international insurance company and as an Assistant General Counsel for a risk management organization, where he specialized in managing employment practices claims.

**Current FLSA and NYLL Matters Being Handled by The Harman Firm**

32.   In addition to this action and the matters mentioned above, The Harman Firm currently has four (4) other wage and hour matters currently pending before this Court:

- *Walz et al., v. 44 & X, et al., 12 CV 5800 (CM)(AJP)(S.D.N.Y.),* in which an

6

FLSA collective action was preliminary certified by the Court, with approximately forty (40) potential opt-in Plaintiffs, and also in which NYLL claims have been asserted; we are in the process of moving for Rule 23 Class Action Certification in this matter as well;

- *Robledo et al., v. No. 9 Perfume Leasehold, et al., 12 CV 3579 (ALC)(JLC)(S.D.N.Y.)*, in which a motion for preliminary collective action certification under the FLSA is currently pending, and also in which NYLL claims have been asserted;

- *Pla et al., v. Renaissance Equity Holdings, L.L.C., et al., 12 CV 4339 (JMF)(S.D.N.Y.)*, in which a motion for preliminary collective action certification is currently pending, and in which NYLL claims have also been asserted; and,

- *Murphy v. Spray Force Systems, Inc., et al., 12 CV 3937 (PAC).*

## CLASS ACTION CERTIFICATION IS APPROPRIATE DUE TO THE NUMBER OF PUTATIVE PLAINTIFFS

33.   In addition to the many named Plaintiffs participating in this action, fourteen (14) additional Plaintiffs have thus far chosen to opt in thus far and the opt-in period for certain claimants does not end until February 19, 2013.  See docket entries 55, 56, 58, 59, 61, 67, 68, 69, 70, 71, 72, 73, 74, 75 (docket attached as Ex. K).  In order to accommodate a Plaintiff Class of this size, class action certification is appropriate.

## CLASS ACTION CERTIFICATION ALSO IS APPROPRIATE BECAUSE MANY CURRENT EMPLOYEES OF THE DEFENDANTS FEAR RETALIATION AND ALSO BECAUSE OF THE LONGER LIMITATIONS PERIOD UNDER THE NYLL

34.   Plaintiffs Juany Guzman and Fernando Hernandez have been retaliated against by Defendants for participating in this action, and have previously moved for injunctive relief based

on these acts of retaliation.  Their affidavits in support of this requested relief are attached as Exhibits F and G.

35.    Counsel for the Plaintiffs have received communications, including a recent call from telephone number (347) 975-6052, in which they were advised that one or more current employees of the Defendants witnessed these acts of retaliation, and are afraid to participate in this action by signing opt-in forms even though they would like to because they believe that they also will be retaliated against.

36.    Two (2) of the named Plaintiffs in this action have related to me that they personally have witnessed the retaliation against Guzman and Hernandez, and know of many employees who want to opt-in but are choosing not to because of fear of retaliation.

37.    Because of this pattern of retaliation and the fear of intimidation, preliminary class action certification is especially appropriate.   It is apparent that current employees of the Defendants are simply too afraid to affirmatively "opt-in" as Plaintiffs in the FLSA collective action portion of this lawsuit.

38.    Moreover, the FLSA collective action opt-in period covers a three (3) year period. Class certification pursuant to Fed. R. Civ. P. 23 is necessary to obtain relief for the full six (6) year period available under the NYLL.

39.    For the foregoing reasons, I believe that The Harman Firm is fully qualified to serve as counsel in this matter should it be certified as a class action pursuant to Fed. R. Civ. P. 23.

Dated:  New York, New York
        February 7, 2013

By:  _____s/_____
     Walker G. Harman, Jr. [WH-8044]
     THE HARMAN FIRM, PC
     *Attorneys for Plaintiff*
     200 West 57th Street, Suite 900
     New York, New York 10019
     (212) 425-2600