Walker G. Harman, Jr. [WH-8044]
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
and JUANY GUZMAN, Each Individually, And On Behalf Of
All Other Persons Similarly Situated,

*Plaintiffs,*

-against-

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) a/k/a
YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, Individually,
JUDAH SCHLOSS, Individually,
and ZAIMI DUCHMAN, Individually

*Defendants.*

------------------------------------------------------------------------X

12 CV 4339 (ALC)(JLC)

**PLAINTIFFS' FIRST
AMENDED CLASS AND
COLLECTIVE ACTION
COMPLAINT**

**PLAINTIFFS HEREBY
DEMAND A <u>TRIAL BY
JURY</u>**

**NATURE OF ACTION**

1.     The individually named Plaintiffs (the "Plaintiffs") each allege on behalf of

themselves, and other similarly situated current and former employees of the Defendants who

elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

216(b), that they are: (i) entitled to unpaid wages from the Defendants for overtime work for which they did not receive over time premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.     The Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former New York City tri-state metropolitan area food delivery drivers, that they are entitled to back wages from the Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.*, the New Jersey Wage and Hour Law § 34:11-56(a)4, and the Connecticut Wage and Hour Law (Connecticut General Statutes) § 31-76(b).

## VENUE AND JURISDICTION

3.     This Court has subject matter jurisdiction over this proceeding to 28 U.S.C. §§ 1331, 1337, and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     The Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.     Plaintiff, FERNANDO "FERN" HERNADEZ ("FERNANDEZ"), was, at all relevant times, an adult individual, residing in the State of New York.

7.     Plaintiff, KENNETH "KENNY" ("CHOW"), was, at all relevant times, an adult individual, residing in the State of New York.

17.     Upon information and belief, THE FRESH DIET, INC. advertises its products as freshly and specially prepared, gourmet meals designed for health and nutrition conscious consumers who are interested in received direct delivery of prepared meals each morning.

18.     THE FRESH DIET, INC.'S website, www.thefreshdiet.com, on its "How It Works" page, describes the company's meal delivery service areas as follows:

> **SERVICE AREAS** – The Fresh Diet has state of the art kitchens in NY, LA, Miami, Chicago, Dallas and Toronto. **Our daily delivery service is currently available in the NY Tri-State area**, Boston, Philadelphia, Washington DC, Chicago, South and West Florida, Dallas / Ft. Worth, Houston, Los Angeles, San Diego, San Francisco and Toronto.

Bold and underscoring added in second sentence.

19.     THE FRESH DIET, INC.'S website, www.thefreshdiet.com, also on its "How It Works" page, describes the company's daily food delivery service as follows:

> Our meals will arrive in our temperature controlled thermally insulated refrigerated cooler bags so your food is guaranteed fresh and cold when you receive it.  Every day our little green bag will be waiting for you at your doorstep.

20.     Upon information and belief, THE FRESH DIET, INC. or one or more of its closely-related affiliated named as corporate Defendants in paragraphs 21 to 34 was responsible for managing the Plaintiffs, and was responsible for paying the Plaintiffs wages.

21.     Upon information and belief, LATE NIGHT COURIER EXPRESS SERVICES, INC., a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida corporation with offices at 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

22.     Upon information and belief, LATE NIGHT COURIER EXPRESS SERVICES INC., a Defendant herein, is a business partner of Defendant THE FRESH DIET, INC.

23.     Upon information and belief, FRESH DIET EXPRESS CORP., a Defendant

4

workweek, in violation of the FLSA and the regulations promulgated thereafter;

e.   Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.   Whether the Defendants should be enjoined from such violations of the FLSA in the future.

57.   The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## THE RULE 23 CLASS ACTION ALLEGATIONS

58.   The Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

59.   Plaintiffs brings their New York, New Jersey and Connecticut Labor Law and/or Wage and Hour Law claims on behalf of all persons who resided in one or more of those three states and who were employed as FRESH DIET food delivery drivers in the tri-state metropolitan tri-state area at any time since in or about June 2006 to the entry of judgment in this case (the "Class Period"), and who were misclassified by Defendant THE FRESH DIET as either exempt employees or independent contractors in violation of the of the New York, New Jersey, and Connecticut Labor and/or Wage and Overtime Laws and have not been paid overtime wages in violation of those laws and any regulations promulgated thereunder (the "Class").

