UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,     Case No.:
BRYANT WHITE, DAVID WILLIAMS, MARQUIS     12-CV-4339 (ALC)(JLC)
ACKLIN, CECILIA JACKSON, TERESA JACKSON,
MICHAEL LATTIMORE, and JUANY GUZMAN, each
individually, and on behalf of all other persons similarly
situated,

                                        Plaintiffs,

    -against-

THE FRESH DIET, INC., LATE NIGHT EXPRESS
COURIER SERVICES, INC. (FL), FRESH DIET
EXPRESS CORP. (NY), THE FRESH DIET – NY INC.
(NY), FRESH DIET GRAB & GO, INC. (FL) a/k/a YS
CATERING HOLDINGS, INC. (FL) d/b/a YS CATERING,
INC. (FL), FRESH DIET EXPRESS CORP. (FL), SYED
HUSSAIN, Individually, JUDAH SCHLOSS, Individually,
and ZALMI DUCHMAN, Individually,

                                         Defendants.
-----------------------------------------------------------------X

## AFFIDAVIT IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

STATE OF NEW YORK      }
                                } SS.
COUNTY OF KINGS       }

YUDA SCHLASS, being duly sworn, does hereby depose and say:

1.     I am the Chief Operating Officer for The Fresh Diet, Inc. ("The Fresh Diet"), a named Defendant in the instant action. I respectfully submit this affidavit in opposition to Plaintiffs' motion for class certification.

2. I have been advised that class certification status appears inappropriate in this case as Plaintiffs have failed to set forth any admissible evidence of the various requirements mandated by Rule 23(a) and (b).

3. By way of brief background, Plaintiffs and putative class members were drivers for Late Night Express Courier Services, Inc. ("Late Night") in the Tri-State area.

4. The Fresh Diet cooks freshly prepared meals for its customers, and offers them the option to receive either daily or weekly meal plans. Temperature controlled meal bags are then delivered to the customers with the meals so that they are waiting for them at their residence.

5. The drivers would pick up the meals bags from The Fresh Diet's facility in Brooklyn. The earliest time the meal bags are ready to go out for delivery in the Tri-State area is 7:00 p.m. However, for those meals being delivered on New York City routes, the meals do not go out until 9:00 p.m.

6. The drivers would then drop off the meal bags and pick up the empty ones from customers on the delivery route. All deliveries are expected to be completed by 5:00 a.m.

7. Compensation for the drivers is based on the number of drop offs and/or mileages of their routes, which varies depending on whether they work in our outside New York City.

8. Plaintiffs and putative class members were hired as independent contractors by Late Night to deliver meals prepared by The Fresh Diet.

9. Based on the totality of the circumstances, I am advised drivers were properly classified as independent contractors because: (1) Late Night had a limited degree of control over the drivers; (2) the drivers used their own vehicles and all of their own tools and supplies to perform their deliveries (including maintaining their own insurance and expenses for the vehicles); (3) the tasks performed by the drivers required a degree of skill based on their driving and business management skills; (4) the duration of the relationship between the parties was terminable at any time by either party; and (5) while their services were integral to Defendants' operations, they were easily replaceable by other drivers to perform the tasks.

10. As well, Plaintiffs: (1) worked at their own convenience and, to the extent Late Night requested deliveries within a certain time frame, it was reasonable based on the nature of Fresh Diet's business; (2) were free to engage in any other employment for other companies; (3) they did not receive fringe benefits; (4) were not on Defendants' payroll and, of significant importance, treated themselves as independent contractors for tax purposes; and (5) were not on a fixed schedule.

11. At the very least, it appears that an individualized inquiry into the duties of each driver is required to determine whether that individual was properly classified as an independent contractor.

12. Based on the foregoing, class certification is inappropriate in this case.

Wherefore, it is respectfully submitted that Plaintiffs' motion for class certification be denied in its entirety and that Defendants be awarded such other relief as this Court deems just and proper.

*/s/ Y. Schlass*
YUDA SCHLASS

Sworn to before me this
12 day of June 2013

*/s/ Amna Ijaz*
Notary Public

ND: 4835-8892-5204, v. 1

Amna Ijaz
Notary Public, State of New York
Qualified in Kings County
No. 01IJ6252279
My Commission Expires December 05, 2015