UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

FERNANDO HERNANDEZ, KENNETH CHOW,                    Case No.:
BRYANT WHITE, DAVID WILLIAMS, MARQUIS               12-CV-4339 (ALC)(JLC)
ACKLIN, CECILIA JACKSON, TERESA JACKSON,
MICHAEL LATTIMORE, and JUANY GUZMAN, each
individually, and on behalf of all other persons similarly
situated,

                                Plaintiffs,

              -against-

THE FRESH DIET, INC., LATE NIGHT EXPRESS
COURIER SERVICES, INC. (FL), FRESH DIET
EXPRESS CORP. (NY), THE FRESH DIET – NY INC.
(NY), FRESH DIET GRAB & GO, INC. (FL) a/k/a YS
CATERING HOLDINGS, INC. (FL) d/b/a YS CATERING,
INC. (FL), FRESH DIET EXPRESS CORP. (FL), SYED
HUSSAIN, Individually, JUDAH SCHLOSS, Individually,
and ZALMI DUCHMAN, Individually,

                                Defendants.

------------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23


KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*
By: Jeffery A. Meyer, Esq.
Yale Pollack, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................... 1

RELEVANT PROCEDURAL BACKGROUND ......................................................................... 3

STATEMENT OF FACTS .......................................................................................................... 3

ARGUMENT ............................................................................................................................... 4

    Standard for Class Certification under Rule 23 ................................................................... 4

POINT I ....................................................................................................................................... 6

    Plaintiffs Have Failed to Meet Their Burden of Proof Under Rule
    23(A) of the Federal Rules of Civil Procedure .................................................................. 6

        a.  Commonality and Typicality ...................................................................................... 6

        b.  Adequacy .................................................................................................................. 12

POINT II ..................................................................................................................................... 15

    Plaintiffs' Allegations Do No Support A Rule 23(B)(3) Class
    Because Any Analysis of Class-Wide Liability Will Require A
    Burdensome, Individualized Inquiry ............................................................................... 15

        a.  Questions of Law and Fact Common To The Class Generally
            Do Not Predominate Over Questions Affecting Plaintiffs
            Specifically ............................................................................................................... 16

        b.  A Class Action is Not A Superior Method of Adjudicating
            Class Claims .............................................................................................................. 20

CONCLUSION ........................................................................................................................... 22

## TABLE OF AUTHORITIES

<u>CASES</u>                                                          <u>PAGE NO.</u>

*Amchem Products, Inc. v. Windsor*
 521 U.S. 591 (1997)............................................................................................ 6, 16, 18

*Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*
238 F.R.D. 82 (S.D.N.Y. 2006) ...................................................................................... 7

*Bakalar v. Vavra*
237 F.R.D. 59 (S.D.N.Y. 2006) .................................................................................... 17

*Barfield v. New York City Health and Hospitals Corp.*
537 F.3d 132 (2d Cir. 2008) ........................................................................................... 8

*Brown v. Kelly*
609 F.3d 467 (2d Cir. 2010) ........................................................................................... 5

*Browning v. Ceva Freight, LLC*
885 F. Supp.2d 590 (E.D.N.Y. 2012) ...................................................................... 9, 11

*Caridad v. Metro-North Commuter R.R.*
191 F.3d 283 (2d Cir. 1999)....................................................................................... 4, 6

*Comcast Corp. v. Behren*
 __ U.S. __, 133 S. Ct. 1426 (2013).............................................................................. 18

*Deboissiere v. American Modification Agency*
No. 09 Civ. 2316, 2010 U.S. Dist. LEXIS 113776 (E.D.N.Y. Oct. 22, 2010) ............. 8-10, 12, 17

*Dunnigan v. Metro. Life Ins. Co.*
214 F.R.D. 125 (S.D.N.Y. 2003) .............................................................................20-21

*Edwards v. Publishers Circulation Fulfillment, Inc.*
268 F.R.D. 181 (S.D.N.Y. 2010) ................................................................................. 17

*Espenscheid v. DirectSat USA, LLC*
705 F.3d 770 (7th Cir. 2013) ...................................................................................19-20

*Flag Telecom Holdings, Ltd. Sec. Litig.*
574 F.3d 29 (2d Cir. 2009)............................................................................................. 5

*Gardner v. Western Beef Properties, Inc.*
No. 07 Civ. 2345, 2011 U.S. Dist. LEXIS 146467........................................................ 17

*General Tel. Co. v. Falcon*
457 U.S. 147 (1982) ............................................................................................................ 4

*Godoy v. Rest. Opportunity Ctr. Of N.Y., Inc.*
615 F. Supp.2d 186 (S.D.N.Y. 2009) ................................................................................. 8

*Heerwagen v. Clear Channel Communs.*
 435 F.3d 219 (2d Cir. 2006)............................................................................................... 5

*Initial Pub. Offerings Sec. Litig.,*
471 F.3d 24 (2d. Cir. 2006).............................................................................................4-6

*In re Nassau County Strip Search Cases*
461 F.3d 219 (2d Cir. 2006)............................................................................................. 16

