# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

November 15, 2013

**VIA ECF**
Hon. James L. Cott
United States District Court for the
  Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

    Re:    *Hernandez v. The Fresh Diet*,
              12 CV 4339 (ALC)(JLC)

Dear Judge Cott:

      We represent the Plaintiffs in this wage-and-hour matter arising out of the Fair Labor Standards Act and the New York Labor Law.

      We write in response to the Defendants' November 12, 2013 Letter Motion for Conference (Docket Entry 115), and in advance of their intended motion for sanctions against Plaintiffs in connection with discovery issues.

      As the Court may recall, the current situation was created by two (2) facts:

1.  Defendants waited until a few weeks before the close of discovery in this case to notice the depositions of ten (10) Plaintiffs, and then insisted that these depositions be taken within about a three-week (3-week) period in mid-September and early October.  This is despite the fact that these depositions could have been taken as early as the latter part of 2012.  During this same three-week (3-week) period, Plaintiffs were busy preparing for, then taking the depositions of three (3) of the individual Defendants in this action (each of whom the Defendants had refused to produce for months).

2.  While this intense period of depositions was occurring (that is eleven (11) depositions in less than one (1) month), Defendants began to demand the production of documents such as old income tax returns and made increasingly threatening statements to the Plaintiffs.  Defendants only raised the income tax return issue with the Court on October 16, 2013, and the Court expressed surprise that this was the first time this matter was brought to its attention.  The Court encouraged the parties to try to work together, which the Plaintiffs have always intended to do.

Hon. James L. Cott
November 15, 2013
Page 2 of 3

Plaintiffs do not believe that the Court should reward Defendants' tactical decision to wait and do nothing for more than one (1) year, refuse to produce their own witnesses despite many requests that they do so, and then in September 2013 demand that ten (10) Plaintiffs' depositions take place in a three- to four-week (3- to 4-week) period (at the same time they finally produce their witnesses), and also demand that all discovery matters be resolved immediately "or else."

Starting in mid-September and continuing into October, Plaintiffs have had to locate, meet with, and produce eight (8) Plaintiffs, who have now appeared and have been deposed in Defendants' counsel's offices. Several of these low-income individuals do not speak English, and do not live in or near New York City, compounding the challenge of producing eight (8) persons within just a few weeks.

In compliance with the Court's October 16, 2013 directive and in response to Defendants' purportedly and suddenly urgent need for his testimony, Plaintiffs made the ninth deponent, Plaintiff Bryant White, available despite his serious medical problems. Remarkably, Defendants are no longer are interested in taking his deposition. Mr. White's schedule was rearranged to provide for his availability, and Plaintiffs' counsel expended a significant amount of time and effort trying to coordinate this deposition, which cause, Defendants have now abandoned.

With respect to the income tax returns, since the commencement of this office's relationship with the individual Plaintiffs, we have been working diligently to collect whatever evidence, including information that may be available. Our efforts reveal that many of the eight (8) people deposed are not in possession of income tax returns. Others, who are low-wage earners, and many of whom are not native English-language speakers, are still collecting this information.

Despite the fact that Plaintiffs supplied this explanation to Defendants on several occasions, Defendants are uncompromising in their demand for immediate production of tax information. We understand that time is short, but Plaintiffs respectfully direct the attention of the Court to Defendants' waiting for approximately one (1) year before they began affirmatively defending this action.[1]

Defendants' Letter Motion for Conference is tactical and designed to portray the Plaintiffs as uncooperative—and uninterested in being cooperative. This is not true. We strongly reject any suggestion that we have engaged in any sanctionable conduct. Indeed, what respectfully suggest is sanctionable is Defendants' last-minute attempt to affirmatively defend this action for a year, then engineer an artificial emergency, which greatly strained the individual Plaintiffs and their counsel.

---

1. We also understand that the income tax returns of former employees' who were improperly classified as independent contractors, should be of only marginal relevance. Moreover, the Plaintiffs' income is information that Defendants already have in their possession, custody, or control.

Hon. James L. Cott
November 15, 2013
Page 3 of 3

    Finally and more galling, Defendants themselves have not complied with discovery. They have not produced all responsive discovery, despite our many requests for it. Moreover, two (2) Defendants simply refused to answer questions at their depositions—not on the basis of any claimed privilege, but simply because they did not want to. Specifically:

1. Defendant Zalmi Duchman, the founder of Defendant The Fresh Diet, Inc., would not identify a major investor in the company because that man is purportedly "very private"; and

2. Defendant Syed Hussain, a former logistics manager, would not identify a person who allegedly informed him that one (1) of the Plaintiffs was encouraging other drivers to participate in this action. Mr. Hussain advised that he would not respond to this question absent a specific court order to do so.

    Plaintiffs therefore respectfully request that the Court so order the Defendants' fulsome testimony regarding these issues.

    We thank the Court for its time and attention.

                                            Respectfully submitted,
                                           THE HARMAN FIRM, PC


                                           _____s/_____
                                           Walker G. Harman, Jr. [WH-8044]