# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019
TELEPHONE 212 425 2600   FAX 212 202 3926
WWW.THEHARMANFIRM.COM

November 27, 2013

**VIA ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re:    *Hernandez v. The Fresh Diet*
             12 CV 4339 (ALC)(JLC)

Dear Judge Carter:

    We represent the Plaintiffs in the above-referenced wage-and-hour matter involving claims under both the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL").

    We are writing in response to Defendants November 22, 2013 pre-motion conference letter (Docket Entry 120). In that letter, Defendants state that they intend to move for summary judgment on the purported grounds that Plaintiffs, who are current and former food delivery personnel, distributing Defendants' prepared meals to Defendants' customers in the Tri-State Metropolitan Region on a nightly basis, were, as a matter of law, independent contractors. Defendants therefore claim that Plaintiffs' Complaint for wage-and-hour violations should be dismissed. Defendants also indicate that they intend to seek decertification of this collective action under the FLSA. Plaintiffs strongly oppose both intended motions.

    Defendants have taken the depositions of eight (8) Plaintiffs, each of whom is a current or former meal deliverer, and Plaintiffs have taken the depositions of three (3) individually named Defendants. This deposition discovery clearly establishes that, at the very least, significant material disputes of fact exist that would make it impossible for Defendants to meet the standards for the relief they now seek via pre-trial motion practice.

    The founder of Defendant The Fresh Diet, which is the lead corporate Defendant is Defendant Zalmi Duchman (A.K.A. Scher Zalman Duchman). Defendant Duchman testified that he personally created a second company (*i.e.* Late Night Express) for the sole purpose of using it as a channel for hiring and compensating the food delivery employees. Mr. Duchman testified that he was at all relevant times the sole owner of Late Night Express, and that Late Night Express had no function other than to serve as the delivery arm of Defendant Duchman's food preparation and distribution business—Defendant The Fresh Diet.

    The various Plaintiffs who were deposed testified that they worked for Defendant The Fresh Diet/Late Night Express under the supervision, direction, and control of their managers and supervisors, who provided them with their assignments and specific instructions as to how to

Hon. Andrew L. Carter, Jr.                                                                                      Page 2 of 3
November 27, 2013

complete them.  Several Plaintiffs testified that they were provided with ID cards from Defendant The Fresh Diet, or hats, car magnets, bags and other materials with its corporate logo and which identified Plaintiffs to the public as personnel of Defendant The Fresh Diet.

Indeed, The Fresh Diet's current website, which has been changed since this lawsuit was initiated, still states, *inter alia*:

> Fresh Diet's goal is to deliver the freshest prepared gourmet meals daily to your home.  To accomplish this ***we have developed a meal preparation and driver delivery service that is highly sophisticated***.  We have a very strong, dedicated management team and drivers who are extremely committed to your health and well-being.  Most of the time, our delivery operation runs smoothly.

Emphasis added.

Defendant Syed Hussain, of Defendant The Fresh Diet/Late Night Express's New York area logistics or delivery manager, and the individual directly responsible for supervising the meal delivery personnel, testified that any driver who failed to meet the company's expectations would find himself no longer delivering food for Defendant The Fresh Diet.

Defendant Hussain testified that he was given pre-drafted, pre-printed "contracts" which he himself had no ability to negotiate, alter or redraft.  New meal deliverers hired by Defendant Hussain were required to sign these "contracts" in order to deliver food.  These "contracts" stated that drivers had to follow all instructions, and would be "fined" for errors or lapses when making meal deliveries.

The overwhelming majority of Plaintiffs deposed testified that they worked for Defendant The Fresh Diet/Late Night Express on a full-time basis, that the hours were long, and that they were continuously under the supervision, direction, and control of Defendant The Fresh Diet/Late Night Express's management, and in particular, Defendant Hussain.  They typically had to remain in contact with him before, during, and after their routes each night that they worked, and were subject to his directives and disciplinary decisions.  All Plaintiffs were heavily dependent on their jobs as the primarily means of financially supporting themselves and their families.

The work of the various meal deliverers was completely standardized, and required little or no skill other than the ability to drive a car to various addresses within the Tri-State Metropolitan Region and to complete assigned deliveries.  In fact, a significant number of the Plaintiffs are immigrants from developing countries, some of whom have limited English-language proficiency (two (2) deponents required translators).  In short, there were no educational prerequisites to delivering meals for Defendant The Fresh Diet/Late Night Express.  The work at issue involved showing up the a central meal preparation facility, receiving a list or route, obtaining the meals from a kitchen area, placing the meal bags in a car, and driving the car to various addresses throughout a given evening/night, dropping off meal bags at customer locations, and then returning at the end of the route to return empty bags and report to management.

Hon. Andrew L. Carter, Jr.                                                                                     Page 3 of 3
November 27, 2013

It is therefore inconceivable that Defendants have any chance of prevailing on a pre-trial motion for summary judgment seeking a finding that the meal delivers were independent contractors, each purportedly running their own business, doing work at their own convenience, in the time and manner of their choosing, with a specialized skillset. In fact, we believe that any argument along these lines is frivolous.

In a very recent decision, District Judge Paul A. Engelmayer denied a defense motion for summary judgment on the independent contractor issue in an FLSA/NYLL. *Hart v. Rick's Cabaret Int'l*, 2013 WL 4822199, 09 CV 3043 (PAE) (S.D.N.Y. Sept. 10, 2013). Judge Engelmayer explained:

> The Second Circuit has adopted an "economic realities" test to determine whether an individual is an employee or an independent contractor for FLSA purposes. The factors considered include . . . (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.
>
> No factor is dispositive: "[R]ather, the test is based on a totality of the circumstances" analysis, with the ultimate question being whether the "workers depend upon someone else's business for the opportunity to render service or are in business for themselves. . . ." That an employer does not exercise control continuously or consistently "does not diminish the significance of its existence."

*Hart* at *5 (citations omitted).

We further note that Defendants have attempted to turn the availability of the individual Plaintiffs' income tax returns into a pivotal one. In fact, in *Hart*, Judge Engelmayer expressly stated that whether someone is an employee under the NYLL or the FLSA, "it is not significant how the parties defined the employment relationship or how the worker identified [themself] on tax forms." *Id*. at *17.

For these reasons, and many others, we consider Defendants' proposed motions completely non-meritorious and Plaintiffs respectfully intend to vigorously oppose them.

                                          Respectfully submitted,
                                          THE HARMAN FIRM, PC

                                          _____s/_____
                                          Walker G. Harman, Jr. [WH-8044]


cc:     Hon. Andrew L. Carter, Jr. (via email)
           Yale Pollack, Esq. (via ECF and email)
           Jeffrey A. Meyer, Esq. (via ECF and email)
           Peter J. Andrews, Esq. (via ECF and email)