UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
and JUANY GUZMAN, Each Individually, And On Behalf Of
All Other Persons Similarly Situated,

        *Plaintiffs*,      **PLAINTIFFS'**
                 **OPPOSITION TO**
  -against-            **DEFENDANTS'**
                 **LOCAL RULE 56.1**
THE FRESH DIET INC.,         **STATEMENT OF**
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL), **MATERIAL FACTS**
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) a/k/a
YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, Individually,
JUDAH SCHLOSS, Individually,
and ZAIMI DUCHMAN, Individually

        *Defendants*.
---------------------------------------------------------------------------X

  Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs, FERNANDO HERNANDEZ, KENNETH CHOW, BRIAN WHITE, DAVID WILLIAMS, MARQUIS ACKLIN, CECILIA JACKSON, TERESA JACKSON, MICHAEL LATTIMORE and JUANY GUZMAN, each individually, and on behalf of all other persons similarly situated, by and through their attorneys, The Harman Firm, PC, hereby set forth the following in opposition to Defendants' Rule 56.1 statement:

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 1. The Fresh Diet, Inc. ("Fresh Diet") provides clients fresh daily-prepared meals that are never frozen, freeze-dried or vacuum packed. (See Declaration of Jeffrey A. Meyer ("Meyer Decl.") Ex. "C" (Hussain Aff.),¶2)). | Plaintiffs admit. Further, Defendants' business is to deliver prepared meals to its customers. Defendants do not operate a retail store, which is what distinguishes them from a supermarket. (*Harman Decl., Ex. A,* Fresh Diet website). |
| 2. Late Nigh Express Courier Services, Inc. ("Late Night") entered into independent contractor agreements with drivers to deliver the meals to Frehs Diet's clients (Meyer Decl. Ex. "C" (Hussain Aff.), ¶15 and Ex. "1."). | Plaintiffs admit that Late Night Express Courier Services, Inc. ("Late Night") is a signatory to agreements with Plaintiffs that purport to be independent contractor agreements. The rest is denied. Plaintiffs' misclassification as independent contractors is the central legal issue in this case. Plaintiffs are employees of Defendants. Defendants controlled all aspects of Plaintiffs work including telling them in what order to make they deliveries. (*Harman Decl., Ex. B*, J. Correa Tr. 38). Defendants would discipline Plaintiffs, including being given shorter routes, which meant less pay. (*Harman Decl., Ex. C*, F. Hernandez Tr. 77). Plaintiffs were disciplined for filing this lawsuit. (*Harman Decl., Ex. D*, Guzman Tr. 30-33) Plaintiffs come to work each day for Defendants, receive company identification cards; and company uniforms. (*Harman Decl., Ex. E*, K. Chow. Tr. 38-39). Plaintiffs were in constant, real-time communication with Defendants throughout the day. (*Harman Decl., Ex. E*, K. Chow Tr. 169; *Harman Decl., Ex. F*, S. Hussain Tr. 93). Defendants have policies and procedures that Plaintiffs were required to follow, which Defendants enforced. (*Harman Decl., Ex. G*, Y. Schlass Tr. 80-81; *Harman Decl., Ex. D*, J. Guzman Tr. 26-33). |

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 3. Plaintiffs were drivers hired as independent contractors by Late Night to perform deliveries in the Tri-State area to Fresh Diet's customers. (Meyer Decl. Ex. "D" (Schlass Aff.), ¶3)). | Plaintiffs admit they are drivers who deliver meals to Defendants' customers. The rest is denied. Plaintiffs are employees of Defendants. Defendants controlled all aspects of Plaintiffs work including telling them in what order to make deliveries. (*Harman Decl., Ex. B*, J. Correa Tr. 38). Defendants would discipline Plaintiffs, including being given shorter routes, which meant less pay. (*Harman Decl., Ex. C*, F. Hernandez Tr. 77). Plaintiffs were disciplined for filing this lawsuit. (*Harman Decl., Ex. D*, J. Guzman Tr. 30-33) Plaintiffs come to work each day for Defendants, receive company identification cards; and company uniforms. (*Harman Decl., Ex. E*, K. Chow. Tr. 38-39). Plaintiffs were in constant, real-time communication with Defendants throughout the day. (*Harman Decl., Ex. E*, Chow Tr. 169; *Harman Decl., Ex. F*, S. Hussain Tr. 93). Defendants have policies and procedures that Plaintiffs were required to follow, which Defendants enforced. (*Harman Decl., Ex. G*, Y. Schlass Tr. 80-81; *Harman Decl., Ex. D*, J. Guzman Tr. 26-33). |

