

**THE HARMAN FIRM, PC**
ATTORNEYS & COUNSELORS AT LAW
1776 BROADWAY | SUITE 2030 | NEW YORK CITY 10019
TELEPHONE 212.425.2600 | FAX 212.202.3926
WWW.THEHARMANFIRM.COM

February 13, 2014

**MEMO ENDORSED**

<u>VIA EMAIL (ALCarterNYSDChambers@nysd.uscourts.gov)</u>
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

  Re: *Hernandez v. The Fresh Diet*
     12 CV 4339 (ALC)(JLC)

Dear Judge Carter:

  We represent the Plaintiffs in the above-referenced action brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

  Pursuant to Your Honor's endorsement of Defendants' proposed schedule, Plaintiffs' opposition to Defendants' Motion for Summary Judgment is due February 14, 2014. *See* Docket Entry 128.

  In the course of analyzing applicable case law in order to determine a plaintiff's status as an employee under the FLSA (*see, e.g.*, *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 324 (S.D.N.Y. 2001)), and in light of *Sakacsi v. Quicksilver Delivery Sys.*, 06 CV 1297 (SCB)(MAP), 2007 WL 4218984, 2007 U.S. Dist. LEXIS 88747 (M.D. Fla. Nov. 28, 2007) (annexed hereto as Exhibit A), which is directly on point, Plaintiffs have determined that they are entitled to summary judgment on the central issue of whether they were in fact employees. *Sakacsi* makes it explicitly clear that Plaintiffs were never independent contractors as Defendants' affirmative defenses assert. We respectfully submit that Plaintiffs are therefore entitled to summary judgment on that claim.

  To that end, Plaintiffs respectfully request leave to file, a cross-motion for partial summary judgment. Plaintiffs respectfully propose that the extant scheduling be modified thus:

    Friday, February 14, 2014: Plaintiffs' Opposition and proposed cross-motion;

    Friday, February 28, 2014: Defendants' Reply and opposition to Plaintiffs' proposed cross-motion; and

    Friday, March 7, 2014: Plaintiffs' reply to their proposed cross-motion.

Hon. Andrew L. Carter, Jr.
February 13, 2014
Page 2 of 2

    We thank the Court for its time and attention to this matter.

                      Respectfully submitted,
                      THE HARMAN FIRM, PC


                      ___s/   Walker G. Harman, Jr.___
                      Walker G. Harman, Jr.


cc:    Jeffery A. Meyer, Esq. (via ECF)
        Yale B. Pollack, Esq. (via ECF)

> The application is granted in part. Plaintiffs may file a cross-motion for partial summary judgment according to the following schedule:
>
> Plaintiffs' opposition and cross-motion due February 14, 2014
>
> Defendants' reply due February 28, 2014
>
> Defendants' opposition to cross-motion due March 7, 2014
>
> Plaintiffs' reply (for cross-motion) due March 21, 2014
>
> SO ORDERED.
>
> /s/ Andrew L. Carter, Jr.
>
> 2-14-14



**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

Jeffery A. Meyer, Esq.
jmeyer@kdvlaw.com

February 14, 2014

**VIA ELECTRONIC MAIL (ALCarterNYSDChambers@nysd.uscourts.gov)**
The Honorable Andrew L. Carter, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17C
New York, New York 10007-1312

> Re: *Hernandez, et al. v. The Fresh Diet, Inc., et al.*
> **12 Civ. 4339 (ALC) (JLC)**

Dear Judge Carter:

This firm represents the Defendants in the above-referenced matter. We respectfully write this letter in response to the letter from Plaintiffs' counsel dated February 13, 2014, wherein they request permission to file a cross-motion for summary judgment. For the reasons discussed herein, it is respectfully submitted that Plaintiffs' request be denied.

Initially, Plaintiffs have failed to follow Your Honor's Individual Rules to request a pre-motion conference on their anticipated cross-motion. Instead, they waited until the day before their opposition to Defendants' summary judgment motion was due to file their letter. Notably, Defendants discussed their intent to file their summary judgment motion as far back as October 16, 2013 with Magistrate Cott (*see ECF No. 111*), and Plaintiffs never voiced their desire to make a similar motion until yesterday.

Furthermore, Plaintiffs provide no justification for failing to file their request earlier with the Court. They simply state in their letter that now, after discovery has been complete, they have "analyz[ed] applicable case law in order to determine a plaintiff's status as an employee under the FLSA ...." No explanation is provided as to why they waited until the day before their opposition was due, and four months after Defendants expressed their desire to move for summary judgment, to take the time to analyze applicable caselaw. Moreover, while Plaintiffs' request may have made sense if new precedent was established analyzing whether an individual is properly classified as an independent contractor, no such precedent is relied upon by Plaintiffs. Instead, they cite a 2007 case from Florida, which is not binding on this Court.

In sum, Your Honor's Individual Rules are very clear as to how parties are to proceed should they wish to move for summary judgment. Plaintiffs failed to follow those rules. Plaintiffs also have provided no binding authority to support their cross-motion, indicating that their request is nothing but a transparent attempt to get the "last word" in on Defendants' motion.

The Honorable Andrew L. Carter, Jr.
February 14, 2014
Page 2 of 2

Thank you for your continued courtesies.

                        Respectfully submitted,
                        Kaufman Dolowich & Voluck, LLP

                        Jeffery A. Meyer

cc:    Walker Harman, Esq. (wharman@theharmanfirm.com)
        Peter Andrews, Esq. (pandrews@theharmanfirm.com)

4837-7361-4616, v. 1