UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS, MARQUIS
ACKLIN, CECILIA JACKSON, TERESA JACKSON,
MICHAEL LATTIMORE, and JUANY GUZMAN, each
individually, and on behalf of all other persons similarly
situated,

                                              Plaintiffs,

          -against-

THE FRESH DIET, INC., LATE NIGHT EXPRESS
COURIER SERVICES, INC. (FL), FRESH DIET
EXPRESS CORP. (NY), THE FRESH DIET – NY INC.
(NY), FRESH DIET GRAB & GO, INC. (FL) a/k/a YS
CATERING HOLDINGS, INC. (FL) d/b/a YS CATERING,
INC. (FL), FRESH DIET EXPRESS CORP. (FL), SYED
HUSSAIN, Individually, JUDAH SCHLOSS, Individually,
and ZALMI DUCHMAN, Individually,

                                              Defendants.
------------------------------------------------------------------------X

Case No.:
12-CV-4339 (ALC)(JLC)

**DEFENDANTS'
LOCAL RULE 56.1
STATEMENT OF
<u>MATERIAL FACTS</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Southern District Local Rule 56.1, and the Court's Individual Rules, THE FRESH DIET, INC., LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL), FRESH DIET EXPRESS CORP. (NY), THE FRESH DIET – NY INC. (NY), FRESH DIET GRAB & GO, INC. (FL) a/k/a YS CATERING HOLDINGS, INC. (FL) d/b/a YS CATERING, INC. (FL), FRESH DIET EXPRESS CORP. (FL), SYED HUSSAIN, Individually, JUDAH SCHLOSS, Individually, and ZALMI DUCHMAN, Individually, (collectively "Defendants"), by and through their attorneys, Kaufman Dolowich & Voluck, LLP, set forth the following preliminary statement with material facts as to which there is no genuine issue to be tried.

## I. Introduction And Factual Overview

1. The Fresh Diet, Inc. ("Fresh Diet") provides clients fresh daily-prepared meals that are never frozen, freeze-dried or vacuum packed. (*See Declaration of Jeffery A. Meyer ("Meyer Decl.") Ex. "C" (Hussain Aff.), ¶2*)).

2. Late Night Express Courier Services, Inc. ("Late Night") entered into independent contractor agreements with drivers to deliver the meals to Fresh Diet's clients. (*Meyer Decl., Ex. "C" (Hussain Aff.), ¶15 and Ex. "1."*).

3. Plaintiffs were drivers hired as independent contractors by Late Night to perform deliveries in the Tri-State area to Fresh Diet's customers. (*Meyer Decl., Ex. "D" (Schlass Aff.), ¶3*)).

4. Out of the approximate 100 drivers who were sent notices of the FLSA collective action in this case (nine of whom are named plaintiffs), only 20 filed consent forms in this action: Rafael Antonio Brito (ECF No. 55), Irving Collado (ECF No. 56), Darryl James (ECF No. 58), Yajaira Guerrero (ECF No. 59), Andres Salas (ECF No. 61), Edwin Perez (ECF No. 70), Andrew Spence (ECF No. 72), Eugene Kimble (ECF No. 69), Ezequiel Ortiz (ECF No. 67), Denny M. Delarosa (ECF No. 68), Konate Bengaly (ECF No. 71), Michael J. Rodriguez (ECF No. 73), Oscar Ore (ECF No. 74), Maria Tauares (ECF No. 75), Gladys Bonilla (ECF No. 83), Baron Torres (ECF No. 81), Brandon McKye Rose (ECF No. 82), Emmanuel Justini Ano (ECF No. 88), Juan Carlos Correa (ECF No. 91), and Wilton A. Dardaine (ECF No. 92) (the opt-ins, along with named Plaintiffs Fernando Hernandez, Kenneth Chow, Bryant White, David Williams, Marquis Acklin, Cecilia Jackson, Teresa Jackson, Michael Lattimore, and Juany Guzman, are hereafter collectively referred to as "Plaintiffs" or "Drivers.") (*See opt-in consent forms set forth in the specified ECF Docket Nos. above*).

5. Drivers generally entered into an "Independent Contractor Agreement" at the time they were engaged to provide delivery services for Late Night, which established the parties' respective rights governing their business relationships and the terms by which Plaintiffs were to provide delivery services for Late Night. *(Meyer Decl., Ex. "C" (Hussain Aff.), ¶15 and Ex. "1."; Meyer Decl., Ex. "E" (Chow Dep.), at 60:3-7)*.

