UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS, MARQUIS
ACKLIN, CECILIA JACKSON, TERESA JACKSON,
MICHAEL LATTIMORE, and JUANY GUZMAN, each
individually, and on behalf of all other persons similarly
situated,

                               Plaintiffs,

       -against-

THE FRESH DIET, INC., LATE NIGHT EXPRESS
COURIER SERVICES, INC. (FL), FRESH DIET
EXPRESS CORP. (NY), THE FRESH DIET – NY INC.
(NY), FRESH DIET GRAB & GO, INC. (FL) a/k/a YS
CATERING HOLDINGS, INC. (FL) d/b/a YS CATERING,
INC. (FL), FRESH DIET EXPRESS CORP. (FL), SYED
HUSSAIN, Individually, JUDAH SCHLOSS, Individually,
and ZALMI DUCHMAN, Individually,

                               Defendants.
-----------------------------------------------------------------X

Case No.:
12-CV-4339 (ALC)(JLC)

**DEFENDANTS'
LOCAL RULE 56.1
COUNTER-STATEMENT
TO PLAINTIFFS'
STATEMENT OF
MATERIAL FACTS**

      Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Southern District Local Rule 56.1, and the Court's Individual Rules, THE FRESH DIET, INC., LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL), FRESH DIET EXPRESS CORP. (NY), THE FRESH DIET – NY INC. (NY), FRESH DIET GRAB & GO, INC. (FL) a/k/a YS CATERING HOLDINGS, INC. (FL) d/b/a YS CATERING, INC. (FL), FRESH DIET EXPRESS CORP. (FL), SYED HUSSAIN, Individually, JUDAH SCHLOSS, Individually, and ZALMI DUCHMAN, Individually, (collectively "Defendants"), by and through their attorneys, Kaufman Dolowich & Voluck, LLP, set forth the following counter-statement of material facts to Plaintiffs' 56.1 Statement.

    1.    Defendants' business is to deliver prepared meals to its customers. Defendants do not operate a retail store, which is what distinguishes them from a supermarket. Declaration of

Walker G. Harman, Jr. in Support of Plaintiffs' Cross-Motion for Summary Judgment dated February 21, 2014 ("Harman Decl."), Ex. P.

RESPONSE: Defendants admit that Fresh Diet Inc. ("Fresh Diet") is in the business of providing prepared meals to and that Late Night Express Courier Services, Inc. ("Late Night") entered into independent contractor agreements with drivers to deliver the meals to Fresh Diet's clients. *See Declaration of Jeffery A. Meyer submitted in Support of Defendants' Motion for Summary Judgment ("Meyer Decl."), Ex. "C" (Hussain Aff.), ¶2, 15 and Ex. "1."*

2. Defendants controlled all aspects of Plaintiffs' work including telling them in what order to make they deliveries. Harman Decl., Ex. B at 38.

RESPONSE: Defendants deny each and every part of Plaintiff's Statement. Drivers were free to deliver the meals in their vehicles in any manner they saw fit as Late Night was not concerned how the drivers delivered the meals, but only wanted to ensure that all meals provided to the drivers were delivered to Fresh Diet's clients. *See Meyer Decl., Ex. "C" (Hussain Aff.), ¶8; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 92:15-20, 94:21-95:7; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 43:19-25.*

3. Plaintiffs are drivers who deliver meals to Defendants' customers. Harman Decl., Ex. B at 38.

RESPONSE: Defendants admit that Plaintiffs were drivers hired as independent contractors by Late Night to perform deliveries in the Tri-State area to Fresh Diet's customers. *See Meyer Decl., Ex. "D" (Schlass Aff.), ¶3).*

4. Defendants would discipline Plaintiffs, including being given shorter routes, which meant less pay. Harman Decl., Ex. C at 77.

2

RESPONSE: Defendants deny that Plaintiffs were disciplined. *See Meyer Decl., Ex. "I" (Acklin Dep.), at 54:17-23; Meyer Decl., Ex. "J" (Correa Dep.), at 47:24-48:4; Meyer Decl., Ex. "E (Chow Dep.), at 118:18-21; Meyer Decl., Ex. "M" (Guzman Dep.), at 156:2-19.* Plaintiffs rely on one statement from Plaintiff Hernandez wherein he claims there was a "threats" of termination, but no testimony is offered that any discipline was ever imposed as claimed by Plaintiffs.

5. Defendant Hussain disciplined Plaintiffs and would threaten them with termination, withholding of their pay, or changing their routes. Harman Decl., Ex. K at 54–55; Harman Decl., Ex. E at 118, 129; Harman Decl., Ex. D at 82–85; 102–05; Harman Decl., Ex. C at 77.

