**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,                     **12 Civ. 4339 (ALC)(JLC)**
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
and JUANY GUZMAN, Each Individually, And On Behalf Of
All Other Persons Similarly Situated,

<i>Plaintiffs</i>,

-against-

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) a/k/a
YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, Individually,
JUDAH SCHLOSS, Individually,
and ZAIMI DUCHMAN, Individually

<i>Defendants</i>.

--------------------------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**PRELIMINARY CLASS ACTION CERTIFICATION PURSUANT TO**
**Fed. R. Civ. P. 23 REGARDING NEW YORK LABOR LAW CLAIMS**

---

**THE HARMAN FIRM, PC**
Walker G. Harman, Jr. [WH-8044]
*Counsel for Plaintiffs*
1776 Broadway, Suite 2030
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT PROCEDURAL HISTORY ............................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 5

I.   Legal Standards for Class Action Certification ............................................................... 5

II.  The Proposed Class Meets All Fed. R. Civ. P. 23(a) Requirements ...................................... 7

    A.   There Is Numerosity under Rule 23(a)(1) because There Are Approximately
        One Hundred Fifty (150) Workers Who Fall Within the Putative Class ...................... 7

    B.   There Is Commonality under 23(a)(2) Because the Putative Class Members
        Were Victims of the Same Illegal Conduct .................................................................. 8

    C.   There Is Typicality under 23(a)(3) because Each Putative Class Member's
        Claim Arises from the Same Course of Events and Each Putative Class
        Member Makes the Same Legal Arguments to Prove Defendants' Liability ............. 11

    D.   The Plaintiffs Are Adequate Class Representatives under 23(a)(4) because
        Plaintiffs Have Personal Knowledge of Essential Facts and the Resolution
        of Their Overtime Claims Would Resolve the Claims of the Putative Class.............. 12

III. The Proposed Class Satisfies Fed. R. Civ. P. 23(b)(3) ........................................................ 13

    A.   Common Legal or Factual Issues Predominate ........................................................... 13

    B.   A Class Action Is Superior to Other Methods of Adjudication because It Is
        Extremely Unlikely that the Proposed Class Members Would Pursue
        Separate Actions ........................................................................................................... 16

    C.   Class Action Certification Is Proper in the Same Litigation as FLSA
        Collective Action .......................................................................................................... 16

    D.   The Harman Firm Should Be Designated as Class Counsel Pursuant to Fed.
        R. Civ. P. 23(g) ............................................................................................................ 17

CONCLUSION ..................................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Agent Orange Prod. Liab. Litig., In re*
   818 F.2d 145 (2d Cir. 1987) ........................................................................... 8

*Alleyne v. Time Moving & Storage*
   264 F.R.D. 41 (E.D.N.Y. 2010) ...................................................................... 10

*Amchem Prods. v. Windsor*
   521 U.S. 591, 117 S. Ct. 2230, 138 L. Ed. 2d 689 (1997) ........................... 11

*Ansoumana v. Gristede's Operating Corp.*
   201 F.R.D. 81 (S.D.N.Y. 2001) ............................................................... 10, 14

*Berwecky v. Bear Sterns*
   197 F.R.D. 65 (S.D.N.Y. 2000) ...................................................................... 11

*Bolanos v. Norwegian Cruise Lines*
   212 F.R.D. 144 (S.D.N.Y. 2002) .................................................................... 12

*Briceno v. USI Servs. Grp.*
   09 Civ. 4252 (JS)(AKT), 2012 WL 4511626 (E.D.N.Y. Sept. 28, 2012) ............... 17

*ConRail v. Town of Hyde Park*
   41 F.3d 473 (2d Cir. 1995) .............................................................................. 7

*Cromer Finance v. Berger*
   205 F.R.D. 113 (S.D.N.Y. 2001) .................................................................... 11

*Cutler v. Perales*
   128 F.R.D. 39 (S.D.N.Y. 1989) ...................................................................... 11

*D'Arpa v. Runway Towing Corp.*
   12 Civ. 1120 (JG)(RER), 2013 WL 3010810 (E.D.N.Y. June 18, 2013) ............... 10

*Damassia v. Duane Reade*
   250 F.R.D. 152 (S.D.N.Y. 2008) .................................................................... 14

*Daniels v. City of New York*
   198 F.R.D. 409 (2001) ..................................................................................... 8

*Donovan v. Burger King Corp.*
   675 F.2d 516 (2d Cir. 1982) .......................................................................... 14

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ....................................................................... 11

*Hirschfeld v. Stone*
   193 F.R.D. 175 (S.D.N.Y. 2000) .................................................................... 12

*Iglesias-Mendoza v. La Belle Farm*
   239 F.R.D. 363 (S.D.N.Y. 2007) ......................................................... 12, 15, 16

*IPO Sec. Litig., In re*
　471 F.3d 24 (2d Cir. 2006) ................................................................. 5, 6

*Jankowski v. Castaldi*
　01 Civ. 164 (SJF)(KAM), 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006) ............................ 10, 14

*Khait v. Whirlpool*
　06 Civ. 6381 (RRM)(ALC), 2009 WL 6490085 (E.D.N.Y. Oct. 1, 2009) ..................... 7, 9, 10

*Marisol A. v. Giuliani*
　126 F.3d 372 (2d Cir. 1997) ................................................................. 8

