UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
and JUANY GUZMAN, Each Individually, And On Behalf Of
All Other Persons Similarly Situated,

                *Plaintiffs*,

     -against-

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) a/k/a
YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, Individually,
JUDAH SCHLASS s/h/a JUDAH SCHLOSS, Individually,
and ZAIMI DUCHMAN, Individually

                *Defendants*.
------------------------------------------------------------------------X

12 CV 4339 (ALC)(JLC)

**AFFIDAVIT OF
FERNANDO
HERNANDEZ
IN SUPPORT OF
PLAINTIFFS' MOTION
FOR PRELIMINARY
CLASS ACTION
CERTIFICATION**

      **FERNANDO HERNANDEZ**, being duly sworn and subject to the penalties for perjury, deposes and says:

      1.    I am a New York resident and a former driver/food delivery employee for the Defendants.

      2.    I am a named Plaintiff in this action.  I submit this affidavit in support of Plaintiffs' motion to certify this class as a class action based on the laws of New York, with me as one of the class representatives.

1

3. I submit this affidavit based on my personal knowledge and I am prepared and competent to testify to the matters set forth in this affidavit.

4. My job responsibilities as a driver/food delivery employee consisted exclusively of showing up to The Fresh Diet, Inc.'s Brooklyn facilities, receiving instructions as to my delivery routes, obtaining prepared meals, and personally delivering them to The Fresh Diet, Inc.'s customers throughout the New York City and tri-state region, including locations in New York, New Jersey and Connecticut.  After completing my meal deliveries, I would have to return to The Fresh Diet, Inc.'s Brooklyn facilities to check in, complete required paperwork and return empty bags used for delivery.

5. Throughout my employment, my work was performed under the supervision, direction and control of Defendant Syed Hussain, who was the New York City-area Logistics Manager or Delivery Manager for The Fresh Diet, Inc. at the company's Brooklyn facility.

6. Throughout my employment, I often worked significantly in excess of forty (40) hours a week, yet was never paid overtime compensation of one and one-half (1.5) times my regular rate of pay.

7. During my employment with the Defendants, I interacted with other drivers/food delivery employees on a daily basis.  I therefore know that my own experiences were typical of how we were all supervised and compensated.  Moreover, my duties, tasks and responsibilities were, in all material respects, the same of those drivers and/or food delivery employees.

8. Based on my personal knowledge, which includes my personal experiences and observations, as well as my conversations with other drivers/food delivery employees, the following is true:

(a) All drivers who worked for Defendants in the New York City area (the "New York City-area drivers") were under the supervision, direction and control of Defendant Hussain;

(b) No New York City-area drivers could decide to agree among themselves to make changes in their assignments without those changes being authorized by Defendant Hussein.

(c) All New York City-area drivers had to report to Defendant Hussain at the beginning and end of each shift that they worked;

(d) All assignments were received from Defendant Hussain, and the New York City-area drivers had to do the work to which they were assigned;

(e) All New York City-area drivers were expected to report to work at specific times. The schedules were created by Defendant Hussain. New York City-area drivers could not decide when to show up for work. If they did not arrive at the times and dates that they were assigned, or if they arrived late, they were subject to discipline, up to, and including termination;

(f) None of the New York City-area drivers was at liberty to choose their assignments. They could not refuse to do the work to which they were assigned or refuse to perform their duties in a manner different from the directions of Defendants;

(g) All New York City-area drivers had to complete the routes to which they were assigned and to then report to Defendant Hussain. If they failed to complete their assigned routes or if they missed an assigned stop, they were subject to discipline, up to and including termination;

(h) Defendant Hussain could change driver schedules and reduce or increase assignments at his complete discretion, without advance notice to the New York City-area drivers;

(i) All New York City-area drivers performed the same type of work. That is, each one showed up to The Fresh Diet, Inc.'s Brooklyn facility at their assigned time, each would receive his route assignment for their shift, each one would take the food that was prepared in the kitchen, by the kitchen staff, and then deliver it. There were no meaningful differences between the duties, tasks and responsibilities of the different drivers;

3

(j) The work was completely standardized. All drivers had to deliver the food in the exact same way, each meal had to be delivered in a bag provided by The Fresh Diet, Inc., which drivers had to return to the Brooklyn facility. What any New York City-area driver did as far as delivering the meals to customers was the same as what any other driver did, apart from their specific route;

(k) New York City-area drivers who changed their assignments without first obtaining management's approval were subject to discipline, up to and including termination;

(l) Any driver who deviated from ¶¶ 8(a)–8(k) was subject to discipline, up to and including termination;

9. In addition to myself, I am aware and have personal knowledge that the Defendants employed many other similarly situated drivers and/or food delivery employees and routinely failed to pay them overtime compensation of one and one-half times their regular rates for those hours that they worked in excess of forty (40) per week.

10. I fully understand my responsibilities and duties as a class representative, should I be designated as such, and particularly that I would owe a duty of loyalty to the class that I represent. I understand that this means that I must look after the interests of the class, and will undertake my best efforts to vigorously prosecute the action on the class members' behalf and ensure that the class is treated fairly and its interests are protected. I will make myself available to participate in all activities required to conduct the case in a professional and effective manner, including, but not limited to locating witnesses, documents, and evidence, submitting to depositions and examinations, and attending conferences. I will not compromise the interests of the class members for my own personal gain.

11. I declare under perjury that the foregoing is true and correct.

                                                    _____
                                                      FERNANDO HERNANDEZ

Sworn to before me on: _____ \_\_\_\_ , 2013

_____
        Notary Public