# THE HARMAN FIRM, PC

ATTORNEYS & COUNSELORS AT LAW

1776 BROADWAY | SUITE 2030 | NEW YORK CITY 10019

TELEPHONE 212.425.2600 | FAX 212.202.3926

WWW.THEHARMANFIRM.COM

July 3, 2014

**VIA ECF and EMAIL (ALCarterNYSDChambers@nysd.uscourts.gov)**
Hon. Andrew L. Carter, Jr.
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street, Room 725
New York, New York 10007

      Re:    *Hernandez, et al. v. The Fresh Diet, Inc. et al.*
             12 CV 4339 (ALC)(JLC)

Dear Judge Carter:

      We represent the Plaintiffs in the above-referenced action brought under the Fair Labor Standards Act and the New York Labor Law. On July 1, 2014, we filed a Reply in support of our Motion for Class Certification. Today, July 3, 2014, Defendants' counsel submitted a letter to your Honor, wherein they object to certain aspects of our Reply. Specifically, Defendants' counsel requests that the Court i) disregard Plaintiffs' Supplemental Declaration, and ii) require the Plaintiffs to continue pursuing claims under New Jersey and Connecticut law.

      To begin with, Plaintiffs do not raise any new legal arguments in their Reply. Plaintiffs' Reply focuses on the same issues as Plaintiffs' original motion: that, by virtue of Defendants' actions, Plaintiffs and putative Plaintiffs meet the requirements for class treatment set out under Rule 23. Central to this issue is the fact that Defendants treated Plaintiffs in the same manner – an argument put forth in Plaintiffs' original Motion. Defendants challenged this assertion in their Opposition papers; Plaintiffs, in turn, provided examples of a common employment agreement and common workplace documentation to rebut Defendants' assertions, as is proper in a Reply. The cases cited in Defendants' counsel's letter note only that new arguments may not be introduced in the reply stage – Plaintiffs do not introduce new arguments. Plaintiffs only submit evidence obtained in discovery to bolster arguments made in the original Motion, arguments attacked in Defendants' Opposition.

      Next, Plaintiffs' decision to rely on New York law alone, and forego any claims under New Jersey or Connecticut law, does not change the theory of relief sought in this case, as Defendants' counsel asserts. Defendants' counsel is fixated on a mere pleading technicality. Plaintiffs' Complaint was crafted using the best information available at the time, but as discovery progressed it became clear that potential claims under New Jersey and Connecticut law were moot, as all Plaintiffs, opt-in Plaintiffs, and putative Plaintiffs

reported to the Brooklyn location for work. Evidence obtained during discovery, including, deposition testimony reveals that Plaintiffs and putative Plaintiffs all worked in New York. Documents unearthed during discovery indicate that all Plaintiffs and putative Plaintiffs worked in New York. Plaintiffs therefore have no legal basis to continue to press claims regarding Connecticut and New Jersey law. Accordingly, Plaintiffs focus on the New York law claims common to all Plaintiffs and putative Plaintiffs.

Plaintiffs rely on New York law in the original Complaint, and focus on New York law in their Original Motion; there is no mention of New Jersey or Connecticut law in Plaintiffs' supporting Memorandum of Law. Thus, it cannot be said that Plaintiffs' reliance on New York law is novel to the Reply.[1] However, if the Court deems necessary, Plaintiffs are prepared to promptly amend their Complaint to cite New York law only.

Plaintiffs' Reply is proper. It rebuts Defendants' Opposition, and supports the arguments set forth in Plaintiffs' original Motion. The Reply does not introduce new legal arguments. As such, Plaintiffs respectfully request that the Court consider their Reply submission *in toto*.

Respectfully submitted,
THE HARMAN FIRM, PC


  s/   Walker G. Harman, Jr.
Walker G. Harman, Jr.

cc:     Jeffery A. Meyer, Esq. (via email & ECF)
        Yale B. Pollack, Esq. (via email& ECF)

---

[1] In fact, Plaintiffs' Motion papers are titled "Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Class Action Certification Pursuant to Fed. R. Civ. P 23 Regarding New York Labor Law Claims.