UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
And JUANY GUZMAN, *each individually, and on
behalf of all other persons similarly situated*,

                Plaintiff,　　　　　　　　　　12 CV 4339 (ALC)(JLC)

         v.　　　　　　　　　　　　　　　　　　MEMORANDUM OF LAW

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES,
INC. (FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) AKA
YS CATERING HOLDINGS, INC. (FL) DBA
YS CATERING, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, *individually*,
JUDAH SCHLOSS, *individually*, *and*
ZAIMI DUCHMAN, *individually*,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION TO
WITHDRAW AS COUNSEL FOR CERTAIN PLAINTIFFS**

      Pursuant to Local Civil Rule 1.4, The Harman Firm, PC (the "Firm"), attorneys of record for Plaintiffs in the above-captioned matter, respectfully submits this Memorandum of Law in support of its motion for leave to withdraw as counsel of record for Plaintiffs Bryant White and Teresa Jackson in this action.

**I.**    **Procedural Posture of Case and Factual Basis Underlying Motion to Withdraw.**

      1.    The above-captioned matter was initiated in this Court for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs allege that Defendant failed to properly compensate Plaintiffs for overtime worked under the

FLSA/NYLL.

2. The posture of the case is as follows: The class has been decertified and, therefore, the action is no longer proceeding as a collective action.[1] Discovery has been completed; by Order of the Hon. Andrew L. Carter dated March 22, 2015, this case is directed to proceed to mediation, presently scheduled to take place on June 10, 2015.

3. Plaintiffs Bryant White and Teresa Jackson in this action repeatedly are uncooperative and fail to communicate with the Firm, notwithstanding the Firm's extensive, continuous efforts to communicate with them during the proceedings, settlement negotiations, and the like. The Firm does not believe there is any existing relationship that would allow representation of these Plaintiffs to proceed effectively.

4. Furthermore, Plaintiffs White and Jackson also have insisted on settlement demands that the Firm believes are unreasonable and not obtainable under the facts and circumstances of this case.

## II. Legal Basis Underlying Motion to Withdraw as Counsel.

5. Civil Local Rule 1.4 states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or other satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

6. District courts must analyze two (2) factors when considering a motion to withdraw: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *E.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No.

---

[1] Seven (7) Opt-in Plaintiffs in this action have filed a new lawsuit entitled *Hernandez v. The Fresh Diet, Inc. et. al.*, 15 Civ. 1338 in their individual capacities alleging, wage and hour violations.

08 Civ. 6469, 2011 WL 672245, at *1 (S.D.N.Y Feb. 17, 2011); *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653, 2014 WL 6386731, at *3 (S.D.N.Y. Nov. 13, 2014) ("In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding") (internal quotation mark omitted).

7. "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer*, 2014 WL 6386731, at *3 (internal quotation mark omitted).  Satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub Health Solutions*, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting withdrawal motion where client refused to communicate and cooperate with counsel); *Liang v. Lucky Plaza Rest.*, No. 12-CV-5077, 2013 WL 3757036, at *2 (S.D.N.Y. Jul. 17, 2013) (allowing counsel to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York*, No. 04-CV-1105, 2008 WL 2843804, at *1 (S.D.N.Y. Jul. 15, 2008) (finding plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and acrimonious relationship that ha[d] developed between the law firm and the plaintiff").

8. For the reasons set for the Point I, supra, there has been an irreconcilable breakdown in the attorney–client relationship between the Firm and Plaintiffs White and Jackson: these Plaintiffs are not cooperating or communicating with the Firm, there is a conflict regarding settlement negotiations, and the like, such that the Firm cannot continue

effective representation of these Plaintiffs in this action.[2]

9. In accordance with Local Civil Rule 1.4, the Firm is not asserting a retaining or charging lien.

**WHEREFORE**, it is respectfully requested that this Court issue an Order permitting the Firm to withdraw as counsel of record for Plaintiffs Bryant White and Teresa Jackson in this action; and for such other and further relief as this Court deems just and proper.

Dated: New York, NY
May 19, 2015

> Respectfully submitted,
>
> **THE HARMAN FIRM, PC**
>
> */s/   Walker G. Harman*
> Walker G. Harman, Jr. (WH8044)
> *Attorneys for Plaintiffs*
> 1776 Broadway, Suite 2030
> New York, NY 10019 (212) 425-2600 Phone (212) 202-3926 Fax
> wharman@theharmanfirm.com

---

[2] It is well established that also for the above-described reasons, based upon Professional Rules of Responsibility 1.16(b)(1), 1.16(c)(1), 1.16(c)(4), 1.16(c)(7) and 1.16(c)(12), the Firm is entitled to withdraw from representation where, as here, the client makes it unreasonably difficult to represent him or her. *Steele v. Bell,* 2012 U.S. Dist. LEXIS 180405, at *6-7 (S.D.N.Y. 2012) ("Rule 1.6(c)(7) … provides that a lawyer 'may' withdraw as counsel when 'the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively….'").