# FEDER KASZOVITZ LLP
ATTORNEYS AT LAW

845 THIRD AVENUE
NEW YORK, NY 10022-6601

TELEPHONE: (212) 888-8200

E-MAIL:

FACSIMILE: (212) 888-7776

May 21, 2015

**VIA ECF**

Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Centre Street
Room 435
New York, New York 10007

   **Re: Hernandez v. The Fresh Diet, Inc., Case No.: 12-CV-4339 (ALC)(JLC)**
      **Hernandez v. The Fresh Diet, Inc., Case No.: 15-CV-1338 (ALC)**

Dear Judge Carter:

   We are counsel to The Fresh Diet, Inc. in Hernandez I (12-CV-4339) and The Fresh Diet, Inc. and Innovative Food Holdings, Inc. in Hernandez II (15-CV-1338), and write on our behalf and on behalf of the other Defendants, in response to Mr. Harman's letter of yesterday.

   Insofar as the letter has provided the Court with the status of the Court-ordered mediation in this matter – that such mediation is presently scheduled for June 10, 2015 – it is correct, and nothing more need be said.

   Counsel, however, mentioned in passing (in a footnote to his letter) that it is Defendants' view that the mediation be adjourned pending decision on Plaintiffs' counsel's motion to withdraw as to Plaintiffs Bryant White and Teresa Jackson and the expiration of any stay the Court may order in connection therewith to allow those two Plaintiffs to obtain new counsel, or otherwise apprise the Court and the parties of how they wish to proceed. Counsel stated that Plaintiffs opposed this request, but did not set forth either party's reasoning.

   The reason for Defendants' request, simply and logically, is that Defendants are unable to settle these cases piecemeal. In order to have an effective mediation, all parties having claims against the Defendants need to appear before the mediator, and make their positions clear, so that any settlement reached will be final and binding on all parties, and Defendants will achieve finality as to all claims that have been raised against them with respect to the underlying facts alleged in the Complaints. Without the possibility of such a global resolution, Defendants believe that any effort at mediation will be a waste of time.

While we strongly believe that our clients, The Fresh Diet, Inc. and Innovative Food Holdings, Inc., will bear no liability either as employers or joint employers of the Plaintiffs, and intend to make appropriate motions to dismiss in Hernandez II and for summary judgment in Hernandez I should mediation fail to produce a settlement, our clients have authorized us both to participate in mediation and to make serious settlement offers, provided that any such contemplated settlement includes all asserted and known claims against them so that our clients are not exposed to further claims after settlement.

As Your Honor may recall, the extensive settlement conference attended by the parties before Magistrate Judge Cott failed to result in a settlement. One of the principle reasons that this case could not settle at that time, as we disclosed to the Court in the March 17, 2015 status conference, was Plaintiffs' counsel's inability to account for all the Plaintiffs who had asserted claims through his office, and inability to represent to Defendants and to the Court that he had authority to agree to a global settlement on behalf of all the Plaintiffs in Hernandez I, and could not identify those additional individuals who were to become plaintiffs in Hernandez II.

Moreover, despite the fact that Plaintiffs' counsel was on notice of our clients' need for a global settlement, and despite the fact that counsel disclosed to us as early as April that he was having a problem dealing with Plaintiffs White and Jackson, counsel waited until virtually the eve of the date by which submissions to the mediator are due to make his motion, thus virtually assuring that the mediation will not result in the global settlement our clients require, especially since the Plaintiffs who are subject of the instant motion to withdraw appear to have the largest potential claims, and will thus expose Defendants to the biggest potential liability in the unlikely event that the Court finds in their favor.

Accordingly, while we do not oppose the motion to withdraw, we respectfully request that it be accompanied by an Order adjourning the mediation until the expiration of the 30 day stay suggested by Plaintiffs' counsel in his proposed order, and until such time as Plaintiffs White and Jackson inform the Court of how they wish to proceed, *i.e.* through new retained counsel, *pro se*, or some other means, so that we are assured that they are represented before the mediator during the mediation.

Finally, we apologize for this lengthy submission to the Court, and have no desire to engage in litigation by e-mail, but we would be remiss if we did not address Plaintiffs' counsel's innuendo about our failure to cooperate with respect to this status report and bring the true fact to the Court's attention. We have, throughout, been responsive to counsel's telephone and electronic communications, but it is we who have been frustrated in our ability to obtain complete information and with respect to the identities of the Plaintiffs and potential plaintiffs. Moreover, we had informed counsel that we would fully participate in a joint status letter to the Court, and counsel had represented that he would circulate a draft at about noon yesterday so it could be discussed and filed with the Court by 5:00 p.m. It was in this context that we set forth our position with respect to the adjournment of the mediation, and counsel responded that he could not consent. Unfortunately, and contrary to his representation, counsel did not circulate any draft letter, but rather filed his letter at approximately 9:40 p.m., thus ensuring that we would not have an opportunity to respond yesterday evening.

For the reasons stated herein, we respectfully support Plaintiffs' counsel's motion to withdraw, and respectfully request that the Court adjourn the mediation until the status of Plaintiffs White and Jackson is clarified. We have conferred with counsel for the other Defendants, and they join in this request.

Respectfully submitted,

FEDER KASZOVITZ LLP

By: _____

Howard I. Rhine
David Sack

cc: Walker G. Harman, Esq. (via ECF)
Jeffrey A. Meyer, Esq. (via ECF)