# THE HARMAN FIRM, PC
**Attorneys & Counselors At Law**
www.theharmanfirm.com

May 21, 2015

**<u>VIA EMAIL and ECF (ALCarterNYSDChambers@nysd.uscourts.gov)</u>**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

   Re: *Hernandez v. The Fresh Diet et al.*, 12 CV 4339 (ALC)(JLC)
      *Hernandez v. The Fresh Diet et al.*, 15 CV 1338 (ALC)

Dear Judge Carter:

  We represent Plaintiffs in the above-referenced actions. We write in response to Mr. David Sack's letter of today. This case is three (3) years old and should be settled in short order or prepared for trial.

  Plaintiffs have already participated in two (2) mediations/settlement conferences that did not result in a settlement. After the most recent March 17, 2015 mediation, Plaintiffs' counsel again diligently attempted to facilitate a global settlement, to no avail; by early May, Plaintiffs White and Jackson had taken positions that made clear that no subsequent mediation could be successful if they were involved.[1] Plaintiffs' counsel informed Plaintiffs White and Jackson of its intention to withdraw as their counsel and gave them a reasonable time to respond, which they never did. Accordingly, Plaintiffs' counsel made a timely motion to withdraw from representing Plaintiffs White and Jackson.

  Defendants' counsel contends that a principle obstacle to settling this case during the March 17, 2015 mediation was Plaintiffs' counsel's inability to account for all potential Opt-in Plaintiffs from Hernandez I. This issue has been resolved. Plaintiffs filed a second action, Hernandez II, asserting claims on behalf of responsive Opt-in Plaintiffs from Hernandez I. In a letter dated May 12, 2015, Plaintiffs' counsel identified the fourteen (14) Plaintiffs it represents and its intention to withdraw from representing Plaintiff White and Jackson. Plaintiffs' counsel stated, in no uncertain terms, that it does not represent any other individuals with claims against the Fresh Diet Defendants, and, therefore, Plaintiffs' counsel have authority to settle the claims of the listed Plaintiffs. Defendants' counsel did not respond to that letter.

---

[1] We do have settlement authority from the remaining fourteen (14) Plaintiffs on terms that our office considers fair and reasonable.

1776 Broadway, Suite 2030
New York, New York 10019
T 212 425 2600 F 212 202 3926

Plaintiffs' counsel agrees with Defendants that if Defendants' position is that they will only settle sixteen (16) and not fourteen (14) claims, i.e., a global settlement, the mediation scheduled for June 10, 2015 is already doomed to fail and will be a waste of time. As Plaintiffs' counsel has made Defendants and this Court aware, Plaintiffs White and Jackson cannot be part of a mediation if the mediation is to be successful.

If Defendants' will not attempt to resolve the claims of the fourteen (14) remaining Plaintiffs, for whom we have authority, then it is better for all parties to cancel the mediation and proceed directly to trial, as we are prepared to try the remaining fourteen (14) claims.

Respectfully submitted,

Walker G. Harman, Jr.

cc: Howard I. Rhine, Esq. (via email [hrhine@fedkas.com])
David J. Sack, Esq. (via ECF)
Jeffrey A. Meyer, Esq. (via ECF)
Aaron N. Solomon, Esq. (via ECF)