FEDER KASZOVITZ LLP
ATTORNEYS AT LAW

845 THIRD AVENUE
NEW YORK, NY 10022-6601

TELEPHONE: (212) 888-8200

FACSIMILE: (212) 888-7776

E-MAIL:

August 4, 2015

**VIA ECF**

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Centre Street
Room 435
New York, New York 10007

   **Re: Hernandez v. The Fresh Diet, Inc., et al., Case No.: 12-CV-4339 (ALC)(JLC)**

Honorable Sir:

  We represent Defendant The Fresh Diet, Inc. ("Fresh"), and write, pursuant to Your Honor's Rules of Individual Practice, and the Order issued at the July 23, 2015 conference, to request leave to file a motion for summary judgment dismissing the Complaint in its entirety as against Fresh on the ground that, irrespective of the outcome of the Court's prior determination of whether Plaintiffs were employees or independent contractors, which (together with the procedural issue of class certification) was the sole focus of the parties' prior cross-motions for summary judgment, it is undisputed that the only party for whom Plaintiffs performed services, and the party with which they had an independent contractor or employee relationship was Defendant Late Night Express Courier Services, Inc. ("Late Night"), and not Fresh. Moreover, as a matter of law, Fresh cannot be liable under the joint employer theory – not heretofore argued by Plaintiffs – because the undisputed facts demonstrate that, under the relevant criteria established by the Second Circuit and New York law, Fresh was not a joint employer.

  Although the Court denied the parties' cross-motions, reserving for trial the question of whether Plaintiffs were independent contractors or employees, the instant proposed motion is appropriate at this time because it will narrow the issues for trial by potentially removing a party defendant (and its counsel), and will narrow the issues for trial by obviating the need to try the issue of joint employer. It is well-established that successive summary judgment motions in complex or multi-party cases are appropriate under these circumstances. *See* 11 *Moore's Fed. Practice 3d* § 56.121[5] at pp. 56-306-07 (Lexis 2013) ("Moore's").

There is no question that the Court has discretion to hear this proposed motion.[1] Successive motions have been held to be proper where they do not merely seek to reargue issues previously decided by the Court, but are based on new material. *Keehan v. Keehan*, 2000 WL 502854 at *3 (S.D.N.Y. Apr. 25, 2000) (permitting a second summary judgment motion limited to issues relating to new material and not to a previously decided issue). *See Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) (citing *Kovacevich v. Kent State University*, 224 F.3d 806, 835 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment")); *Caribbean Wholesales & Service Corp. v. U.S. JVC Corp.*, 101 F.Supp.2d 236, 239 (S.D.N.Y. 2000) ("a party may renew its motion for summary judgment as long as it is supported by new material") (internal punctuation and quotation omitted); *Grabin v. Marymount Manhattan College*, 2015 WL 4040823 at *10 (S.D.N.Y. Jul. 2, 2015); *Beechwood Restorative Care Center v. Leeds*, 811 F.Supp.2d 667, 673-74 (W.D.N.Y. 2011) ("a party is not generally precluded from making successive motions for summary judgment, as long as the party is not simply asking the court to rethink its earlier decision," permitting successive motion where "defendants are not simply seeking to reargue matters they raised" on the prior motion where it was necessary for plaintiffs to prove facts as to each defendant's involvement in the allegedly offending activity). *See also*, Moore's § 56.121[1] at p. 56-299 ("courts have, in appropriate circumstances, permitted parties to address <u>different issues</u> in separate or multiple motions for summary judgment") (emphasis added).

This motion does not seek to reargue issues already decided by the Court. Although the proposed motion is not based on newly discovered facts – discovery has been closed and the record finalized – it rests on new arguments of fact and law that were not raised by either party on the prior cross-motions or presented to the Court by way of affidavit or excerpts from deposition transcripts. Thus, there can be no question that Fresh's proposed motion is not a reargument of any issues previously decided by the Court, but rather, it deals with different issues that can be disposed of as a matter of law so as to narrow the issues remaining for trial. *Cf.*, *Beechwood*, 811 F.Supp.2d at 673. The proposed motion, based on issues of law not previously raised, will dispose of the joint employer issue at the pre-trial stage, which at the very least will obviate the need to elicit testimony at trial about facts that support the absence of any indicia of a joint employer relationship on the part of Fresh.

