# THE HARMAN FIRM, PC
**Attorneys & Counselors At Law**
www.theharmanfirm.com

August 21, 2015

**VIA EMAIL and ECF (ALCarterNYSDChambers@nysd.uscourts.gov)**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    *Hernandez et al. v. The Fresh Diet et al., 12 CV 4339 (ALC)(JLC)*
             *("Hernandez I")*

Dear Judge Carter:

We represent the Plaintiffs in the above-referenced employment action for unpaid overtime. We write in opposition to Defendant Fresh Diet Inc.'s request to file a motion for summary judgment dismissing the Complaint as against it (the "Proposed Motion"), as set forth in its August 4, 2015 letter to the Court.

I.      Introduction

On June 1, 2012, Plaintiffs filed their complaint against Defendant Fresh Diet Inc. ("Defendant" or "Fresh Diet"), among other defendants. On December 20, 2013, all discovery concluded. On January 24, 2014, Defendant filed a motion for summary judgment, seeking decertification of the collective action and the dismissal of all claims against it. In that motion, Defendant sought dismissal of Fresh Diet Inc., among other Defendants, from the action, arguing that Defendants properly classified Plaintiffs as independent contractors throughout their employment with Fresh Diet. On September 29, 2014, this Court denied that motion. Now, Defendant Fresh Diet wants a "second bite at the apple," erroneously asserting its disingenuous, novel argument that Fresh Diet did not employ Plaintiffs.

II.     The Proposed Motion is Procedurally Improper.

This Court must deny Defendant's request to submit the Proposed Motion because Defendant should have made the argument it seeks to make now in the Proposed Motion in Defendant's prior motion for summary judgment. Docket No.: 134. It is well established that a court should not exercise its discretion to review a successive summary judgment motion seeking the same relief as before where the movant has not raised any new facts or arguments which it could not have raised in the first round of briefing. *Brown v. City of Syracuse,* 673 F.3d 141,

1776 Broadway, Suite 2030
New York, New York 10019
T 212 425 2600 F 212 202 3926

147 n. 2 (2d Cir.2012); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004). Separate adjudications of piecemeal motions waste resources of both the parties and the court, which are contrary to the objectives of Rule 1 of the Federal Rules of Civil Procedure. *Tilcon Minerals, Inc. v. Orange Rockland Utils., Inc.*, 851 F. Supp. 529, 531 (S.D.N.Y. 1994); *see Siemens*, 219 F.R.D. at 554 (citing *Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)) ("[t]he Court does not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised") (internal quotes omitted); *Martal Cosmetics, Ltd. v. Int'l Beauty Exch.,* 01-cv-7595, 2007 WL 2126091, at *9 (S.D.N.Y. June 24, 2007) ("The[ ] [defendants] have improperly delayed bringing their motions to seek the unfair tactical advantage of piecemeal litigation...."); *Goktepe v. Lawrence,* 03-cv-89, 2004 WL 2516184, at *1 (D.Conn. Oct. 14, 2004) ("[t]he Court looks with particular disfavor on motions to dismiss raising arguments that could have and should have been raised earlier").

Here, Defendant did not raise any issues in the Proposed Motion that it could not have raised in its prior summary judgment motion. Indeed, Defendant concedes "the proposed motion is not based on newly discovered facts." Further, Defendant's case law belies its positions. First, Defendant cites cases where, unlike here, courts found that a party's motion was supported by *new material*. *See Keehan v. Keehan,* 2000 WL 502854, at *3 (S.D.N.Y. Apr. 25, 2000) ("the party renewing its motion is limited to issues relating to the *new material*"); *Caribbena Wholesales & Sercice Corp. v. U.S. JVC Corp.*, 101 F. Supp.2d 236, 239 (S.D.N.Y. 2000) ("a party may renew its motion for summary judgment as long as it is supported by *new material*")(internal punctual and quotation omitted); *Beechwood Restorative Care Center. Leeds,* 811 F. Supp.2d 667, 673 – 74 (W.D.N.y. 20111) (allowing the defendants to make a successive motion because "a significant amount of discovery [occurred] since [the prior motion]" and "defendants are not simply seeking to reargue matters that they … could have raised on their prior motion"). Second, Defendant cites cases that merely stand for the proposition that district courts have discretion whether to allow a party to make a successive summary judgment motion, e.g. *Brabin v. Marymount Manhattan College*, 2015 WL 4040823, at *10 (S.D.N.Y. Jul. 2, 2015), which does nothing to advance its contention on its Proposed Motion.

