FEDER KASZOVITZ LLP
ATTORNEYS AT LAW

845 THIRD AVENUE
NEW YORK, NY 10022-6601

TELEPHONE: (212) 888-8200

FACSIMILE: (212) 888-7776

E-MAIL:

August 28, 2015

**VIA ECF**

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Centre Street
Room 435
New York, New York 10007

      Re:    **Hernandez v. The Fresh Diet, Inc., Case No.: 12-CV-4339 (ALC)(JLC)**

Honorable Sir:

      We represent Defendant The Fresh Diet, Inc. ("Fresh"), and write, with the Court's permission, to reply to Plaintiffs' August 21, 2015 letter wherein they oppose our application for permission to make a summary judgment motion to dismiss Fresh from this action on the ground that Fresh was not an employer of Plaintiffs for the purpose of the federal wage and hour statutes (or, for that matter, for any purpose whatsoever).

      Plaintiffs do not challenge our contention that the Court has the authority to permit Fresh's proposed second motion for summary judgment on an issue not previously raised. This is because they cannot. There is simply no controlling authority in this Circuit for the proposition that the Court, in its discretion, cannot permit a second motion for summary judgment.

      Plaintiffs make much of the Second Circuit's *dicta* statement, in a footnote, in *Brown v. City of Syracuse*, 673 F.3d 141 (2d Cir. 2012) that it "may" be improper to entertain a successive motion on an issue that could have been raised in an earlier motion (emphasis added), but do not point out that this comment, in a footnote, is not the holding of *Brown*, wherein the Court permitted a second summary judgment motion to be made on the ground that its ruling on a motion *in limine* changed the nature of the evidence that was available for the Court to consider on the motion. Here, too, while there is admittedly no newly discovered evidence to be presented, the issue Fresh is asking the Court to consider "was never previously raised," as Plaintiffs concede on page 2 of their August 21 letter addressing *Hernandez II*. (Emphasis added.) As such, the issues presented to the Court on the proposed motion will be different from those previously raised, and Fresh is not asking the Court to reconsider any portion of its prior ruling. Indeed, part of the contemplated motion is based on facts specifically found by the Court in its previous Decision and Order.

Honorable Andrew L. Carter
August 28, 2015
Page 2

Since it is clear from the authority cited by both parties that the Court has the discretion to entertain the proposed motion, the Court's decision should be based on prudential considerations, namely that should Fresh prevail on this issue, one set of parties and lawyers, and one substantial issue, will be removed from this case; fewer issues will remain to be tried; and the possibility of a disposition prior to trial remains. Moreover, once this issue is decided, should this matter proceed to trial, the jury will be able to concentrate on the main issue of the case – whether or not the Plaintiffs are employees for the purpose of the federal wage and hour statutes – and not have to consider additional ancillary issues such as which party or parties had an employment relationship with Plaintiffs.

Nor will the proposed motion give Fresh, and Plaintiffs contend, a second "bite at the apple." As set forth above, Plaintiffs concede that this issue was not raised, argued, or decided on the prior motion. As such, Fresh is not seeking a second opportunity to have the Court consider its argument, but rather an initial opportunity to raise the fundamental threshold issue of whether, on the facts adduced in discovery, it could under any circumstance be considered an employer or a joint employer of the Plaintiffs. Only if the Court rules, contrary (we believe) to the evidence, as a matter of law, that such an outcome is even possible, can Plaintiffs' claim against Fresh proceed to trial.

There can be no doubt that this issue is ripe for summary judgment. The parties agree that the applicable standards are those set forth in *Zheng v. Liberty Apparel Co., Inc.*, 355 F.2d 61, 76 (2d Cir. 2003) and its progeny, which the Court can consider and decide as a matter of law on the record developed in discovery. Accordingly, while Plaintiffs' argument that the motion is not likely to succeed is not well taken,[1] the authority upon which Fresh relies demonstrates that the proposed motion is surely not an exercise in futility, and the purposes of judicial economy and narrowing issues for trial will be served by the Court entertaining and granting the proposed motion prior to trial.

---

[1] The weight of authority supports granting the proposed motion for summary judgment as a matter of law. The facts here indicate that there was <u>less</u> of an employment relationship, and less control over the plaintiff drivers exercised by Fresh than that exercised by Time Warner in the most analogous recent case in which the Southern District considered this issue – *Jean-Louis v. Metropolitan Cable Communications, Inc.*, 838 F.Supp.2d 111 (S.D.N.Y. 2011). There, Time Warner was dismissed from the case on summary judgment even though it was Metro's (the installing company) sole source of revenue – it was Metro's only customer – and Time Warner had the virtual authority to effectively fire the individual cable installers, and directed the manner and sequence of their work. Fewer indicia of control by Fresh over the plaintiff drivers are manifest from the record in this action.

Honorable Andrew L. Carter
August 28, 2015
Page 3

      Accordingly, it is respectfully submitted that Fresh should be given the opportunity to make the proposed motion, and that the Court set an appropriate briefing schedule therefor.

      Respectfully submitted,

      FEDER KASZOVITZ LLP

By: _Howard I. Rhine / DB_
      Howard I. Rhine

cc:  Walker G. Harman, Jr., Esq.  (via ECF)
     Jeffery A. Meyer, Esq.  (via ECF)
     Aaron Solomon, Esq.  (via ECF)