11

60.     As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of members of the Class during the Class Period.

61.     The claims of the Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs typically lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and its senior management.

62.     The Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

63.     The individually named Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

64.     The Plaintiffs have the same interests in this matter as all other members of the Class and their claims are typical of the Class.

65.     There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

      a.     Whether the Defendants employed the members of the Class within the meaning of the New York, New Jersey and Connecticut Labor and/or Wage and Overtime Laws;

b.    Whether the Defendants' Tri-State Area food delivery drivers were improperly and uniformly misclassified as exempt or as independent contractors, in violation of the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

c.    What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.    Whether the Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

e.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and,

f.    Whether the Defendants should be enjoined from such violations of the New York, New Jersey and Connecticut Labor and/or Wage and Overtime Laws in the future.

66.    This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of the Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

67.    Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the

Class, which would establish incompatible standards of conduct for the Defendants who oppose the Class.

68.    Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.  The members of the Class have been damaged and are entitled to recovery as a result of the Defendants' common and uniform policies, practices, and procedure that violate the New York, New Jersey and Connecticut Labor and/or Wage and Overtime Laws.

## FACTUAL ALLEGATIONS

69.    The individually named Plaintiffs are or were employed as food delivery employees covering customer delivery routes in the tri-state New York metropolitan area for Defendant THE FRESH DIET or one of the related companies (collectively 'THE FRESH DIET') beginning in or about winter 2007 up to the present time.

70.    The individually named Plaintiffs work was performed in the normal course of Defendant THE FRESH DIET'S business and was integrated into the business of Defendant THE FRESH DIET.

**71.**    The work performed by the individually named Plaintiffs required limited skill or capital investment.  Their duties did not include managerial responsibilities or exercise of independent judgment.

72.    The individually named Plaintiffs often worked in excess of forty (40) hours a week, yet the Defendants willfully failed to pay them overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and the New York, New Jersey and

14

## SECOND CAUSE OF ACTION
### New York State Labor Law - Failure to Pay Overtime

92.     Plaintiffs who lived and worked in New York during their employment, (the "New York Plaintiffs") on behalf of themselves and the members of the Class who lived in New York during the Class Period, reallege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

93.     At all relevant times, the New York Plaintiffs and all other members of the Class who resided in New York during the Class periods were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

94.     The Defendants willfully violated the New York Plaintiffs rights and the rights of the other members of the Class who lived in New York, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

95.     The Defendants' New York State Labor Law violations have caused the New York Plaintiffs and the other members of the Class who lived in New York during the Class Period, irreparable harm for which there is no adequate remedy at law.

96.     Due to the Defendants' New York State Labor Law violations, the New York plaintiffs and the other members of the Class who resided in New York during the Class Period are entitled to recover from the Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

18

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the individually named Plaintiffs demand a trial by jury on all issues raised in this action.

**WHEREFORE**, the individually named Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Class and appointing the individually named Plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing the individually named Plaintiffs and their counsel to represent the Collective Action Members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

d. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies,

and patterns set forth herein;

e.  An award of unpaid overtime compensation due under the FLSA and the New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

f.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to New York, New Jersey and Connecticut Labor and/or Wage and Hour Laws;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        October 26, 2012

                                    By: _____
                                        Peter J. Andrews [PA-3295]
                                        Walker G. Harman, Jr., Esq. [WH-8044]
                                        THE HARMAN FIRM, P.C.
                                        *Attorneys for Plaintiffs*
                                        200 West 57th Street, Suite 900
                                        New York, New York 10019
                                        (212) 425-2600
                                        wharman@theharmanfirm.com


TO:     Jeffery Meyer, Esq.
        KAUFMAN, DOLOWICH, VOLUCK & GONZO LLP
        *Attorneys for The Fresh Diet, Inc. and Judah Schloss individually*
        135 Crossways Park Drive
        Woodbury, New York 11797
        (516) 681-1100
        jmeyer@kdvglaw.com

23