*Jones v. Ford Motor Credit Co.*
No. 00 Civ. 8330 (RJH) (KNF), 2005 U.S. Dist. LEXIS 5381 (S.D.N.Y. Mar. 31, 2005) ......... 12

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*
211 F.R.D. 228 (S.D.N.Y. 2002) ..................................................................................... 17

*Levinson v. Primedia*
No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003) .................... 6

*Lewis v. National Financial Systems, Inc.*
No. 06 Civ. 1308, 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007) .............................. 15

*Mike v. Safeco Ins. Co. of Am.*
274 F. Supp.2d 216 (D. Conn. 2003)................................................................................ 18

*Moore v. PaineWebber, Inc.*
306 F.3d 1247 (2d Cir. 2002) ..................................................................................... 12, 16

*Myers v. Hertz Corp.*
624 F.3d 537 (2d Cir. 2010) ........................................................................................ 5, 16

*Myers v. Hertz Corp.*
No. 02 Civ. 4325, 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. July 24, 2007) ........................... 7, 17

*Noble v. 93 University Place Corp*
224 F.R.D. 330 (S.D.N.Y. 2004) ....................................................................................... 7

*Palmer Kane LLC v. Scholastic Corp.*
No. 11 Civ. 7456 (KBF), 2012 U.S. Dist. LEXIS 100812 ........................................................ 16

*RBS Citizens, N.A. v. Ross*
__ U.S. __, 133 S. Ct. 1722 (2013) ........................................................................... 19

*Robidoux v. Celani*
987 F.2d 931 (2d Cir. 1993)......................................................................................... 7

*Shayler v. Midtown Investigations, Ltd*
No. 12 Civ. 4685 (KBF), 2013 U.S. Dist. LEXIS 29540 (S.D.N.Y. Feb. 27, 2013) ............. 10, 12

*Spann v. AOL Time Warner, Inc.*
219 F.R.D. 307 (S.D.N.Y. 2003) ...................................................................... 7, 12, 16

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*
546 F.3d 196 (2d. Cir. 2008)........................................................................................ 4

*Toure v. Central Parking Systems of New York*
No. 05 Civ. 5237 (WHP), 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007) ................ 17

*Velu v. Velocity Express, Inc.*
666 F. Supp. 2d 300 (E.D.N.Y. 2009) ......................................................................... 8

*Vengurlekar v. Silverline Techs.*
220 F.R.D. 222 (S.D.N.Y. 2003) ......................................................................... 5, 7, 16

*Visa Check/Mastermoney Antitrust Litig.*
280 F.3d 124 (2d Cir. 2001)....................................................................................... 16

*Wal-Mart Stores, Inc. v. Dukes*
__ U.S. __, 131 S. Ct. 2541 (2011) ............................................................... 1, 4, 6, 12

*Xuedan Wang v. Hearst Corp.*
No. 12 Civ. 793 (HB), 2013 U.S. Dist. LEXIS 65869 (S.D.N.Y. May 8, 2013) ............... 5, 18, 21

## STATUTES

Fair Labor Standards Act .......................................................................... passim

Fed. R. Civ. P. 23........................................................................................ passim

New York Labor Law .................................................................................. passim

## PRELIMINARY STATEMENT

Defendants respectfully submit this Memorandum of Law, with the supporting affirmation, and affidavits and exhibits annexed thereto, in opposition to Plaintiffs' motion to preliminary certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Plaintiffs' class action claims are premised on their contention that they were misclassified as independent contractors while performing delivery services for Defendants and, therefore, should have been paid overtime under federal and state law. For the reasons set forth below, Plaintiffs have failed to satisfy Rule 23(a)'s commonality, typicality, and adequacy requirements, as well as Rule 23(b)(3)'s predominance and superiority requirements. Glaringly absent from Plaintiffs' moving papers is a citation to a single post- *Wal-Mart v. Dukes* case demonstrating that class certification in this action is proper.

Initially, nowhere in Plaintiffs' moving papers do they define the class of individuals they are seeking to certify a class on behalf of. In their Complaint, Plaintiffs allege claims for relief under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), but also seeks relief under New Jersey and Connecticut Wage and Hour Law. The Complaint seeks relief for residents of New Jersey under New Jersey Wage and Hour Law (*Complaint,* ¶¶*77-81*), and for residents of Connecticut under Connecticut's Wage and Hour Law (*Complaint,* ¶¶*82-86*). Yet, Plaintiffs' class motion only addresses relief under the NYLL which, according to their Complaint, is only being sought on behalf of New York residents (*Complaint,* ¶¶*72-76*). The failure of Plaintiffs to even define the individuals that would comprise of their purported class warrants a denial of their motion.

1

Moreover, Plaintiffs' instant Rule 23 motion improperly operates on the premise that the same evidence by which the Court may find them to be "similarly situated" under the FLSA is also sufficient to satisfy the requirements of Rule 23. However, as the Supreme Court has confirmed, the Rule 23 standard is much more rigorous, and Plaintiffs fail to satisfy the applicable class certification requirements for several reasons. Plaintiffs' support for their motion – consisting of conclusory allegations in an attorney affirmation and five affidavits – fails to address Plaintiffs' rigorous burden to show commonality, typicality, adequacy, superiority or predominance as required by Rule 23.