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 4. Out of the approximate 100 drivers who were sent notices of the FLSA collective action in this case (nine of whom are named plaintiffs), only 20 filed consent forms in this action: Rafael Antonio Brito (ECF No. 55), Irving Collado (ECF No. 56), Darryl James (ECF No. 58), Yajaira Guerrero (ECF No. 59), Andres Salas (ECF No. 61), Edwin Perez (ECF No. 70), Andrew Spence (ECF No. 72), Eugene Kimble (ECF No. 69), Ezequiel Ortiz (ECF No. 67), Denny M. Delarosa (ECF No. 68), Konate Bengaly (ECF No. 71), Michael J. Rodriguez (ECF No. 73), Oscar Ore (ECF No. 74), Maria Tauares (ECF No. 75), Gladys Bonilla (ECF No. 83), Baron Torres (ECF No. 81), Brandon McKye Rose (ECF No. 82), Emmanuel Justini Ano (ECF No. 88), Juan Carlos Correa (ECF No. 91), and Wilton A. Dardaine (ECF No. 92) (the op-ins, along with the named Plaintiffs Fernando Hernandez, Kenneth Chow, Bryant White, David Williams, Marquis Acklin, Cecilia Jackson, Teresa Jackson, Michael Lattimore, and Juany Guzman, are hereafter collectively referred to as "Plaintiffs" or "Drivers.") (*See op-ins consent forms set forth in the specified ECF Docket Nos. above*). | Plaintiffs admit in part and deny in part. There are nine (9) original Plaintiffs. Ninety-five opt-in notices were sent. An additional twenty (20) people opted-in. |

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 5. Drivers generally entered into an "Independent Contractor Agreement" at the time they were engaged to provide delivery services for Late Night, which established the parties respective rights governing their business relationships and the terms by which Plaintiffs were to provide delivery services for Late Night. *(Meyer Decls. Ex. "C" (Hussain Aff.), ¶15 and Ex. "1.; Meyer Decl., Ex. "E" (Chow Dep.), at 60:3-7).* | Plaintiffs admit that some Plaintiffs signed agreements with Late Night that purport to be independent contractor agreements (the "Agreement(s)"). The rest is denied. The terms of the Agreements are boilerplate. (*Harman Decl., Ex. H*, Agreement of F. Hernandez, dated Sept. 30, 2010). Defendants controlled all aspects of Plaintiffs work including telling them in what order to make deliveries. (*Harman Decl., Ex. B*, J. Correa Tr. 38). Defendants would discipline Plaintiffs, including being given shorter routes, which meant less pay. (*Harman Decl., Ex. C*, F. Hernandez Tr. 77). Plaintiffs were disciplined for filing this lawsuit. (*Harman Decl., Ex. D*, J. Guzman Tr. 30-33). Plaintiffs come to work each day for Defendants, receive company identification cards; and company uniforms. (*Harman Decl., Ex. E*, K. Chow. Tr. 38-39). Plaintiffs were in constant, real-time communication with Defendants throughout the day. (*Harman Decl., Ex. E*, K. Chow Tr. 169; *Harman Decl., Ex. F*, S. Hussain Tr. 93). Defendants have policies and procedures that Plaintiffs were required to follow, which Defendants enforced. (*Harman Decl., Ex. G*, Y. Schlass Tr. 80-81; *Harman Decl., Ex. D*, J. Guzman Tr. 26-33). |
| 6. Late Night did not pay Drivers based on the amount of time they worked, but rather, paid them based on the number of deliveries they made or number of miles they drove, or both, depending on the area in which the driver performed deliveries. *(Meyer Decl; Ex. "C" (Hussain Aff.), ¶7; Meyer Decl., Ex. "D" (Schlass Aff.), ¶7).* | Plaintiffs deny. Not all Plaintiffs were paid in this manner. (*Harman Decl., Ex. I,* D. DeLarosa Tr. 61). However, this issue is not material to whether Plaintiffs were employees. |

5

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 7. Late Nigh did not withhold taxes from the compensation paid to the Plaintiffs, but rather, issued IRS Form 1099s to them at year-end. Plaintiffs were solely responsible for filing local, state, provincial, and federal income tax returns related to their earnings. (Meyer Decl., Ex. "N"), FD000489-FD000540). | Plaintiffs admit. However, this issue is not material to whether Plaintiffs were employees. |
| 8. Plaintiffs testified that they did not file tax returns declaring the compensation they received from Late Night. *(Meyer Decl; Ex. "I" (Acklin Dep.), at 77:17-78:13; Meyer Decl., Ex. "J" (Correa Dep.), at 62:24-25; Meyer Decl., Ex. "E" (Chow Dep.), at 165:23-167:4).* | Plaintiffs admit. However, this issue is not material to whether Plaintiffs were employees. |
| 9. Of the 29 Plaintiffs, only four produced tax returns claiming the compensation they received from Late Night, being Juany Guzman, Andres Salas, Ezequiel Ortiz Torres, and David Williams, for which they made deductions as independent contractors. (Meyer Decl. Ex. "O," FD004544-FD004574, FD004614-FD004615, FD004617-FD004676). | Plaintiffs admit. However, this issue is not material to whether Plaintiffs were employees. |