6. Late Night did not pay Drivers based on the amount of time they worked, but rather, paid them based on the number of stops they made or number of miles they drove, or both, depending on the area in which the driver performed deliveries. *(Meyer Decl., Ex. "C" (Hussain Aff.), ¶7; Meyer Decl., Ex. "D" (Schlass Aff.), ¶7)*.

7. Late Night did not withhold taxes from the compensation paid to the Plaintiffs, but rather, issued IRS Form 1099s to them at year end. Plaintiffs were solely responsible for filing local, state, provincial, and federal income tax returns related to their earnings. *(Meyer Decl., Ex. "N"), FD000489-FD000540)*.

8. Plaintiffs testified that they did not file tax returns declaring the compensation they received from Late Night. *(Meyer Decl., Ex. "I" (Acklin Dep.), at 77:17-78:13; Meyer Decl., Ex. "J" (Correa Dep.), at 62:24-25; Meyer Decl., Ex. "E" (Chow Dep.), at 165:23-167:4)*.

9. Of the 29 Plaintiffs, only four produced tax returns claiming the compensation they received from Late Night, being Juany Guzman, Andres Salas, Ezequiel Ortiz Torres, and David Williams, for which they made deductions as independent contractors. *(Meyer Decl., Ex. "O," FD004544-FD004574, FD004614-FD004615, FD004617-FD004676)*.

## II. Plaintiffs Were Properly Classified As Independent Contractors Under the Fair Labor Standards Act and New York Labor Law

10. Syed Hussain was the Delivery Manager for Late Night, who oversaw deliveries in the Tri-State area, hired drivers, created routes, and assigned drivers to routes based on their availability and preference. *(Meyer Decl., Ex. "C" (Hussain Aff.), ¶¶1 and 4).*

11. Drivers were free to deliver the meals in their vehicles in any manner they saw fit as Late Night was not concerned how the drivers delivered the meals, but only wanted to ensure that all meals provided to the drivers were delivered to Fresh Diet's clients. *(Meyer Decl., Ex. "C" (Hussain Aff.), ¶8; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 92:15-20, 94:21-95:7; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 43:19-25).*

12. Drivers arrived at Fresh Diet's facility in Brooklyn, where they would pick up packages that were already prepared by packers so that they could be delivered by the drivers. *(Meyer Decl., Ex. "I" (Acklin Dep.), at 24:19-25:7).*

13. After Drivers were finished with completing their delivery routes, many went home as they were not required to go back to the facility or otherwise report to Late Night after the completion of their deliveries. *(Meyer Decl., Ex. "I" (Acklin Dep.), at 37:23-38:13; Meyer Decl., Ex. "J" (Correa Dep.), at 35:8-11; Meyer Decl., Ex. "E" (Chow Dep.), at 58:22-59:3; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 36:25-37:11, 46:6-11, 47:13-23).*

14. Depending on when the meals were ready, Plaintiffs testified that they would show up to the facility where the meals were ready anywhere between 3:00 p.m. and midnight to begin their deliveries. *(Meyer Decl., Ex. "I" (Acklin Dep.), at 51:25-52:24; Meyer Decl., Ex. "J" (Correa Dep.), at 45:6-13; Meyer Decl., Ex. "E" (Chow Dep.), at 92:8-93:14, 104:18-105:7, 106:15-24, 171:4-181:15; Meyer Decl., Ex. "F" (Chow Dep. Exhibits) FD000394-FD000397, FD000402-FD000403, FD000575-FD000581; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 41:9-*

19, 62:12-19; *Meyer Decl., Ex. "L" (Hernandez Dep.),* at 30:15-31:8, 34:21-35:3, 39:8-21; *Meyer Decl., Ex. "M" (Guzman Dep.),* at 143:11-19, FD000080).

15. Plaintiffs testified that they completed their delivery routes anywhere between 2:00 a.m. and 7:00 a.m. *(Meyer Decl., Ex. "I" (Acklin Dep.),* at 36:11-21, 48:8-19; *Meyer Decl., Ex. "G" (T. Jackson Dep.),* at 62:20-63:6, 72:13-17, 75:9-16, 77:3-6, 78:12-14; *Meyer Decl., Ex. "H" (T. Jackson Dep. Exhibit)* FD003481-FD003482, FD003487-FD003500; *Meyer Decl., Ex. "L" (Hernandez Dep.),* at 40:20-41:6).