RESPONSE: Defendants deny that Plaintiffs were disciplined. *See Meyer Decl., Ex. "I" (Acklin Dep.), at 54:17-23; Meyer Decl., Ex. "J" (Correa Dep.), at 47:24-48:4; Meyer Decl., Ex. "E (Chow Dep.), at 118:18-21; Meyer Decl., Ex. "M" (Guzman Dep.), at 156:2-19.* Plaintiffs' citations are all to hypothetical situations or are based on hearsay, but none of the testimony proffered supports that any Plaintiff was given a shorter route. For example, while Plaintiffs' cite to Plaintiff Chow's deposition transcript to support this statement, the testimony he offered when asked whether he had his route reduced was "No." *Meyer Decl., Ex. "E (Chow Dep.), at 118:18-21.*

6. Plaintiffs were disciplined for filing this lawsuit. Harman Decl., Ex. D at 30–33.

RESPONSE: Defendants deny that Plaintiffs were disciplined for filing this lawsuit. *See ECF Entries for August 8 and 15, 2012.*

7. Plaintiffs come to work each day for Defendants, receive company identification cards, and company uniforms. Harman Decl., Ex. E at 38–39.

3

RESPONSE: Defendants deny that Plaintiffs receive company identification cards and uniforms every day. Company identification cards and shirts were provided because drivers were having problems identifying themselves to doormen or police officers during their deliveries. *Meyer Decl., Ex. "E (Chow Dep.), at 38:14-39:4.* Drivers requested the identification items themselves in order to avoid the issues in the future, but were not required to use the items. *See Harman Decl., Ex. "F" (Hussain Dep.), at 202:10-203:3.*

8.  Plaintiffs were in constant, real-time communication with Defendants throughout the day. Harman Decl., Ex. E at 169; Harman Decl., Ex. F at 93.

RESPONSE: Defendants deny each and every part of Plaintiff's Statement. Drivers were free to deliver the meals in their vehicles in any manner they saw fit as Late Night was not concerned how the drivers delivered the meals, but only wanted to ensure that all meals provided to the drivers were delivered to Fresh Diet's clients. *See Meyer Decl., Ex. "C" (Hussain Aff.), ¶8; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 92:15-20, 94:21-95:7; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 43:19-25.* Depending on when the meals were ready, Plaintiffs testified that they would show up to the facility where the meals were ready anywhere between 3:00 p.m. and midnight to begin their deliveries. *See Meyer Decl., Ex. "I" (Acklin Dep.), at 51:25-52:24; Meyer Decl., Ex. "J" (Correa Dep.), at 45:6-13; Meyer Decl., Ex. "E" (Chow Dep.), at 92:8-93:14, 104:18-105:7, 106:15-24, 171:4-181:15; Meyer Decl., Ex. "F" (Chow Dep. Exhibits) FD000394-FD000397, FD000402-FD000403, FD000575-FD000581; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 41:9-19, 62:12-19; Meyer Decl., Ex. "L" (Hernandez Dep.), at 30:15-31:8, 34:21-35:3, 39:8-21; Meyer Decl., Ex. "M" (Guzman Dep.), at 143:11-19, FD000080).* Plaintiff Guzman testified that during the day he would sleep, rest, wake up, shower, eat and go to work. *Meyer*

4

*Decl., Ex. "M" (Guzman Dep.), at 137:7-10.* Nothing in the citations relied upon by Plaintiffs support their statement.

9. Defendant Hussain was in constant, real-time communication with Plaintiffs throughout while they made deliveries and would give them additional assignments. Harman Decl., Ex. B at 35–36; Harman Decl., Ex. D at 130–37; Harman Decl., Ex. E at 169; Harman Decl., Ex. F at 141.

RESPONSE: Defendants deny each and every part of Plaintiff's Statement. Drivers did not report to Defendant Hussain during their deliveries. *See Harman Decl., Ex. "F" (Hussain Dep.), at 95:7-9.* Drivers were free to deliver the meals in their vehicles in any manner they saw fit as Late Night was not concerned how the drivers delivered the meals, but only wanted to ensure that all meals provided to the drivers were delivered to Fresh Diet's clients. *See Meyer Decl., Ex. "C" (Hussain Aff.), ¶8; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 92:15-20, 94:21-95:7; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 43:19-25.* During their delivery routes, Plaintiffs took breaks for meals, the restroom and gas, which breaks were not reported to Late Night. *See Meyer Decl., Ex. "I" (Acklin Dep.), at 67:18-68:4, 69:12-20; Meyer Decl., Ex. "E" (Chow Dep.), at 153:21-154:22; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 99:6-100:9; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 44:2-17.*

10. Defendants have policies and procedures that Plaintiffs were required to follow, which Defendants enforced. Harman Decl., Ex. G at 80–81; Harman Decl., Ex. D at 26–33.

RESPONSE: Defendants deny Plaintiff's statement and note that there is no indication as to any "policies and procedures" Plaintiffs are referring to. Drivers were free to deliver the meals in their vehicles in any manner they saw fit as Late Night was not concerned how the drivers delivered the meals, but only wanted to ensure that all meals provided to the drivers were delivered

to Fresh Diet's clients. *See Meyer Decl., Ex. "C" (Hussain Aff.), ¶8; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 92:15-20, 94:21-95:7; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 43:19-25.* Plaintiffs were not disciplined by Late Night for failing to hand in paperwork, arriving late to pick up deliveries, or otherwise perform the duties expected of them as independent contractors. (*Meyer Decl., Ex. "I" (Acklin Dep.), at 54:17-23; Meyer Decl., Ex. "J" (Correa Dep.), at 47:24-48:4; Meyer Decl., Ex. "E (Chow Dep.), at 118:18-21; Meyer Decl., Ex. "M" (Guzman Dep.), at 156:2-19*).