*Meyer v. U.S. Tennis Ass'n*
　297 F.R.D. 75 (S.D.N.Y. 2013) ............................................................. 8

*Moore v. PaineWebber*
　306 F.3d 1247 (2d Cir. 2002) ............................................................. 7

*MTBE Prod. Liab. Litig., In re*
　241 F.R.D. 435 (S.D.N.Y. 2007) ......................................................... 6, 11

*Nasdaq Mkt.-Makers Antitrust Litig., In re*
　169 F.R.D. 493 (S.D.N.Y. 1996) .......................................................... 13

*Nassau Cnty. Strip Search Cases, In re*
　461 F.3d 219 (2d Cir. 2006) ............................................................. 13

*Noble v. 93 Univ. Place Corp.*
　224 F.R.D. 330 (S.D.N.Y. 2004) .......................................................... 10

*NTL Sec. Litig., In re*
　02 Civ. 3013 (LAK)(AJP), 2006 WL 330113 (S.D.N.Y. Feb. 14, 2006) ..................... 8

*Odom v. Hazen Transp.*
　275 F.R.D. 400 (W.D.N.Y. 2011) .......................................................... 10

*People United for Children v. City of New York*
　214 F.R.D. 252 (S.D.N.Y. 2003) .......................................................... 7

*Robinson v. Metro-North*
　267 F.3d 147 (2d Cir. 2001) ............................................................. 11

*Romero v. Producing Dairy Foods*
　235 F.R.D. 474 (E.D. Cal. 2006) ......................................................... 15

*Shahriar v. Smith & Wollensky Rest. Grp.*
　659 F.3d 234 (2d Cir. 2011) ............................................................. 16, 17

*Sharif v. N.Y.S. Dep't of Educ.*
　127 F.R.D. 84 (S.D.N.Y. 1989) ........................................................... 7

*Tierno v. Rite Aid Corp.*
　05 Civ. 2520 (TEH), 2006 WL 2535056 (N.D. Cal. Aug. 31, 2006) ....................... 14

*U.S. Foodservice Pricing Litig., In re*
    729 F.3d 108 (2d Cir. 2013) *cert. denied*,
    13-873, 2014 WL 271926 (U.S. Apr. 28, 2014) ..................................................... 13

*Velez v. Majik Cleaning Serv.*
    03 Civ. 8698 (SAS), 2005 WL 106895 (S.D.N.Y. Jan. 19, 2005) ........................... 14

*Wal-Mart Stores v. Dukes*
    131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) .......................................................... 9, 10

*Wilder v. Bernstein*
    499 F. Supp. 980 (S.D.N.Y. 1980) ....................................................................... 11

**Statutes**

29 U.S.C. § 216 ........................................................................................................ 1

29 U.S.C. § 216(b) ................................................................................................ 1, 7

29 U.S.C. §§ 201–19 ............................................................................................ 1, 16

**Rules**

FED. R. CIV. P. 23 .......................................................................................... passim

FED. R. CIV. P. 23(a) ..................................................................................... 5, 7, 8

FED. R. CIV. P. 23(a)(1) ................................................................................... 5, 7

FED. R. CIV. P. 23(a)(2) ................................................................................... 5, 8

FED. R. CIV. P. 23(a)(3) ................................................................................. 5, 11

FED. R. CIV. P. 23(a)(4) ........................................................................... 5, 12, 13

FED. R. CIV. P. 23(b)(3) ...................................................................... 5, 6, 13, 16

FED. R. CIV. P. 23(b)(3)(A) ................................................................................. 6

FED. R. CIV. P. 23(b)(3)(B) ................................................................................. 6

FED. R. CIV. P. 23(b)(3)(C) ................................................................................. 6

FED. R. CIV. P. 23(b)(3)(D) ................................................................................. 6

FED. R. CIV. P. 23(g)(1) ..................................................................................... 17

## PRELIMINARY STATEMENT

Plaintiffs Fernando Hernandez, Kenneth Chow, Bryant White, David Williams, Marquis Acklin, Cecilia Jackson, Theresa Jackson, Michael Lattimore, and Juany Guzman (collectively "Plaintiffs") respectfully submit this Memorandum of Law in support of Plaintiffs' Motion for Preliminary Class Action Certification pursuant to FED. R. CIV. P. 23 for claims brought under 12 NYCRR § 141 of the N.Y. LAB. LAW.  Plaintiffs' Motion is supported by the Declaration of Walker G. Harman, Jr., dated May 20, 2014 ("Harman Decl.") and the exhibits annexed thereto.

Plaintiffs are delivery drivers, formerly employed by Defendants.  On June 1, 2012, Plaintiffs filed this Action as a collective action under 29 U.S.C. § 216 for claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19 ("FLSA"), and a putative class action under FED. R. CIV. P. 23 for claims under N.Y. LAB. LAW.  Plaintiffs sought unpaid overtime compensation, liquidated damages, interest, and attorneys' fees.  Plaintiffs seek preliminary Class Action Certification on behalf of all non-exempt persons employed by Defendants as delivery drivers on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

## RELEVANT PROCEDURAL HISTORY

On June 1, 2012, Plaintiffs commenced this Action.

On September 24, 2012, Plaintiffs filed a Motion for Preliminary Class Certification under 29 U.S.C. § 216(b).