The Court should grant Fresh permission to make this motion because it raises discrete legal issues as to which there are no material disputed facts. The record developed in discovery demonstrates that Plaintiffs did not perform their services for Fresh, but for Late Night. Late Night exercised complete control over Plaintiffs' work, including supervision, hiring

---

[1] Even courts that ultimately decided not to grant the parties the opportunity to make successive summary judgment motions held that the power to permit successive motions is within the sound discretion of the Court. Indeed, such is the case even where, unlike here, the requested relief on the second motion was <u>identical</u> to that requested on the first. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) ("the Court certainly has discretion to review a successive summary judgment motion seeking precisely the same relief as before").

and firing, pay, and maintaining employment records. It is undisputed that Fresh did not pay the drivers, did not hire or fire them (and played no role in that), and did not supervise them, or set their routes (although it did advise Late Night the terms by which all the deliveries had to be completed). Thus, as a matter of law, any relationship Plaintiffs may have had – be it as independent contractors or employees – was with Late Night, and not with Fresh, entitling Fresh to be dismissed from this action as a matter of law. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

Similarly, on the proposed motion, the Court can decide as a matter of law that Fresh has no liability as a joint employer, and should be dismissed even under that theory. *See Zheng v. Liberty Apparel Co., Inc.*, 355 F.2d 61, 76 (2d Cir. 2003). When the Court applies the economic reality test, *Goldberg v. Whitaker House Coop. Inc.*, 366 U.S. 28, 33 (1961), it will determine that Fresh did not have substantial control over the terms and conditions of Plaintiffs' employment, including the ability to hire and fire, terms and conditions of their work, and terms and conditions of pay. *See Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984); *Zheng, supra*; *Jean-Louis v. Metropolitan Cable Communications, Inc.*, 838 F.Supp.2d 111 (S.D.N.Y. 2011) (finding that Time Warner was not liable as a joint employer even where Time Warner was Metro's (the installation company and direct employer of the plaintiffs) only client, where the plaintiffs received Time Warner identification cards, Time Warner manuals and technical instructions, and were sent to locations designated by Time Warner)[2]; *Sampson v. MediSys Health Network Inc., et al.*, 10-CIV-1342 (E.D.N.Y. Feb. 9, 2012) (Report and Recommendation of Magistrate Judge Arlene Lindsay adopted by District Court Judge Sandra Feuerstein, 2012 WL 3027838 (July 24, 2012)) (no finding of joint employment where the *Zheng* factors were not met).

Because the Court can apply the *Carter/Zheng* analysis based on the factual record already developed, and because such an analysis will, we submit, lead to the finding, as a matter of law, that Fresh is not a direct or joint employer, it is respectfully requested that Fresh be permitted to advance these new arguments to the Court on this proposed motion. Because pre-trial resolution on undisputed facts through summary judgment is favored, and because a trial date has not yet even been set, it is respectfully submitted that there can be no prejudice to Plaintiffs in permitting Fresh to make its proposed motion. It is also respectfully submitted that Plaintiffs cannot be prejudiced by a claim of delay, as they were granted leave to file their cross-motion for summary judgment in February 2014, although their time to do so had already expired, and leave to renew their motion for class certification in April 2014, after the time to do so had expired.

---

[2] Indeed, in *Jean-Louis*, the Court held that Time Warner was not a joint employer despite the fact that it reviewed the performance of the individual workers on a monthly basis, and in cases where workers did not comport to its standards, instructed Metro that such workers no longer be permitted to work on Time Warner projects, effectively terminating such workers, since Time Warner was Metro's only customer. Fresh did no such independent review and recommendation with respect to Late Night's drivers.

For these reasons, it is respectfully requested that the Court grant Fresh permission to move for summary judgment dismissing the Complaint as against it, and set a briefing schedule accordingly.

Respectfully submitted,

FEDER KASZOVITZ LLP

By: _____
Howard I. Rhine

cc: Walker G. Harman, Esq. (via ECF)
Jeffrey A. Meyer, Esq. (via ECF)