In sum, Defendant Fresh Diet, without any justification, waited until now—one year since this Court denied its motion for summary judgment and nearly two years since discovery concluded—to make the novel argument that Fresh Diet is not Plaintiff's employer. *See Siemens,* 219 F.R.D. at 554 (concluding a request for a second motion three and one-half months after first motion was "far too late.") Accordingly, the Proposed Motion is procedurally improper and, therefore, this Court should deny Defendant's request.

III.     <u>Defendant's Proposed Motion is Unlikely to Succeed.</u>

Defendant Fresh Diet was an employer of Plaintiffs with Late Night Express Courier Inc. ("Late Night Express"). It is well established that a court faced with the question of whether a defendant is an employer is determined by viewing the circumstances as a whole in light of the economic reality. *Zheng v. Liberty Apparel Co., Inc.*, 355 F.2d 61, 71 (2d Cir. 2003). This

"economic reality" test draws on several facts, including whether a defendant's premises was used for the plaintiffs' work, the extent to which a plaintiff performs a discreet job that was integral to a defendant's process of production, and whether a plaintiff worked exclusively for the defendant; however, the court also is free to consider any other factor it deems relevant to its assessment of the economic realities. *Id*. at 72.

       Here, the economic reality test will determine that Defendant Fresh Diet was an employer with Defendant Late Night Express. Defendant Fresh Diet provided daily-prepared meals that Plaintiffs delivered directly to Fresh Diet's customers. Yuda Schlass, a partner at Fresh Diet, discussed deliveries with Syed Hussain,[1] the delivery manager who runs the New York-city based operation of Late Night Express, which was responsible for delivering meals to Fresh Diet's New York City customers. After Fresh Diet prepared the meals, Plaintiffs would pick up those meals and packages (and frequently Plaintiffs took part in meal-preparation work as well). Late Night Express worked exclusively with Fresh Diet, having no other clients; Fresh Diet did not have any other food-delivery company in the New York-City area other than Late Night Express. Fresh Diet paid Late Night Express based on Late Night Express's operations. Fresh Diet regularly monitored Late Night Express; if a customer had a problem with Late Night Express, he or she would call Fresh Diet. None of the meals, nor the meals' packaging reflected Late Night Express; they all said Fresh Diet. Fresh Diet instructed Late Night Express as to how to handle the meals, including how Late Night Express was to deliver them. Fresh Diet has policies for the deliveries, such as the period by which the drivers had to deliver the meals and how they were to handle the bags. Fresh Diet also gave Late Night Express direction regarding Plaintiffs' pay structure. Plaintiffs had magnets on their cars that stated "Fresh Diet," which Mr. Hussain distributed. Accordingly, the "economic reality" test will lead to the finding that, as a matter of law, Fresh Diet was Plaintiffs' employer.

       For the foregoing reasons, Plaintiffs respectfully oppose Defendant's Fresh Diet's request that the Court grant it permission to move for summary judgment.

                                   Respectfully submitted,

                                   Walker G. Harman, Jr.

cc:     Howard I. Rhine, Esq. (via ECF and email [hrhine@fedkas.com])
        David J. Sack, Esq. (via ECF and email [dsack@fedkas.com])
        Jeffrey A. Meyer, Esq. (via ECF and email [jmeyer@kdvlaw.com])
        Aaron N. Solomon, Esq. (via ECF and email [asolomon@kdvlaw.com])

---

[1] Since the start of this action, Fresh Diet promoted Mr. Hussain from New York Regional Manager of Late Night Express to the director of logistics for Fresh Diet Inc.