As discussed herein, Plaintiffs have not submitted any evidence in support of their claims and, therefore, have not met their substantial burden of proof. Contrary to Plaintiffs' assertions and allegations, based on the applicable caselaw, it is clear that the claims in question are fundamentally individual in nature. Specifically, whether each driver was properly classified as an independent contractor requires an individual analysis under both the FLSA's economic realities test and the NYLL's control test. As the determination of liability in this case necessarily requires an individual, fact-specific analysis for each Plaintiff, opt-in Plaintiff and potential class member, there is no commonality, typicality or predominance of class issues.

Accordingly, Plaintiffs' motion for class certification should be denied.

2

## RELEVANT PROCEDURAL BACKGROUND

On or about November 21, 2012, the Court issued an Order to disseminate notice to putative collective action members no later than November 30, 2012. *See ECF Docket No. 50.* Ultimately, the deadline for putative collective action members to opt-in the action was February 19, 2013. *See ECF Docket No. 60.* There are twenty-nine Plaintiffs as part of the collective action.

To date, the parties have engaged in extensive paper discovery. No depositions have been conducted as of yet.

While paper discovery was being exchanged, Plaintiffs filed the instant motion for preliminary class certification.

## STATEMENT OF FACTS

For a full recitation of the facts in support of Defendants' opposition to Plaintiffs' motion for class certification, the Court is respectfully referred to the accompanying Declaration of Yale Pollack, dated June 14, 2013, with the Affidavit of Yudah Schlass, sworn to June 12, 2013, and Syed Hussain, sworn to June 13, 2013.

3

## ARGUMENT

### STANDARD FOR CLASS CERTIFICATION UNDER RULE 23

Plaintiffs moving for class certification under Rule 23 must demonstrate all of the requirements of Rule 23(a) and one of the three categories of Rule 23(b), by a preponderance of the evidence, and the Court is required to "undertake a 'rigorous analysis'" to determine whether class certification is proper, as "Rule 23 does not merely set forth a pleading standard." *Wal-Mart Stores, Inc. v. Dukes,* __ U.S. __, 131 S. Ct. 2541, 2551 (2011); *In re Initial Pub. Offerings Sec. Litig.,* 471 F.3d 24, 33 (2d. Cir. 2006). Specifically, Plaintiffs bear the burden of establishing that all of the requirements for a class action under Rule 23(a) – commonality, typicality, numerosity, and adequacy of representation – have been satisfied through evidence and not through unfounded allegations. *See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 202 (2d. Cir. 2008); *General Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982); *Caridad v. Metro-North Commuter R.R.,* 191 F.3d 283, 291 (2d Cir. 1999); Fed. R. Civ. P. 23(a).

As set forth above, Rule 23(a) provides four prerequisites to class certification. A court may certify a class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Novella v. Westchester County,* 661 F.3d 128, 149 (2d Cir. 2011).

The Second Circuit has set forth the following guidelines regarding class certification:

(1) [A] district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met;

(2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met;

(3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement; [and]

(4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement . . . .

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 34 (2d Cir. 2009) (*quoting In re IPO*, 471 F.3d at 41). A proponent of class certification must meet the Rule 23 requirements by a "preponderance of the evidence." *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010); *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010); *Xuedan Wang v. Hearst Corp.*, No. 12 Civ. 793 (HB), 2013 U.S. Dist. LEXIS 65869, at *16 (S.D.N.Y. May 8, 2013).

In addition to the elements of Rule 23(a), Plaintiffs must also satisfy one of the elements of Rule 23(b). *Heerwagen v. Clear Channel Communs.*, 435 F.3d 219, 225-26 (2d Cir. 2006). Plaintiffs have chosen to move for certification under Rule 23(b)(3), requiring them to show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* (*quoting* Fed. R. Civ. P. 23(b)(3)). Plaintiffs bear the burden of establishing each requirement for class certification. *Vengurlekar v. Silverline Techs.*, 220 F.R.D. 222, 226 (S.D.N.Y. 2003).

## POINT I

## PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF PROOF UNDER RULE 23(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In the instant case, Plaintiffs cannot satisfy the requirements of Rule 23(a).  Plaintiffs moving papers essentially comprise of a treatise on class certification, with absolutely no effort to apply the facts of this case to the law.  In other words, Plaintiffs are treating their class motion on a pleading standard, at best, which, as set forth in *Dukes*, is not sufficient for a Court to grant class certification.  *Dukes*, 131 S. Ct. at 2551.  Notably, the requirements to grant class certification under Rule 23 are much more rigorous than the "similarly situated" standard that applies to FLSA collective actions.  *Levinson v. Primedia*, No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, at *3-4 (S.D.N.Y. Nov. 6, 2003).

The critical issue in this case is whether Plaintiffs and putative class members were properly classified as independent contractors by Late Night and, therefore, not entitled to overtime.  That issue, in turn, depends on the economic realities test under the FLSA and control test under the NYLL, which require an individualized inquiry into each individual drivers' duties, and control exercised over the driver by the putative employer.

As the putative class cannot meet each of the Rule 23 requirements, each of which Plaintiffs have the burden of proving, Plaintiffs' motion for class certification should be denied.  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *In re IPO*, 471 F.3d at 41.