6

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 10. Syed Hussain was the Delivery Manager for Late Night, who oversaw deliveries in the Tri-State area, hired drivers, created routes, and assigned drivers to routes based on their availability and preference *(Meyer Decl., Ex. "C" (Hussain Aff.), ¶¶ 1 and 4)*. | Plaintiffs admit that Syed Hussain was the Delivery Manager for Late Night and that he oversaw deliveries, hired drivers, created routes, and assigned drivers routes. The rest is denied. Mr. Hussain controlled all aspects of Plaintiffs work. (*Harman Decl., Ex. B*, J. Correa Tr. 38). He oversaw all deliveries, including those to Boston, Washington, DC, Baltimore, and Philadelphia. (*Harman Decl., Ex. C*, F. Hernandez Tr. 20; *Harman Decl., Ex. J*, D. Williams Tr. 20-21). He was constantly in touch with Plaintiffs while they made deliveries and would give them additional assignments. (*Harman Decl., Ex. B*, J. Correa Tr. 35-36; *Harman Decl., Ex. D*, J. Guzman Tr. 130-137; *Harman Decl., Ex. E*, K. Chow Tr. Pg. 169; *Harman Decl., Ex. F*, S. Hussain Tr. 141). He disciplined Plaintiffs and would threaten them with termination, withholding of their pay, or changing their routes. (*Harman Decl., Ex., K,* M. Acklin Tr. 54-55; *Harman Decl., Ex. E*, K. Chow Tr. 118, 129; *Harman Decl., Ex. D*, J. Guzman Tr. 82-85; 102-105; *Harman Decl., Ex. C*, F. Hernandez Tr. 77). Routes were not assigned based on driver preference; Mr. Hussain assigned them. (*Harman Decl., Ex. B*, J. Correa Tr. 28; *Harman Decl., Ex. I*, D. DeLarosa Tr. 30). When Mr. Hussain was absent, one of the Plaintiffs would perform his duties. (*Harman Decl., Ex. J*, D. Williams Tr. 11-12). Plaintiffs requested time off from Mr. Hussain when they had personal issues or were sick. (*Harman Decl., Ex. D*, J. Guzman Tr. 46-51, 134-137; *Harman Decl., Ex. L,* T. Jackson Tr. 23-25). |

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 11.  Drivers were free to deliver the meals in their vehicles in any manner they saw fit as Late Night was not concerned how the drivers delivered the meals, but only wanted to ensure that all meals provided to the drivers were delivered to Fresh diet's clients. (*Meyer Decl., Ex. "C" (Hussain Aff.)*, ¶8; *Meyer Decl., Ex. "G" (T. Jackson Dep.)*, at 92:15-20, 94:21-95:7; *Meyer Decl., Ex. "K"(Delarosa Dep.)*, at 43:19-25). | Plaintiffs deny.  Defendants told Plaintiffs what order to make deliveries. (*Harman Decl., Ex. B*, J. Correa Tr. 38).  If changes were made to the order of deliveries, Plaintiffs had to tell Mr. Hussain.  (*Harman Decl., Ex. L*, T. Jackson Tr. 92). |
| 12.  Drivers arrived at Fresh Diet's facility in Brooklyn, where they would pick up packages that were already prepared by packers so that they could be delivered by the drivers. (*Meyer Decl., Ex. "I"(Acklin Dep.)*, at 24:19-25:7). | Plaintiffs deny.  Packages were not always ready so at times, Plaintiffs packed and delivered the deliveries. (*Harman Decl., Ex. J*, D. Williams Tr. 11; *Harman Decl., Ex. L*, T. Jackson Tr. 38).  However, this issue is not material to whether Plaintiffs were employees. |
| 13.  After Drivers were finished with completing their delivery routes, many went home as they were not required to go back to the facility or otherwise report to Late Night after the completion of their deliveries. (*Meyer Decl., Ex. "I"(Acklin Dep.)*, at 37:23-38:13. *Meyer Decl., Ex. "J" (Correa Dep.)*, at 35:8-11; *Meyer Decl., Ex. "E"(Chow Dep.)*, at 58:22-59:3; *Meyer Decl., Ex. "G"(T. Jackson Dep.)*, at 36:25-37:11, 46:6-11, 47:13-23). | Plaintiffs deny.  Plaintiffs had to return to the Defendants' facilities to hand in paperwork or they could be disciplined. (*Harman Decl., Ex. L*, T. Jackson Tr. 47; *Harman Decl., Ex. D*, J. Guzman Tr. 62-65; *Harman Decl., Ex. E*, K. Chow Tr. 134). |