16. During their delivery routes, Plaintiffs took breaks for meals, the restroom and gas, which breaks were not reported to Late Night. *(Meyer Decl., Ex. "I" (Acklin Dep.),* at 67:18-68:4, 69:12-20; *Meyer Decl., Ex. "E" (Chow Dep.),* at 153:21-154:22; *Meyer Decl., Ex. "G" (T. Jackson Dep.),* at 99:6-100:9; *Meyer Decl., Ex. "K" (DeLarosa Dep.),* at 44:2-17).

17. Plaintiffs were not disciplined by Late Night for failing to hand in paperwork, arriving late to pick up deliveries, or otherwise perform the duties expected of them as independent contractors. *(Meyer Decl., Ex. "I" (Acklin Dep.),* at 54:17-23; *Meyer Decl., Ex. "J" (Correa Dep.),* at 47:24-48:4; *Meyer Decl., Ex. "E (Chow Dep.),* at 118:18-21; *Meyer Decl., Ex. "M" (Guzman Dep.),* at 156:2-19).

18. Plaintiffs were allowed to make deliveries for other drivers, and Late Night had no objection to same. *(Meyer Decl., Ex. "I" (Acklin Dep.),* at 59:17-18; *Meyer Decl., Ex. "E" (Chow Dep.),* at 119:20-120:14).

19. Plaintiffs were permitted to bring others in their vehicles to assist them in performing deliveries and Late Night had no objection to same. *(Meyer Decl., Ex. "G" (T. Jackson Dep.),* at 82:7-83:23; *Meyer Decl., Ex. "K" (DeLarosa Dep.),* at 53:17-55:7).

5

20. Plaintiffs maintained other jobs while performing deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 70:3-7; Meyer Decl., Ex. "E" (Chow Dep.), at 15:10-18:20, 20:14-21:10, 59:4-21; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 28:19-22*).

21. Plaintiffs did not receive health insurance from Late Night while performing delivery services for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 79:19-22; Meyer Decl., Ex. "J" (Correa Dep.), at 64:7-8; Meyer Decl., Ex. "E" (Chow Dep.), at 167:10-11*).

22. Plaintiffs did not receive any other fringe benefits from Late Night during the time they performed delivery services for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 79:23-80:3; Meyer Decl., Ex. "J" (Correa Dep.), at 64:2-6; Meyer Decl., Ex. "E" (Chow Dep.), at 167:5-13*).

23. Drivers used their own delivery vehicles to provide delivery services for Late Night. (*Meyer Decl., Ex. "J" (Correa Dep.), at 25:7-9; Meyer Decl., Ex. "E" (Chow Dep.), at 65:20-22; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 66:7-9; Meyer Decl., Ex. "L" (Hernandez Dep.), at 13:23-24; Meyer Decl., Ex. "M" (Guzman Dep.), at 130:10-12*).

24. Drivers maintained their own insurance for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 61:25-62:11; Meyer Decl., Ex. "J" (Correa Dep.), at 25:10-11; Meyer Decl., Ex. "E" (Chow Dep.), at 67:2-4; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 67:6-9; Meyer Decl., Ex. "M" (Guzman Dep.), at 131:4-5*).

25. Drivers paid for their own maintenance for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 68:14-16; Meyer Decl., Ex. "J" (Correa Dep.), at 49:11-13; Meyer Decl., Ex. "E" (Chow Dep.), at 156:6-11; Meyer Decl., Ex. "M" (Guzman Dep.), at 132:18-19*).

26. Drivers paid for their own gas for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 68:5-13; Meyer Decl., Ex. "J" (Correa Dep.), at 49:3-6*).

27. Drivers paid for their own repairs for the vehicles they used to perform deliveries for Late Night. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 68:17-19; Meyer Decl., Ex. "J" (Correa Dep.), at 49:14-15; Meyer Decl., Ex. "E" (Chow Dep.), at 155:22-23; Meyer Decl., Ex. "M" (Guzman Dep.), at 132:12-14*).

28. Opt-in Plaintiff Edwin Perez failed to appear for his deposition after multiple adjournments at his request. (*Meyer Decl. Exs. "P" and " Q"*).

Dated: Woodbury, New York
January 24, 2014

Respectfully submitted,
KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
Jeffery A. Meyer, Esq.
Yale Pollack, Esq.
*Attorneys for Defendants*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100

4838-4239-1831, v. 1