11. Defendant Syed Hussain was the Delivery Manager for Late Night and that he oversaw deliveries, hired drivers, created routes, and assigned drivers routes. Harman Decl., Ex. H, ¶¶ 1, 4.

RESPONSE: Defendants admit.

12. Defendant Hussain oversaw all deliveries, including those to Boston, Washington, DC, Baltimore, and Philadelphia. Harman Decl., Ex. C at 20; Harman Decl., Ex. J at 20–21.

RESPONSE: Defendants admit.

13. Routes were not assigned based on driver preference; Defendant Hussain assigned them. Harman Decl., Ex. B at 28; Harman Decl., Ex. I at 30.

RESPONSE: Defendants deny Plaintiffs' statement as the routes were based on a first come, first serve basis, which was also based on availability and comfort of the driver for the route so that there was a mutual agreement by the parties as to the route. *See Harman Decl., Ex. "F" (Hussain Dep.), at 127:1-7, 128:2-8, 170:25-171:13*

14. When Defendant Hussain was absent, one of the Plaintiffs would perform his duties. Harman Decl., Ex. J at 11–12.

RESPONSE: Defendants deny Plaintiffs' statement as the testimony relied upon by Plaintiffs simply states that Plaintiff Williams handled Defendant Hussain's duties for one week while Defendant Hussain was on vacation. *See Harman Decl., Ex. "J" (Willams Dep.), at 11-12.*

15. Plaintiffs requested time off from Defendant Hussain when they had personal issues or were sick. Harman Decl., Ex. D at 46–51, 134–137; Harman Decl., Ex. L at 23–25.

RESPONSE: Defendants admit that Plaintiffs Guzman and Jackson testified that they requested time off from Defendant Hussain, but note that the testimony cited by Plaintiffs does not support that there was a requirement for Plaintiffs to request time off in order to take time off.

16. If changes were made to the order of deliveries, Plaintiffs had to tell Defendant Hussain. Harman Decl., Ex. L at 92.

RESPONSE: Defendants deny as drivers were free to deliver the meals in their vehicles in any manner they saw fit as Late Night was not concerned how the drivers delivered the meals, but only wanted to ensure that all meals provided to the drivers were delivered to Fresh Diet's clients. *See Meyer Decl., Ex. "C" (Hussain Aff.), ¶8; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 92:15-20, 94:21-95:7; Meyer Decl., Ex. "K" (DeLarosa Dep.), at 43:19-25.*

17. After completing their delivery routes, Plaintiffs had to return to the Defendants' facilities to hand in paperwork or they could be disciplined. Harman Decl., Ex. L at 47; Harman Decl., Ex. D at 62–65; Harman Decl., Ex. E at 134.

RESPONSE: Defendants deny because after Drivers were finished with completing their delivery routes, many went home as they were not required to go back to the facility or otherwise report to Late Night after the completion of their deliveries. *See Meyer Decl., Ex. "I" (Acklin Dep.), at 37:23-38:13; Meyer Decl., Ex. "J" (Correa Dep.), at 35:8-11; Meyer Decl., Ex. "E" (Chow Dep.), at 58:22-59:3; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 36:25-37:11, 46:6-11,*

7

*47:13-23*. Plaintiffs were not disciplined by Late Night for failing to hand in paperwork, arriving late to pick up deliveries, or otherwise perform the duties expected of them as independent contractors. *See Meyer Decl., Ex. "I" (Acklin Dep.), at 54:17-23; Meyer Decl., Ex. "J" (Correa Dep.), at 47:24-48:4; Meyer Decl., Ex. "E (Chow Dep.), at 118:18-21; Meyer Decl., Ex. "M" (Guzman Dep.), at 156:2-19.*

18. Most Plaintiffs did not have time to keep outside jobs; they had to be available for Defendants at all times. Harman Decl., Ex. B at 55.

RESPONSE: Defendants deny as Plaintiffs testified that the kept outside jobs while performing deliveries for Late Night. *See Meyer Decl., Ex. "I" (Acklin Dep.), at 70:3-7; Meyer Decl., Ex. "E" (Chow Dep.), at 15:10-18:20, 20:14-21:10, 59:4-21; Meyer Decl., Ex. "G" (T. Jackson Dep.), at 28:19-22).*

19. Most Plaintiffs paid for their own gas for the vehicles they used to perform deliveries for Defendants. Harman Decl., Ex. J at 48; Harman Decl., Ex. K at 68–69; Harman Decl., Ex. E at 64; Harman Decl., Ex. F at 210–211.

RESPONSE: Defendants admit.

Dated: Woodbury, New York
March 14, 2014

           Respectfully submitted,
           KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
     Jeffery A. Meyer, Esq.
     Yale Pollack, Esq.
*Attorneys for Defendants*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100