On October 26, 2012, Plaintiffs filed an Amended Complaint.

On November 19, 2012, Defendants filed their Answer to the Amended Complaint.

On November 21, 2012, this Court ordered that a collective action notice be disseminated no later than November 30, 2012.

On December 4, 2012, this Court further ordered that opt-in notices be sent directly to the Clerk of Court.

On February 7, 2013, Plaintiffs moved for Class Certification under FED. R. CIV. P. 23. The Motion was denied without prejudice on or about July 28, 2013.

Discovery closed on December 20, 2013.

On January 24, 2014, Defendants moved for Summary Judgment on the issue of misclassification for decertification of the Collective Action.

On February 14, 2014, Plaintiffs opposed Defendants' Motion for Summary Judgment.

On February 21, 2014, Plaintiffs cross-moved for Partial Summary Judgment on the issue of misclassification, arguing that the drivers were in fact employees.

On March 14, 2014, Defendants opposed Plaintiffs' Cross-Motion for Partial Summary Judgment.

On March 28, 2014, Plaintiffs replied to Defendants' Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment and Defendants replied to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment.

## STATEMENT OF FACTS

Plaintiffs are delivery drivers (hereafter referred to as "Drivers") who worked for Defendants during the Class Period whom Defendants misclassified as independent contractors. *See* Affidavit of Plaintiff Fernando Hernandez sworn to February 1, 2013 ("Hernandez Aff.") ¶¶ 1, 8 (Harman Decl., Ex. A); Affidavit of Plaintiff Kenneth Chow sworn to February 1, 2013 ("Chow Aff.") ¶¶ 1, 8 (Harman Decl., Ex. B); Affidavit of Plaintiff Juany Guzman sworn to

February 6, 2013 ("Guzman Aff.") ¶¶ 1, 8 (Harman Decl., Ex. C); Affidavit of Plaintiff Marquis Acklin sworn to January 25, 2013 ("Acklin Aff.") ¶¶ 1, 6 (Harman Decl., Ex. D); Plaintiff Juan Correa's September 20, 2013 Deposition ("Correa Dep.") 53:19–21 (Harman Decl., Ex. E); Plaintiff David A. Williams's October 3, 2013 Deposition ("Williams Dep.") 10:18–11:12 (Harman Decl., Ex. F); Plaintiff Theresa Jackson's October 2, 2013 Deposition ("Jackson Dep.") 8:16–9:6 (Harman Decl., Ex. G); Plaintiff Marquis Acklin's October 2, 2013 Deposition ("Acklin Dep.") 6:25–7:3 (Harman Decl., Ex. H).   Defendants are various closely related companies and individuals that make up a food delivery business for which Drivers carry pre-prepared meals to Defendants' clients throughout the tri-state area.   *See* Defendant Yuda Schlass's September 11, 2013 Deposition ("Schlass Dep.") 28:4–32:14, 38:3–8 (Harman Decl., Ex. I); Plaintiff Kenneth Chow's September 24, 2013 Deposition ("Chow Dep.") 68:24–69:16 (Harman Decl., Ex. J).

The responsibilities of the Drivers included reporting to the Brooklyn facility (the "Brooklyn Kitchen") at fixed times, preparing and waiting for the meals to be ready for delivery, obtaining their delivery routes or assignments, placing or loading the meals into their vehicles, delivering them to the customers, and picking up used Fresh Diet meal delivery bags.   *See* Plaintiff Fernando Hernandez's September 17, 2013 Deposition ("Hernandez Dep.") 32:12–23 (Harman Decl., Ex. K); Plaintiff Danny DeLarosa's October 28, 2013 Deposition ("DeLarosa Dep.") 33:16–23 (Harman Decl., Ex. L); Jackson Dep. 54:17–55:18; Correa Dep. 34:8–14; Chow Dep. 49:14–50:7; Williams Dep. 21:14–22:7; Chow Aff. ¶ 5; Hernandez Aff. ¶ 5; Guzman Aff. ¶ 5; Acklin Aff. ¶ 3.   After completing their delivery routes, the Drivers would return to the Brooklyn Kitchen to check in, complete required paperwork, and return empty meal delivery bags.   *See* Plaintiff Juany Guzman's October 7, 2013 Deposition ("Guzman Dep.") 36:21–37:5

(Harman Decl., Ex. M); Jackson Dep. 55:19–57:3; Hernandez Dep. 43:25–46:15; Chow Dep. 87:4–89:4.  The Drivers worked full time.  DeLarosa Dep. 9:12–14; Hernandez Dep. 26:2–7. They had to be available for Defendants day and night.  Correa Dep. 55:11–19.  Plaintiffs with employment outside of Fresh Diet generally had to quit their outside jobs.  Acklin Dep. 70:3–7; Jackson Dep. 28:8–29:13.  Correa Dep. 55:11–19.  DeLarosa Dep. 16:11–23.

Drivers were paid fifty cents ($0.50) per mile and one dollar ($1.00) per stop.  Correa Dep. 50:2–5; Jackson Dep. 31:19–22.  The Drivers generally owned their own vehicles and paid for their repairs as well as the maintenance for their vehicles.  Correa Dep. 25:7–9, 49:11–15; Jackson Dep. 66:7–67:7; Williams Dep. 48:25–49:5.  Defendants reimbursed the Drivers for money spent on tolls.  Correa Dep. 49:7–10; Jackson Dep. 100:13–14; Chow Dep. 155:8–10.