### a.    Commonality and Typicality

Subsection (a)(2) of Rule 23 requires that there be "questions of law or fact common to the class," and (a)(3) requires that the "claims or defenses of the representative parties are typical" of the class.  As a practical matter, the two requirements merge in the Second Circuit's inquiry.  *See Caridad,* 191 F.3d at 291.  The commonality and typicality requirements are

6

satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993).

The commonality requirement requires Plaintiffs to prove that the action raises issues of law or fact common to the proposed class. *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 316 (S.D.N.Y. 2003). Similarly, typicality focuses on the relationship of facts and issues between the class and its representatives. The common question must be "at the core of the cause of action alleged," and must be susceptible to "generalized proof." *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y. 2004); *Vengurlekar,* 220 F.R.D. at 227-30. Moreover, courts require more than self-serving affidavits, and a plaintiff generally must provide either statistical or anecdotal evidence in order to demonstrate commonality and/or typicality. *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82 (S.D.N.Y. 2006). Plaintiffs have done of the preceding.

The basic issue in this case is whether Plaintiffs were entitled to overtime, which, in turn, depends on whether the drivers for Late Night were properly classified as independent contractors. This is exactly the type of question that would require a "fact-intensive inquiry into each potential plaintiff's employment status" under the NYLL and, thus, preclude certification of a class. *Myers v. Hertz Corp.*, No. 02 Civ. 4325, 2007 U.S. Dist. LEXIS 53572, *12 (E.D.N.Y. July 24, 2007).

To decide whether any the drivers were properly classified as independent contractors, the fact-finder will have to review the tests under both the FLSA and NYLL, which are both fact-intensive and individual inquiries.

7

"Under the FLSA, the question of whether an employee-employer relationship exists is one of 'economic reality.'" *Velu v. Velocity Express, Inc.*, 666 F. Supp. 300, 305 (E.D.N.Y. 2009) (*citing Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). Federal courts analyze five factors to distinguish employees from independent contractors, being:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Godoy v. Rest. Opportunity Ctr. Of N.Y., Inc.*, 615 F. Supp.2d 186, 192-93 (S.D.N.Y. 2009) (*citing United States v. Silk*, 331 U.S. 704, 716 (1947)). A worker's status as an employee or independent contractor under the FLSA is "a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances . . . ." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008).

In addressing the NYLL, as set forth in *Deboissiere v. American Modification Agency*, No. 09 Civ. 2316, 2010 U.S. Dist. LEXIS 113776 (E.D.N.Y. Oct. 22, 2010):

> Under New York law, a person's status as an employee or an independent contractor is a fact-intensive inquiry that depends upon factors such as whether the person: (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule. *Bynog v. Cipriani Group, Inc.*, 1 N.Y.3d 193, 198, 802 N.E.2d 1090, 1093, 770 N.Y.S.2d 692, 695 (N.Y. 2003); *Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 307-08 (E.D.N.Y. 2009). In addition, it is a "significant consideration" if the person classifies himself or herself as an independent contractor for income tax purposes. *Gagen*, 27 A.D.3d at 1043-44, 812 N.Y.S.2d at 690-91. Indeed, though not quite rising to the level of estoppel, if a plaintiff signs a tax return "under penalty of perjury" that declares independent contractor status and seeks "numerous deductions for business purposes associated with independent contractor status, such as travel, entertainment, lodging, supplies, telephone and depreciation of business assets,"

8

> such a tax return may significantly impede the plaintiff's ability to claim employee status for purposes of filing an overtime or minimum wage claim. Id.

*Id.* at 8-9; *see also Browning v. Ceva Freight, LLC*, 885 F. Supp.2d 590 (E.D.N.Y. 2012).[1]

In *Deboissiere*, the court, *sua sponte*, denied the plaintiffs' **unopposed** class certification motion, stating the following:

> The Court is mindful that, at this stage, the relevant inquiry considers whether common questions predominate over individualized issues, not the merits of Plaintiffs' claims. And it is true that, notwithstanding whether they support or weaken Plaintiffs' claims, Plaintiffs have at least shown that three factors are subject to common proof. **But, given that certain factors suggest an employment relationship while other factors reflect a legitimate independent contractor classification, any particular proposed class member's status might be a close question that depends upon the "significant consideration" of how the proposed class member defined himself or herself on tax returns, and whether the class member sought tax benefits associated with independent contractor status.** *Gagen*, 27 A.D.3d at 1043-44, 812 N.Y.S.2d at 690-91. **So this single important individualized issue might prove outcome determinative for many, if not all, of the proposed class members.** *See generally In re Worldcom Inc.*, 343 B.R. 412, 426 (S.D.N.Y. Bnkr. 2006) (denying certification based upon the single individualized issue of reliance, because that issue was an "essential element" of the claims); *see also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 937-38 (9th Cir. 2009) (affirming denial of class certification in case involving similar factual allegations, but asserting California state law claims). Moreover, Plaintiffs have submitted nothing at all concerning two of the factors: (2) whether the proposed class members had freedom to engage in other employment; and (5) whether they worked a fixed schedule. **Thus, Plaintiffs have not shown that these factors depend upon common instead of individualized questions. Nor have Plaintiffs provided any policy or personnel documents to otherwise supplement their allegations of an employment**

---

[1] In *Browning*, Judge Spatt held that drivers who performed pick-ups and drop offs for the defendant were properly classified as independent contractors under both the FLSA and NYLL, despite the fact that the drivers were required to: (1) cover their vehicles with the defendant's logo; (2) wear the defendant's uniforms while working; (3) work within the parameters of the schedule provided to them by the dispatcher and follow the decisions by the dispatcher; (4) remain in constant contact with the defendants by using a cellular device tied to the defendants' computer system; and (5) attend monthly meetings. *Browning*, 885 F. Supp.2d at 611.