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 14. Depending on when the meals were ready, Plaintiffs testified that they would show up to the facility where the meals were ready anywhere between 3:00 p.m. and midnight to begin their deliveries. (*Meyer Decl., Ex. "I"(Acklin Dep.), at 51:25-52:24; Meyer Decl., Ex. "J"(Correa Dep.), at 45:6-13. Meyer Decl., Ex. "E"(Chow Dep.), at 92:8-93:14, 104:18-105:7, 106:15-24, 171:4-181:15. Meyer Decl., Ex. "F" (Chow Dep. Exhibits) FD000394-FD000397, FD000402-FD000403, FD000575-FD000581; Meyer Decl., Ex. "G"(T. Jackson Dep.), at 41:9-19, Meyer Decl., Ex. "L" (Hernandez Dep.), at 30:15-31:8, 34:21-35:3, 39:8-21. Meyer Decl., Ex. "M"(Guzman Dep.) at 143:11-19, FD000080).* | Plaintiffs admit. |
| 15. Plaintiffs testified they completed their delivery routes anywhere between 2:00 a.m. and 7:00 a.m. (*Meyer Decl., Ex. "I"(Acklin Dep.), at 36:11-21, 48:8-19; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 62:20-63:6, 72:13-17, 75:9-16, 77:3-6, 78:12-14. Meyer Decl., Ex. "H" (T. Jackson Dep. Exhibit) FD003481-FD0003482, FD003487-FD003500; Meyer Decl., Ex. "L" (Hernandez Dep.) at 40:20-41:6).* | Plaintiffs admit. |
| 16. During their delivery routes, Plaintiffs took breaks for meals, the restroom and gas, which breaks were not reported to Late Night. (*Meyer Decl., Ex. "I"(Acklin Dep.), at 67:18-68:4, 69:12-20; Meyer Decl., Ex. "E"(Chow Dep.), at 153:21-154:22; Meyer Decl., Ex. "G"(T. Jackson Dep.), at 99:6-100:9; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 44:2-17).* | Plaintiffs admit that all Plaintiffs would have to stop to get gas. Plaintiffs admit that some Plaintiffs took breaks to use the restroom and get food. Such breaks were permitted. Not all Plaintiffs took breaks. (*Harman Decl., Ex. B*, J. Correa Tr. 39). Breaks for food were not at restaurants but were rather at convenience stores and drive-throughs. (*Harman Decl., Ex. K*, M. Acklin Tr. 69). |

9

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 17. Plaintiffs were not disciplined by Late Night for failing to pick up deliveries, or otherwise perform the duties expected of them as independent contractors. (*Meyer Decl., Ex. "I"* (Acklin Dep.), at 54:17-23; *Meyer Decl., Ex. "J"*(Correa Dep.), at 47:24-48:4, *Meyer Decl., Ex. "E"* (Chow Dep.), at 118:18-21; *Meyer Decl., Ex. "M"* (Guzman Dep.), at 156:20-120:14). | Plaintiffs deny. Plaintiffs could be disciplined for failing to hand in paperwork, arriving late to pick up deliveries, or otherwise perform their duties. (*Harman Decl., Ex. E*, K. Chow Tr. 118, 127; *Harman Decl., Ex. D*, J. Guzman Tr. 102-109; *Harman Decl., Ex. K*, M. Acklin Tr. 54-55). Any variations had to be approved my Mr. Hussain. (*Harman Decl., Ex. B*, J. Correa Tr. 41). |
| 18. Plaintiffs were allowed to make deliveries for other drivers, and Late Night had no objection to same. (*Meyer Decl., Ex. "I"* (Acklin Dep.), at 59:17-18; *Meyer Decl., Ex. "E"* (Chow Dep.), at 119:20-120:14). | Plaintiffs admit that they made deliveries for other drivers. However, this issue is not material to whether Plaintiffs were employees. Plaintiffs were instructed by Defendants to make deliveries for other drivers. (*Harman Decl., Ex. K*, M. Acklin Tr. 59). |
| 19. Plaintiffs were permitted to bring others in their vehicles to assist them in performing deliveries and Late Night had no objection to same. (*Meyer Decl., Ex. "G"* (T. Jackson Dep.), at 82:7-83:23; *Meyer Decl., Ex. "K"* (DeLarosa Dep.), at 53:17-55:7). | Plaintiffs lack information to either admit or deny whether there was a policy. |
| 20. Plaintiff maintained other jobs while performing deliveries for Late Nigh. (*Meyer Decl., Ex. "I"* (Acklin Dep.), at 70:3-7; *Meyer Decl., Ex. "E"* (Chow Dep.), at 15:10-18:20, 20:14-21:10, 59:4-21; *Meyer Decl., Ex. "G"* (T. Jackson Dep.), at 28:19-22). | Plaintiffs admit that there was no prohibition against having other employment. However, most Plaintiffs did not have time to keep outside jobs; they had to be available for Defendants at all times. (*Harman Decl., Ex. B*, J. Correa Tr. 55). Almost all Plaintiffs who had an outside job at the commencement of their employment with Defendants had to quit the outside job. (*Harman Decl., Ex. K*, M. Acklin Tr. 70; *Harman Decl., Ex. L*, T. Jackson Tr. 28). |