New York Regional Delivery Manager, Defendant Syed Hussain, set the Drivers' schedules.  Chow Aff. ¶ 10(d); Hernandez Aff. ¶ 10(d); Guzman Aff. ¶ 10(d).  DeLarosa Dep. 16:11–23; Correa Dep. 21:17–24.  Defendant Hussain told the Drivers in what order to make deliveries; if changes were made in the delivery order, the Drivers had to report to Mr. Hussain. Correa Dep. 38:14–22; Jackson Dep. 92:15–94:14; Williams Dep. 88:5–13.  Hussain would give each Driver an ordered list with a number of each meal and the Drivers would have to put the time down that they arrived, the time they dropped it off at the house, and the amount of bags that they picked up.  Correa Dep. 34:19–25, Jackson Dep. 56:18–57:17, DeLarosa Dep. 38:3–8. He was in constant contact with the Drivers while they made deliveries and would give them additional assignments.  Correa Dep. 35:19–36:18; Guzman Dep. 133:23–134:2; Chow Dep. 169:8–23; Hussain Dep. 141:12–18.  Defendant Syed Hussain oversaw deliveries, hired drivers, created routes, and assigned Drivers routes.  Chow Dep. 23:5–9; Jackson Dep. 32:10–15; Correa Dep. 52:7–11.  He disciplined the Drivers.  For example, if the Drivers did not return to

Defendants' facilities to return that day's paperwork, he would threaten them with termination, withhold their pay, or change their routes.  Acklin Dep. 54:11–56:17; Chow Dep. 117:20–119:17, 133:20–134:24; Guzman Dep. 105:13–106:9; Hernandez Dep. 76:19–78:12.  Further, the Drivers requested time-off from Mr. Hussain when they had personal issues or were sick.  Guzman Dep. 46:11–47:15; Jackson Dep. 23:13–17.

Defendants enforced policies and procedures that the Drivers were required to follow.  Schlass Dep. 80:19–81:25; Guzman Dep. 29:19–31:25; Chow Dep. 116:10–15.  The Drivers had to come to work each day with Defendants' company identification cards and company equipment.  Chow Dep. 38:9–39:4, 42:12–24; Correa Dep. 54:11–16.  Moreover, the Drivers were in constant, real-time communication with Defendants throughout their deliveries.  Chow Dep. 168:16–169:19; Hussain Dep. 93:16–21.  Defendants even issued walkie-talkies in order to maintain the constant communication.  Correa Dep. 54:3–8.

## ARGUMENT

### I.    Legal Standards for Class Action Certification

Class Certification is appropriate where plaintiffs satisfy the prerequisites of FED. R. CIV. P. 23(a), and here, a Class Action should be maintained under FED. R. CIV. P. 23(b)(3).  *In re IPO Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).  FED. R. CIV. P. 23(a) permits class certification if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(1)–(4).  Plaintiffs satisfy FED. R. CIV. P. 23(b)(3) if questions of law or fact common to members of the class predominate over any questions affecting only individual members and a class action would be

superior to other methods for the fair and efficient adjudication of the controversy.  FED. R. CIV.

P. 23(b)(3).  The matters pertinent to certification include:

> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;

> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

> (D)   the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3)(A)–(D).

Given Plaintiffs' interest in delegating the prosecution of this action to Plaintiffs' counsel, bolstered by their desire to combine forces rather than to bring individual lawsuits, class certification is ripe.  *See* FED. R. CIV. P. 23(b)(3)(A).  Similarly, this action was brought to this Court nearly two (2) years ago.  One of the only methods Defendants' employees and former employees have to mitigate their copious damages is to be class-certified.  *See* FED. R. CIV. P. 23(b)(3)(B).  Given that this Court is also hearing a substantially similar FLSA collective action, the Court is the most efficient venue to address Plaintiffs' proposed class action under N.Y. Lab. Law, which for these purposes is virtually identical to the FLSA in these regards.  *See* FED. R. CIV. P. 23(b)(3)(C).  There should be no difficulties in managing a class action as Plaintiffs are already assembled under the collective action so little additional management will be required. *See* FED. R. CIV. P. 23(b)(3)(D).

In considering whether to certify a class, the district court should not assess any aspect of the merits unrelated to a FED. R. CIV. P. 23 requirement.  *IPO*, 471 F.3d at 41; *In re MTBE Prod. Liab. Litig.*, 241 F.R.D. 435, 443 (S.D.N.Y. 2007).  Although the district court has discretion as to whether to certify a class, the United States Court of Appeals for the Second Circuit is

noticeably "less deferential . . . when that court has denied class status than when it has certified a class." *Moore v. PaineWebber*, 306 F.3d 1247, 1252 (2d Cir. 2002).  Courts must err "in favor and not against the maintenance of a class action." *People United for Children v. City of New York*, 214 F.R.D. 252, 255 (S.D.N.Y. 2003) (citing *Sharif v. N.Y.S. Dep't of Educ.*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989)).

## II.     The Proposed Class Meets All Fed. R. Civ. P. 23(a) Requirements

The proposed Class meets all of the requirements for class action certification under Fed. R. Civ. P. 23(a): (i) numerosity, (ii) commonality, (iii) typicality, and (iv) adequacy.