> **relationship between Defendants and the proposed class members.**

*Id.* at 10-11 (emphasis supplied).

More recently, this Court denied class certification of a class of individuals who claimed they were improperly classified as independent contractors. In *Shayler v. Midtown Investigations, Ltd.*, No. 12 Civ. 4685 (KBF), 2013 U.S. Dist. LEXIS 29540 (S.D.N.Y. Feb. 27, 2013), a post- *Dukes* decision, the Court held, *inter alia*, that the plaintiffs failed to demonstrate, aside from conclusory allegations, that: (a) their claims were typical of other class members; (b) they had an adequate class representative; (c) common questions predominated over individualized ones; or (d) a class action was the superior method of adjudicating the claims. *Id.* at *24-30.

At bar, Plaintiffs merely set forth conclusory allegations of their alleged employee status, but do not address each factor considered by the Court under the NYLL's control test. Critically, not one Plaintiff discusses how they treated themselves for tax purposes, which, as Judge Seybert held in *Deboissiere*, would be an issue, in and of itself, to deny class certification.

In addition, Plaintiffs do not state that they were: (1) on The Fresh Diet or Late Night's (or any other Defendants') payroll; (2) not free to engage in other employment; or (3) received fringe benefits from Defendants. To the extent Plaintiffs' papers could be read to argue that they were unable to work at their own convenience and/or were on fixed schedule, such arguments are belied by the affidavits submitted herewith and the Independent Contractor Agreement.

The Independent Contractor Agreement expressly states that:

> This Agreement shall not render the Contractor an employee, partner, agent of, or joint venture with [Late Night] for any purpose. The Contractor is and will remain and independent contractor in his or her relationship to the Company. The Company shall not be responsible for withholding taxes with

> respect to the Contractor's compensation hereunder. The Contractor shall have no claim against the Company hereunder or otherwise for vacation pay, sick leave, retirement benefits, social security, worker's compensation, health or disability benefits, unemployment insurance benefits, or employee benefits of any kind.

*See Schlass Aff., Ex. "B," ¶11.*

Furthermore, the Independent Contractor Agreement states that: (a) either Late Night or the driver is entitled to terminate the relationship at any time (*¶11*); (b) the drivers are required to provide their own automobile insurance (*¶12*); (c) the drivers are "expressly free to perform services for other parties while performing services for [Late Night]" (*¶7*); and (d) drivers are paid per mile and/or stop (Schedule A). *See Schlass Aff., Exs. "A" and "B."*

To the extent Plaintiffs argue that they considered their position with Late Night as a full-time job, or that they had no time to perform other work, this does not support their position that they were employees. As set forth in *Browning*, "the Court finds that the Plaintiffs could perform work for other companies, even if it was practically difficult to do so [and] the fact that the Plaintiffs worked exclusively for the Defendants does not necessarily lead to the conclusion that they qualify as employees under the NYLL when few, if any, other factors support that determination." *Browning*, 885 F. Supp.2d at 603.

In fact, nowhere in the supporting affidavits do Plaintiffs address whether any of them were (or were not) also working for another company while working for Late Night. Assuming, *arguendo*, that the select five individuals who submitted affidavits claim that they were not working for another company during their employment, this would certainly not be sufficient to find that every other class member did not work for anyone else during his/her engagement with Late Night, yet another individualized inquiry precluding class certification.

11

Based on the foregoing, class certification is not appropriate because Plaintiffs have not articulated a commons question that "is capable of classwide resolution – which means that a determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551; *see also Deboissiere, supra; Shayler, supra; Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1253 (2d Cir. 2002) (class certification improper where presentation of individual evidence will be necessary); *Spann*, 219 F.R.D. at 318 (individualized issue prevented a finding that the plaintiff's claims are typical of those brought for the benefit of the class).

### b.   Adequacy

The adequacy requirement of Rule 23(a)(4) states that a class proponent must demonstrate that he or she "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts should consider whether the proposed plaintiffs are providing reliable and accurate information before determining whether they may be adequate class representatives. *Jones v. Ford Motor Credit Co.*, No. 00 Civ. 8330 (RJH) (KNF), 2005 U.S. Dist. LEXIS 5381 (S.D.N.Y. Mar. 31, 2005).