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 21. Plaintiffs did not receive health insurance from Late Night while performing delivery services for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 79:19-22; Meyer Decl., Ex. "J" (Correa Dep.), at 64:7-8; Meyer Decl., Ex. "E" (Chow Dep.), at 167:5-13*). | Plaintiffs admit. |
| 22. Plaintiffs did not receive any other fringe benefits from Late Night during the time they performed delivery services for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 79:23-80:3; Meyer Decl., Ex. "J" (Correa Dep.), at 64:2-6; Meyer Decl., Ex. "E" (Chow Dep.), at 167:5-13*). | Plaintiffs admit that they did not receive any health insurance benefits. |
| 23. Drivers used their own delivery vehicles to provide delivery services for Late Night. (*Meyer Decl., Ex. "J" (Correa Dep.), at 25:7-9; Meyer Decl., Ex. "E" (Chow Dep.), at 65:20-22; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 66:7-9; Meyer Decl., Ex. "L" (Hernandez Dep.), at 13:23-24; Meyer Decl., Ex. "M" (Guzman Dep.), at 130:10-12*). | Plaintiffs admit. |
| 24. Drivers maintained their own insurance for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 61:25-62:11; Meyer Decl., Ex. "J" (Correa Dep.), at 25:10-11; Meyer Decl., Ex. "E" (Chow Dep.), at 67: 2-4; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 67:6-9; Meyer Decl., Ex. "M" (Guzman Dep.), at 131:4-5*). | Plaintiffs admit they maintain insurance on their own vehicles. |

11

| **Defendants' Alleged Material Facts** | **Plaintiffs' Response** |
|---|---|
| 25. Drivers paid for their own maintenance for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 61:25-62:11; Meyer Decl., Ex. "J" (Correa Dep.), at 49:11-13; Meyer Decl., Ex. "E" (Chow Dep.), at 156:6-11; Meyer Decl., Ex. "M" (Guzman Dep.), at 132:18-19*). | Plaintiffs admit that most did. (*Harman Decl., Ex. F*, S. Hussain Tr. 207). |
| 26. Drivers paid for their own gas for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 68:5-13; Meyer Decl., Ex. "J" (Correa Dep.), at 49:3-6*). | Plaintiffs admit that most did. (*Harman Decl., Ex. J*, D. Williams Tr. 48; *Harman Decl., Ex. K*, M. Acklin Tr. 68-69; *Harman Decl., Ex. E*, K. Chow Tr. 64; *Harman Decl., Ex. F*, S. Hussain Tr. 210-211). |
| 27. Drivers paid for their own repairs for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 68:17-18; Meyer Decl., Ex. "J" (Correa Dep.), at 49:14-15; Meyer Decl., Ex. "E" (Chow Dep.), at 155:22-23; Meyer Decl., Ex. "M" (Guzman Dep.), at 132:12-14*). | Plaintiffs admit that most did. (*Harman Decl., Ex. F*, S. Hussain Tr. 207). |
| 28. Opt-in Plaintiff Edwin Perez failed to appear for his deposition after multiple adjournments at his request. (*Meyer Decl. Exs. "P" and "Q"*). | Plaintiffs admit. |

Dated: New York, New York
February 14, 2014

By:    s/ Walker G. Harman, Jr.
Walker G. Harman, Jr., Esq. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
1776 Broadway, Suite 2030
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com