### A.     There Is Numerosity under Rule 23(a)(1) because There Are Approximately One Hundred Fifty (150) Workers Who Fall Within the Putative Class

Class actions require that the proposed class be so large that joinder of all individual class members be impracticable.  Fed. R. Civ. P. 23(a)(1).  Numerosity can be presumed at a level of forty (40) members. *ConRail v. Town of Hyde Park*, 41 F.3d 473, 483 (2d Cir. 1995); *Khait v. Whirlpool Corp.*, 06 Civ. 6381 (RRM)(ALC), 2009 WL 6490085, at *2 (E.D.N.Y. Oct. 1, 2009). Here, the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is met.  The proposed class has approximately one hundred fifty (150) members.  Chow Aff., Ex. A; Hernandez Aff., Ex. A (same); Guzman Aff, Ex. A (same).

Defendants produced a list in response to Plaintiffs' Motion pursuant to 29 U.S.C. § 216(b).  That list covers a three-year (3-year) period and contains ninety-five (95) names.  The statute of limitations for claims under the N.Y. Lab. Law is six (6) years.  Therefore it stands to reason that there are at least approximately one hundred fifty (150) members in the putative class, and as many as one hundred ninety (190).

In support of this Motion Plaintiffs Chow, Hernandez, and Guzman, have sworn to affidavits in which they state that they have reviewed Defendants' December 21, 2012 list, and recognize the majority of the names that it includes.  The individuals on the list also worked as Drivers, and had the same duties, tasks, and responsibilities as Plaintiffs.  Further, they reported to Defendant Hussain and were subject to his supervision, direction, and control.  Correa Dep. 34:19–25, 35:19–36:18, 38:14–22; Jackson Dep. 92:15–94:14; Guzman Dep. 133:23–134:2; Chow Dep. 169:8–23; Hussain Dep. 141:12–143:9.

### B.   There Is Commonality under 23(a)(2) Because the Putative Class Members Were Victims of the Same Illegal Conduct

FED. R. CIV. P. 23(a)(2) requires questions of law or fact common to the class.  FED. R. CIV. P. 23(a).  That common contention must be of such a nature that it is capable of classwide resolution.  *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374, 380–90 (2011).  However, the commonality requirement "[is] satisfied if the class shares even one common question of law or fact."  *In re NTL Sec. Litig.*, 02 Civ. 3013 (LAK)(AJP), 2006 WL 330113, at *6 (S.D.N.Y. Feb. 14, 2006) (internal citations and quotations omitted); *accord Daniels v. City of New York*, 198 F.R.D. 409, 417 (2001) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166–67 (2d Cir. 1987)).  The commonality requirement is satisfied when, as here, the plaintiffs' injuries resulted from the same practice or policy that injured the proposed class members.  *Daniels*, 198 F.R.D. at 417; *see also Marisol A. v. Giuliani*, 126 F.3d 372, 376–77 (2d Cir. 1997).

The central question in this action is whether Defendants' employees were illegally misclassified as independent contractors.  When "examining commonality, a court looks to 'the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.' "  *Meyer v. U.S. Tennis Ass'n*, 297 F.R.D. 75, 82 (S.D.N.Y. 2013) (emphasis in

original) (quoting *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374, 390 (2011)).   The question to whether Plaintiffs and putative Plaintiffs were misclassified as independent contractors is a classwide issue that lies at the heart of the case for which Plaintiffs respectfully seek the Court's judgment.   Because this question is common to all Plaintiffs and the putative class, Plaintiffs satisfy the FED. R. CIV. P. 23 requirements for commonality.   Here, all of Plaintiffs' claims share the same common nucleus of facts and the applicable laws are expressly identical or materially indistinguishable.   Plaintiffs' work was entirely alike:

> All New York City-area Drivers performed the same type of work.   That is, each one showed up to The Fresh Diet, Inc.'s Brooklyn facility [kitchen] at their assigned time, each would receive his route assignment for their shift, each one would take the food that was prepared in the kitchen, by the kitchen staff, and then deliver it.   There were no meaningful differences between the duties, tasks and responsibilities of the different Drivers.

Hernandez Aff. ¶ 10(i); Chow Aff. ¶ 10(h); Guzman Aff. ¶ 10(i).

Plaintiffs were all misclassified by Defendants as independent contractors.   Defendants controlled the Drivers' work schedules.   Chow Aff. ¶ 10(a)–(k); Hernandez Aff. ¶ 10(a)–(k); Guzman Aff. ¶ 10(a)–(k); Correa Dep. 21:17–24, 30:10–11.   The Drivers were under the supervision of Defendants at all times, and specifically, under the supervision of named Defendant Syed Hussain, who was their direct supervisor.   *Id.*; Hernandez Aff. ¶ 10(a)–(k); Chow Aff. ¶ 10(a)–(k); Correa Dep. 36:12–37:9.   The Drivers could not deviate from their assigned duties or they would be terminated.   Hernandez Aff. ¶ 10(L); Guzman Aff. ¶ 10(L); Hernandez Dep. 40:9–12.   The instant case turns on the same issues as those in *Khait v. Whirlpool*, where this Court found that the plaintiffs and class members shared common issues of fact and law.   06 Civ. 6381 (RRM)(ALC), 2009 WL 6490085, at *2 (E.D.N.Y. Oct. 1, 2009). These issues included whether the plaintiffs were properly classified as exempt from overtime eligibility during the class period, whether they performed unpaid work, whether any unpaid

work was compensable under the applicable wage-and-hour laws, and whether the defendants failed to pay the plaintiffs and class members overtime premium pay for all hours they worked over forty (40) in a workweek.  *Id*.