In support of their motion, Plaintiffs submit the affidavits of five individuals – Plaintiffs Chow, Hernandez, Guzman, Jackson and Acklin (the "Moving Plaintiffs"). Plaintiffs rely on the affidavits of three Moving Plaintiffs – Plaintiffs Chow, Hernandez and Guzman – to set forth the nature of the drivers' work to support their class motion. *See ECF Docket No. 94 (Plaintiffs' Memorandum of Law), at 4.*

Notably, Plaintiffs Hernandez and Guzman previously submitted affidavits in support of their motion for injunctive relief, alleging that Defendant Hussain engaged in retaliatory conduct against them for filing the lawsuit by reducing their work schedule and/or not providing further

work. *See ECF Docket Nos. 78-6 and 78-7.* Defendants successfully opposed Plaintiffs' motion for injunctive relief by demonstrating, *inter alia*, that it was Plaintiffs' own conduct – as evidenced by text messages sent by Plaintiffs Hernandez and Guzman – that caused any reduction in their assignment of work. *See ECF Docket No. 27 and Minute Entry for 8/15/12.* The credibility of Plaintiffs Hernandez and Guzman's retaliation claims was called into serious question during the hearing on their motion for injunctive relief, as the statements in their affidavits were expressly refuted by documentary evidence submitted by Defendants. Since Plaintiffs Hernandez and Guzman provided unreliable and self-serving statements to the Court in support of a prior motion, there is no basis to believe that such statements are now accurate and reliable in order to consider them adequate class representatives.

Moreover, as set forth in Plaintiffs' Complaint, Plaintiffs' claim for relief under the NYLL is limited to New York residents (*Complaint ¶¶72-76*), and Plaintiffs' instant motion only implicates the NYLL. However, three of the five Moving Plaintiffs admit that they are not New York residents. One of these Moving Plaintiffs – Plaintiff Guzman – states that he is a resident of Pennsylvania. *See ECF Docket No. 78-3.* Since Plaintiff Guzman claims to be a Pennsylvania resident, he is not entitled to relief under any of the claims alleged in the Complaint and, for this additional reason, is not an adequate class representative.

As well, two of the Moving Plaintiffs – Plaintiffs Jackson and Acklin – admit that they are residents of Connecticut. *See ECF Docket Nos. 78-4 and 78-5.* Since Plaintiffs' claim for relief in their Complaint for Connecticut residents – which necessarily includes Plaintiffs Jackson and Acklin – is under Connecticut's Wage and Hour Law (*Complaint ¶¶82-86*), Plaintiffs Jackson and Acklin are also not adequate class representatives.

Furthermore, each of the affidavits submitted by these individuals is nearly identical. While the affidavits set forth conclusory allegations that Plaintiffs often worked in excess of forty (40) hours, no specific information is provided by **any** of the individuals to substantiate the allegations. Such specifics would obviously include the hours and days they claimed they worked, but such information is glaringly omitted from all of the affidavits. Likewise, to the extent Moving Plaintiffs claim that they may have worked overtime hours, they set forth no facts indicating that any of the other ninety plus putative class members worked any overtime at all.

Accordingly, Moving Plaintiffs are not adequate class representatives and, as a result, class certification should be denied.

Plaintiffs' novel argument that "[t]he fact that Plaintiffs are former rather than current employees does not make them inadequate class representatives ... because of the genuine and high risk of retaliation faced by current employees" does not pass muster. *See ECF Docket No. 94 (Plaintiffs' Memorandum of Law), at 25*. First, this "argument" wholly ignores the fact that, as discussed above, the Court denied Plaintiff Hernandez and Guzman's motion for injunctive relief on their retaliation claim because the statements contained in their affidavits were expressly refuted by the evidence submitted by Defendants. Second, the argument is nonsensical given the fact that of the approximate ninety plus class members, twenty-nine of them have opted into the action. This clearly does not support the theory of "fear" that Plaintiffs are attempting to portray to the Court to support that a class action is superior to a collective because of the fear of retaliation. Third, Plaintiffs' counsel's conclusory claim that some unidentified person called him to advise that current drivers were fearful of participating in the case should be rejected as pure hearsay. *See ECF Docket No. 94 (Plaintiffs' Memorandum of Law), at 25*. Finally, the case upon which Plaintiffs' rely to support this theory does not stand for the proposition that a class

14

action is superior to a collective action because of a "fear of retaliation," especially given that the case relied upon by Plaintiffs was in the Title VII context, and not under wage and hour laws.

For the foregoing reasons, Plaintiffs' preliminary class certification motion should be denied as they cannot meet the requirements of Rule 23(a).

## POINT II

### PLAINTIFFS' ALLEGATIONS DO NOT SUPPORT A RULE 23(B)(3) CLASS BECAUSE ANY ANALYSIS OF CLASS-WIDE LIABILITY WILL REQUIRE A BURDENSOME, INDIVIDUALIZED INQUIRY

In addition to their many shortcomings under Rule 23(a), Plaintiffs are similarly incapable of maintaining a Rule 23(b)(3) class. It is now well-settled that common questions will not predominate over class issues for Rule 23(b)(3) purposes where, as here, liability cannot be established on a class-wide basis. The "mini-trials" that would result if this case were to proceed as currently proposed render a 23(b)(3) class inappropriate for lack of predominance of common claims.