New York Courts have consistently held that workers who claim that their employers unlawfully denied them overtime wages to which they are legally entitled meet the commonality prerequisite for class certification.  *D'Arpa v. Runway Towing Corp*., 12 Civ. 1120, 2013 WL 3010810, at *20 (E.D.N.Y. June 18, 2013); *see Jankowski v. Castaldi*, 01 Civ. 164 (SJF)(KAM), 2006 WL 118973, at *2–3 (E.D.N.Y. Jan. 13, 2006).  In *Odom v. Hazen Transp*., a post-*Dukes* decision, the named plaintiffs also worked as delivery drivers for the defendants and alleged that the defendants incorrectly classified them as independent contractors.  275 F.R.D. 400, 408 (W.D.N.Y. 2011).  The plaintiffs contended that they were employees of Hazen by virtue of the degree of control that Hazen exerted over their hours, ability to work for other companies, delivery routes, and attire.  *Id*. at 405.  The U.S. District Court for the Western District of New York found that the plaintiffs satisfied the commonality requirement because the central question as to whether the defendant was an employer was an issue common to all plaintiffs, and central to a resolution of the claims.  *Id*. at 408.  Here, Plaintiffs all claim that Defendants were their employers, and therefore, the issue of misclassification is common and central to the resolution of the claims.

Furthermore, differences among class members as to the number of hours worked, the exact work they performed, and the amount of pay they received does not affect the amenability of their claims to Rule 23 certification.  *Alleyne v. Time Moving & Storage*, 264 F.R.D. 41, 49–50 (E.D.N.Y. 2010); *Noble v. 93 Univ. Place Corp*., 224 F.R.D. 330, 343 (S.D.N.Y. 2004); *Ansoumana v. Gristede's Operating Corp*., 201 F.R.D. 81, 86 (S.D.N.Y. 2001).  All questions of

fact and law need not be common to satisfy the rule, and the existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–20 (9th Cir. 1998); *accord Berwecky v. Bear Stearns*, 197 F.R.D. 65, 68 (S.D.N.Y. 2000) (same); *see also Wilder v. Bernstein*, 499 F. Supp. 980, 992 (S.D.N.Y. 1980).

> **C.**   **There Is Typicality under 23(a)(3) because Each Putative Class Member's Claim Arises from the Same Course of Events and Each Putative Class Member Makes the Same Legal Arguments to Prove Defendants' Liability**

FED. R. CIV. P. 23(a)(3) requires that the claims of the class representative be typical of those of absent class members. *Amchem Prods. v. Windsor*, 521 U.S. 591, 607, 117 S. Ct. 2230, 2242, 138 L. Ed. 2d 689, 703 n.11 (1997). The claims or defenses of a proposed class representative, are typical when they arise from the same general course of events as those of the absent class members, and they rely on "similar legal arguments" to prove the defendant's liability. *Robinson v. Metro-North*, 267 F.3d 147, 155 (2d Cir. 2001). The typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *MTBE*, 241 F.R.D. at 444 (citations omitted). The purpose of the typicality requirement is to ensure that maintenance of a class action is economical and that the named plaintiffs' claims and the class claims are so intertwined that the interests of the class members will be fairly and adequately protected in their absence. *Cromer Finance v. Berger*, 205 F.R.D. 113, 122 (S.D.N.Y. 2001). Viewed in the most practical way, typicality is present when all members of the putative class would benefit by the success of the named plaintiff. *Cutler v. Perales*, 128 F.R.D. 39, 45 (S.D.N.Y. 1989) (citations omitted).

Further, courts have found the typicality requirement satisfied despite the existence of factual variations among the plaintiffs. *Iglesias-Mendoza v. La Belle Farm*, 239 F.R.D. 363, 371 (2007). As long as plaintiffs assert that defendants committed the same wrongful acts in the same manner against all members of the class, they establish typicality. *Id*. (citing *Bolanos v. Norwegian Cruise Lines*, 212 F.R.D. 144, 154–55 (S.D.N.Y. 2002)).

Here, the violations suffered by Plaintiffs are typical of those of the class they seek to represent. All claims arise out of Defendants' policy of misclassifying their drivers as independent contractors. Defendants assert the same affirmative defense for all Plaintiffs: their specious allegation that Plaintiffs were not employees. Plaintiffs' claims are based on the same legal theory: that they are in fact hourly employees, subject to minimum wage and overtime laws of the state of New York. Chow. Aff. ¶¶ 6, 8, 10(a), 10(d), 10(g), 11–12; Hernandez Aff. ¶¶ 7–8, 10(a), 10(d), 10(g), 11–12; Guzman Aff. ¶¶ 6, 8, 10(a), 10(d), 10(g), 11–12; Jackson Aff. ¶¶ 3–8; Acklin Aff. ¶¶ 3–8. They were all drivers who delivered meals at set schedules controlled by Defendants.