For a class to be certified under 23(b)(3), Plaintiffs must demonstrate: (1) that the questions of law or fact common to members of the class predominate over any questions affecting only individual members; and (2) that a class action is superior to other available methods for the full and fair adjudication of the controversy. *See Lewis v. National Financial Systems, Inc.*, No. 06 Civ. 1308, 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007).

Here, Plaintiffs' misclassification claims and, in turn, claims for compensatory damages for failure to pay overtime compensation, will necessarily require individualized inquiry into each putative member's claims. Adjudicated in a class setting, such a case would require a significant number of unnecessary mini-trials to resolve each particular employee's claims, a

15

scenario which is not appropriate for a class action. *See Moore*, 306 F.3d at 1253. Certifying a class here would be inappropriate as the independent contractor issue is unique to a substantial number of individual putative Plaintiffs. There is hardly commonality or typicality in this regard. *See Spann*, 219 F.R.D. at 324 (denying class certification where individualized inquiry for plaintiff precluded finding of typicality).

**a.     Questions of Law And Fact Common To The Class Generally Do Not Predominate Over Questions Affecting Plaintiffs Specifically**

Class certification must be denied when "questions of law or fact common to class members" do not "predominate" over "questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. 591 at 623. "In order to meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001); *Myers*, 624 F.3d at 549; *In re Nassau County Strip Search Cases*, 461 F.3d 219, 227 (2d Cir. 2006) ("[A]n an issue is common to the class when it is susceptible to generalized, class-wide proof"); *Palmer Kane LLC v. Scholastic Corp.*, No. 11 Civ. 7456 (KBF), 2012 U.S. Dist. LEXIS 100812, at *18 (S.D.N.Y. July 16, 2012).

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Moore*, 306 F.3d at 1252. "The 23(b)(3) predominance requirement is far more demanding that the commonality requirement of Rule 23(a)." *Vengurlekar*, 220 F.R.D. at 228. Numerous courts have denied certification where common issues of law are not present or where resolving the claims for relief would require individualized

inquiries. *See Myers*, 2007 U.S. Dist. LEXIS 53572, at *3 (denying class certification where the court would have to conduct a "fact intensive inquiry into each potential plaintiff's employment status" under the FLSA); *see also Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228 (S.D.N.Y. 2002).

Courts are reluctant to certify class actions in independent contractor classification cases because the common question, in turn, would depend on the amount of control that the putative employer actually exercised, rather than a difference in damages only. Here, individual issues clearly predominate over common ones. Because the independent contractor analysis is fact-intensive in order to resolve Plaintiffs' NYLL claims, and is also dependent upon an individualized inquiry into each employee's actual job duties and purported control by Late Night, as discussed above, 23(b)(3) certification is inappropriate. *See Deboissiere*, 2010 U.S. Dist. LEXIS 113776 at *11 ("Plaintiffs have not shown that these factors depend upon common instead of individualized questions."); *Edwards v. Publishers Circulation Fulfillment, Inc.*, 268 F.R.D. 181, 184 (S.D.N.Y. 2010) (holding that were the issue was the degree of control the putative employer exercised over the putative class members, class certification was inappropriate); *Gardner v. Western Beef Properties, Inc.*, No. 07 Civ. 2345, 2011 U.S. Dist. LEXIS 146467, at *15 (E.D.N.Y. Sept. 26, 2011) (holding that an employer's policy of classifying a certain group of employees as exempt did not sufficiently satisfy the predominance requirement).

In addition, "Rule 23 contains an implicit requirement that the proposed class be precise, objective and presently ascertainable [and a] proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member." *Toure v. Central Parking Systems of New York*, No. 05 Civ. 5237 (WHP), 2007 U.S. Dist.

LEXIS 74056, at *12 (S.D.N.Y. Sept. 28, 2007) (*quoting Bakalar v. Vavra*, 237 F.R.D. 59 (S.D.N.Y. 2006)). One of the reasons for this requirement is that, without it, defining membership in the proposed class would involve a "mini-hearing on the merits of each class member's case." *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp.2d 216, 220-221 (D. Conn. 2003) (declining to allow the plaintiff to pursue class action because "the proof in this case is specific to the individual" in that the main issue was whether each individual employee was exempt). Here, based on the attached affidavits, it is clear even at this early stage that Plaintiffs cannot demonstrate that the sought after class is "precise" or even "presently ascertainable." Supporting this theory is the fact that Plaintiffs nowhere even attempt to define the class of individuals they seek to certify.

The predominance requirement also is not met here because Defendants' alleged liability for unpaid overtime pay depends heavily on individualized proof. Determining whether the drivers were properly classified as independent contractors will require the fact-finder to examine each class member's circumstances, including the manner in which they reported themselves for tax purposes to the government, the duties they performed, and other issues, such as whether they held jobs for other companies. There is a possibility, therefore, that even if some drivers were found by a fact-finder to be "employees," others will have been properly classified as independent contractors. As a result, Plaintiffs' NYLL claim is not amenable to "adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.