### D. The Plaintiffs Are Adequate Class Representatives under 23(a)(4) because Plaintiffs Have Personal Knowledge of Essential Facts and the Resolution of Their Overtime Claims Would Resolve the Claims of the Putative Class

FED. R. CIV. P. 23(a)(4) requires that class representatives must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Courts have held that when the class comprises relatively low-skilled laborers, the rigid application of the requirement is inappropriate. *Iglesias-Mendoza*, 239 F.R.D. at 373. Here, Plaintiffs fairly represent the proposed class as they have no conflict with any class members because they were all subjected to the same unlawful conduct as other class members. *Hirschfeld v. Stone*, 193 F.R.D. 175 at 183. Plaintiffs all have personal knowledge of the essential facts. Chow Aff. ¶¶ 9–11;

Hernandez Aff. ¶¶ 9–11; Guzman Aff. ¶¶ 9–11; Jackson Aff. ¶¶ 7–8; Acklin Aff. ¶¶ 7–8. Accordingly, Plaintiffs satisfy the requirements of FED. R. CIV. P. 23(a)(4).

### III.   The Proposed Class Satisfies FED. R. CIV. P. 23(b)(3)

Under FED. R. CIV. P. 23(b)(3), class certification is appropriate if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class litigation is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). As a general matter, the predominance inquiry of Rule 23(b)(3) tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 225 (2d Cir. 2006). Here, all of Plaintiffs' claims revolve around a common question: whether Defendants misclassified the drivers as independent contractors, and failed to pay them the wages they were legally owed. Chow. Aff. ¶¶ 6, 8, 10(a), 10(d), 10(g), 11–12; Hernandez Aff. ¶¶ 7–8, 10(a), 10(d), 10(g), 11–12; Guzman Aff. ¶¶ 6, 8, 10(a), 10(d), 10(g), 11–12; Jackson Aff. ¶¶ 3–8; Acklin Aff. ¶¶ 3–8. These questions and their many common subsidiary issues should be adjudicated on a class-wide basis.

### A.   Common Legal or Factual Issues Predominate

To satisfy predominance under FED. R. CIV. P. 23(b)(3), plaintiffs must establish that the issues in the class action that are subject to generalized proof and are applicable to the class as a whole predominate over issues that are subject to individualized proof. *In re U.S. Foodservice Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013) *cert. denied*, 13-873, 2014 WL 271926 (U.S. Apr. 28, 2014). Predominance is generally satisfied unless it is clear that individual issues will "overwhelm" the common questions. *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 515 (S.D.N.Y. 1996). Courts have repeatedly certified classes of employees seeking

overtime compensation under the different statutes, finding that common questions predominate over individualized inquiries. *See, e.g.*, *Velez v. Majik Cleaning Serv.*, 03 Civ. 8698 (SAS), 2005 WL 106895, at *4 (S.D.N.Y. Jan. 19, 2005); *see also Tierno v. Rite Aid Corp.*, 05 Civ. 2520 (TEH), 2006 WL 2535056 (N.D. Cal. Aug. 31, 2006) (finding that common questions predominate due to the defendant's standardized policies throughout its stores and certifying a class action under California law and notice of FLSA action); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. at 89 (S.D.N.Y. 2001) (certifying New York State Law class after finding that common issues predominated over individual ones "because each Plaintiff class member did substantially the same type of work, for the same type of employer, and was assigned in the same sort of way, during the relevant time period.").

Class certification is particularly appropriate where, as here, class members perform similar tasks and an employer uses standardized policies and procedures. *Donovan v. Burger King Corp.*, 675 F.2d 516, 519–20 (2d Cir. 1982) (extending liability for overtime wages to all employees throughout the New York area, based on evidence of corporate standardization of job duties); *see also Jankowski*, 2006 WL 118973, at *4 (E.D.N.Y. Jan. 13, 2006) (finding predominance when "each proposed Plaintiff class member did substantially the same type of work for the same type of employer, and was assigned in the same sort of way") (citation omitted); *Damassia v. Duane Reade*, 250 F.R.D. 152, 160 (S.D.N.Y. 2008) (Lynch, J.) (finding that where "there is evidence that the duties of the job are largely defined by comprehensive corporate procedures and policies, district courts have routinely certified classes of employees challenging their classification as exempt, despite arguments about 'individualized' differences in job responsibilities.").

Here, all Plaintiffs are Drivers and had the same duties to report at fixed times, prepare and wait for the meals to be ready for delivery, obtain their delivery routes or assignments, place or load the meals into their vehicles, deliver them to the customers, and pick up used Fresh Diet meal delivery bags.  Jackson Dep. 54:17–57:17; Schlass Dep. 28:4–32:14, 38:3–8; Correa Dep. 34:8–14; Duchman Dep. 119:8–17; Chow Aff. ¶¶ 9–11; Hernandez Aff. ¶¶ 9–11; Guzman Aff. ¶¶ 9–11; Jackson Aff. ¶¶ 7–8; Acklin Aff. ¶¶ 7–8.  Defendants enforced standardized policies and procedures that the Drivers were required to follow, including the requirement that Drivers wear Defendants' company identification cards and uniforms and that they follow schedules set by Defendant Syed Hussain, the New York Regional Delivery Manager.  Chow. Aff. ¶¶ 6–12; Hernandez Aff. ¶¶ 7–12; Guzman Aff. ¶¶ 6–12; Schlass Dep. 115:17–116:5; Chow Dep. 38:9–39:4, 42:12–24; Correa Dep. 54:11–16.  Moreover, it is well established that a defendant's invocation of exceptions to overtime laws, such as the ones at issue here, often makes class action treatment particularly apt.  *See Romero v. Producing Dairy Foods*, 235 F.R.D. 474 at 487, 490 (E.D. Cal. 2006).  This is because if the defense succeeds, it could dispose of the entire litigation, and if it fails, the defense will not be an issue in subsequent individual trials.  *Id.* at 490 (internal quotations and citation omitted).