To this same end, as recently discussed by the Supreme Court in the wake of its holding in *Dukes*, class certification is not proper where, such as here, "questions of individual damage calculations will inevitably overwhelm questions common to the class." *Comcast Corp. v. Behrend*, __ U.S. __, 133 S. Ct. 1426, 1433 (2013); *see also Wang*, 2013 U.S. Dist. LEXIS, at

*27-28.  Indeed, the Supreme Court recently vacated and remanded the Seventh Circuit's
decision certifying a class in an overtime misclassification case based on this very issue.  *See*
*RBS Citizens, N.A. v. Ross*, __ U.S. __, 133 S. Ct. 1722 (2013).

As set forth above, Moving Plaintiffs fail to provide any information to support that they
worked overtime at all, such as the hours and days they claimed to have worked.  Also absent
from Moving Plaintiffs affidavits is the manner in which they were paid and compensation they
received.  Even if such information was included, it would be unreasonable to extrapolate from
these five individuals to the remainder of the class for class certification.

As recently discussed in *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir.
2013), class certification would inherently require a finding that the class members "have done
roughly the same amount of work, including the same amount of overtime work, and had been
paid the same wage."  *Id*. at 774.

As further discussed in the *Espenscheid* case and relevant to the facts at bar:

> A further complication is that the [plaintiffs] have no records of the
> amount of time they worked but didn't report on their time sheets.
> They are not like lawyers, who record every bit of work they do for
> a client, in 6-minute segments.  The plaintiffs claim that their
> records are incomplete because [the defendant] told them not to
> report all their time.  But this if true does not excuse them from
> having to establish the amount of the unreported time.  The
> "representative" proof they have submitted does not do this.  The
> unreported time for each employee could be reconstructed from
> memory, inferred from the particulars of the jobs the technicians
> did, or estimated in other ways – any method that enables the trier
> of fact to draw a "just and reasonable inference" concerning the
> amount of time the employee had worked would suffice.  *Urnikis-
> Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 669 and n. 2 (7th
> Cir. 2010); *Brown v. Family Dollar Stores of Indiana, LP*, 534
> F.3d 593, 595 (7th Cir. 2008); see *Anderson v. Mt. Clemens
> Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515
> (1946).  But what can't support an inference about the work time
> of thousands of workers is evidence of the experience of a small,
> unrepresentative sample of them.

19

. . .

> Although each class member claims to have lost several thousand dollars as a result of [the defendant's] alleged violations, that isn't enough to finance a modern federal lawsuit; and in such a case, where it is class treatment or nothing, the district court must carefully explore the possible ways of overcoming problems in calculating individual damages. Yet there may be no way if for example there are millions of class members each harmed to a different extent (and many not harmed at all). *See, e.g., In re New Motor Vehicles Canadian Export Antitrust Litigation*, 522 F.3d 6, 28 (1st Cir. 2008). In that event the suit may have to be limited to injunctive relief, or nonlitigation remedies explored.

*Id.* at 774-76.

In sum, it is evident that questions of law and fact common to the proposed class do not predominate. If a class were certified, the trial of this action could easily devolve into an examination of the duties and purported control exerted over each driver. There is, moreover, a genuine possibility that if Defendants are liable to any of the drivers, they are liable to some, but not all. If that were the case, the fact-finder would have to sift through the entire class to identify whose claim may be meritorious, a process that would require evidence specific to each Plaintiff. Plaintiffs' NYLL claim, therefore, involves at least as much individualized proof as generalized proof, and class-wide questions of law and fact do not predominate over individual questions of law and fact.

### b. A Class Action Is Not A Superior Method Of Adjudicating Class Claims

"The superiority question under Rule 23(b)(3) requires a court to consider whether a class action is superior to other methods of adjudication." *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 142 (S.D.N.Y. 2003). Factors the Courts must consider under the "superiority" prong of Rule 23 include: "(1) the interest of the class members in controlling the litigation of separate actions; (2) the extent and nature of any litigation concerning the controversy already

begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action." *Wang*, 2013 U.S Dist. LEXIS 65869, at \*28 (*citing* Fed. R. Civ. P. 23(b)(3)). A class action is not a "feasible, let alone superior method for the fair, efficient and manageable adjudication" of putative class members' claims if a court would be "required to conduct a series of mini-trials" as to each claim. *Dunnigan*, 214 F.R.D. at 142.

As more fully discussed above, individual issues in this action dominate as an assessment of each putative class member's claim (and damages, if any) will be necessary and force the Court to conduct separate mini-trials as to the viability of each claims based upon Defendants' (lack of control) over each Plaintiffs' work, each Plaintiffs' discretion in performing their duties, and the manner in which each Plaintiff treated themselves for tax purposes.

Based on the foregoing, Plaintiffs have not met their burden under Rule 23(b) to warrant class certification of their claims.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' motion for class certification, and award Defendants attorneys' fees and costs and such other relief as the Court deems proper.

Dated:      Woodbury, New York
            June 14, 2013

                          Respectfully submitted,

                          KAUFMAN DOLOWICH & VOLUCK, LLP

                          By: _____
                               Jeffery A. Meyer, Esq.
                               Yale Pollack, Esq.
                          135 Crossways Park Drive, Suite 201
                          Woodbury, New York 11797
                          (516) 681-1100
                          *Attorneys for Defendants*

ND: 4813-8789-7876, v. 1

22