In *Iglesias-Mendoza*, the issues to be litigated were whether the class members were entitled to the minimum wage and overtime compensation for working more than forty (40) hours a week.  *Iglesias-Mendoza v. La Belle Farm*, 239 F.R.D. 363, 374 (S.D.N.Y. 2007).  The court stated that "[t]hese are about *the most perfect questions* for class treatment. Some factual variation among the circumstances of the various class members is inevitable and does not defeat the predominance requirement."  *Id.* (emphasis added).  Here, it remains undisputed that the

15

central issue to be litigated is whether Plaintiffs should have been paid overtime for working more than forty (40) hours a week.

     **B.**    **A Class Action Is Superior to Other Methods of Adjudication because It Is Extremely Unlikely that the Proposed Class Members Would Pursue Separate Actions**

FED. R. CIV. P. 23(b)(3) enumerates four (4) non-exclusive factors pertinent to determining whether a class action is superior to other methods of adjudication: (i) the class members' interests in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by or against class members; (iii) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (iv) the likely difficulties in managing a class action. In *Iglesias-Mendoza*, the court found that the superiority requirement was easily satisfied where the proposed class members are almost exclusively low-wage workers with limited resources and virtually no command of the English language or familiarity with the legal system. 239 F.R.D at 373. Here, the proposed class members are low-wage workers with limited resources and some have virtually no grasp of the English language. It is extremely unlikely that putative class members would pursue separate actions. Further, Plaintiffs have the same interest as the class members because they all suffered from the same misclassification. All of these factors show that a class action is superior to other methods of adjudicating this Action.

     **C.**    **Class Action Certification Is Proper in the Same Litigation as FLSA Collective Action**

State law wage-and-hour disputes may be preliminarily certified as class actions pursuant to FED. R. CIV. P. 23 in the same litigation as FLSA collective action claims. *Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 248 (2d Cir. 2011). There is no basis for denying

16

motions for Class Action certification because a collective action under the FLSA is pending.  In *Shahriar*, the court stated:

> [T]he legislative history surrounding the FLSA's opt-in provision also provides no support for precluding joint prosecution of FLSA and state law wage claims in the same federal action . . . .  We do not view Congress's creation of the opt-in provision for FLSA collective actions as a choice against, or a rejection of, Rule 23's opt-out process for state law class actions.

659 F.3d 234, 248 (2d Cir. 2011).

Following joinder of issue, the plaintiffs in *Shariar* filed a motion seeking an order from the District Court certifying the class of plaintiffs, as to their state law claims, pursuant to Rule 23.  *Shariar*, 659 F.3d at 242.  This approach was followed by the Eastern District Court of New York.  *See, e.g.*, *Briceno v. USI Servs. Grp.*, 09 Civ. 4252 (JS)(AKT), 2012 WL 4511626 (E.D.N.Y. Sept. 28, 2012).

As these decisions show, there is absolutely no basis for denying preliminary certification of this matter as a class action provided that all of the requirements of FED. R. CIV. P. 23 have been met.

### D.    The Harman Firm Should Be Designated as Class Counsel Pursuant to FED. R. CIV. P. 23(g)

A "court that certifies a class must appoint class counsel" after considering counsel's experience, knowledge, and resources.  FED. R. CIV. P. 23(g)(1).  This standard is easily met as Plaintiffs have retained counsel, The Harman Firm, which is qualified and experienced in Plaintiffs' wage-and-hour litigation.  The Harman Firm has years of collective experience litigating wage-and-hour actions under federal and state laws.  The Harman Firm has successfully represented plaintiffs in these matters, and has resolved numerous complex collective and class action claims.  Harman Decl. ¶¶ 4–14.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court:

(i)      Conditionally certify a class under the N.Y. LAB. LAW pursuant to FED. R. CIV. P. 23;

(ii)     Appoint The Harman Firm, PC as Class Counsel; and

(iii)    Order such further relief as this Court may deem just and proper.

Dated: New York, New York          Respectfully submitted by:
May 20, 2014                 THE HARMAN FIRM, PC
                         *Counsel for Plaintiff*

                           s/   Walker G. Harman, Jr.
                         Walker G. Harman, Jr. [WH-8044]
                         1776 Broadway, Suite 2030
                         New York, New York 10019
                         (212) 425-2600
                         wharman@theharmanfirm.com

To:   KAUFMAN, DOLOWICH
      VOLUCK & GONZO LLP
      *Counsel for Defendants*
      Jeffery Meyer, Esq.
      Yale Pollack, Esq.
      135 Crossways Park Drive
      Woodbury, New York 11797
      (516) 681-1100
      jmeyer@kdvglaw.com
      ypollack@kdvglaw.com