USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7/20/18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
FERNANDO HERNANDEZ, KENNETH CHOW,
BRYANT WHITE, DAVID WILLIAMS,
MARQUIS ACKLIN, CECILIA JACKSON,
TERESA JACKSON, MICHAEL LATTIMORE
*and* JUANY GUZMAN,

                Plaintiffs,

-against-

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL),
THE FRESH DIET - NY INC. (NY),
SYED HUSSAIN, *individually*,
JUDAH SCHLOSS, *individually*, AND
ZAIMI DUCHMAN, *individually*,

                Defendants.
------------------------------------------------------------------- x

12-CV-4339 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs bring the above-captioned action against Defendants for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) and New York Labor Law ("NYLL") §§ 650 *et seq*. After over six years of litigation, and approximately three months prior to trial, Plaintiffs' counsel, The Harman Firm, has moved to withdraw. ECF No. 324. For the reasons set forth below, counsel's motion to withdraw is **DENIED**.

## BACKGROUND

Plaintiffs filed their Complaint on June 1, 2012, ECF No. 1, alleging that Defendants failed to compensate Plaintiffs at the overtime premium rate for overtime worked as required under the FLSA and NYLL. Decl. of Walker G. Harman, Jr. ("Harman Decl.") ¶ 4. Parties engaged in settlement negotiations in October 2015, reaching a settlement in principle on November 5, 2016. Harman Decl. ¶ 10. On February 1, 2016 the Court approved the settlement,

but only Plaintiffs' counsel executed the agreement. Harman Decl. ¶¶ 10, 17. Per the settlement agreement, Innovative Food Holdings Inc., which had recently acquired Fresh Diet Inc., was to pay the settlement on Fresh Diet's behalf. Harman Decl. ¶¶ 20. Prior to the payment deadline on March 21, 2016, however, Plaintiffs' counsel learned that Innovative Food Holdings Inc. sold the company back to Defendant Duchman because the business was "failing." Harman Decl. ¶ 21. Plaintiffs subsequently filed motions to enforce the partially executed settlement on May 24, 2016 and again on March 8, 2017. ECF Nos. 250, 286. The Court denied the motions and declined to enforce the settlement because Defendants did not execute the settlement. *See* ECF No. 294.

In November 2017, Plaintiffs decided to pursue their claims at trial. ECF No. 296. The parties filed a Joint Pretrial Motion on March 12, 2018 and participated in a final pre-trial conference on April 13, 2018, three days prior to the start of trial. ECF No. 305. At the conference, Plaintiffs' counsel raised concerns regarding the economic viability of the corporate entities named in the lawsuit, over two years after Defendants were seemingly unable to meet settlement obligations. Given the importance of resolving this issue and others, the Court adjourned the trial and ordered, *inter alia*, discovery for the limited question of whether Defendants' corporate entities were "economically viable." ECF No. 319. Through discovery, Plaintiffs' counsel received extensive documentation showing that Defendants were financially unable to satisfy any judgment against them. *Id.*; Harman Decl. ¶¶ 34-35. On May 4, 2018, Defendants offered the Plaintiffs $18,000 to settle their claims, but Plaintiffs rejected the offer. Harman Decl. ¶ 42-44. Though trial is scheduled to commence on October 28, 2018, Plaintiffs' counsel now moves to withdraw.

## STANDARD OF REVIEW

Whether to grant or deny a motion to withdraw as counsel falls to the broad discretion of the trial court. *U.S. v. Oberoi*, 331 F.3d 44, 46 (2d Cir. 2003); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp.3d 441, 444-45 (S.D.N.Y. 2014). The court's determination is afforded "considerable deference," particularly when "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Oberoi*, F.3d at 47. When deciding whether to grant a motion for withdrawal, courts in this circuit consider (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. *Ameruso v. City of New York*, No. 15 Civ. 3381 (RAB) (CM), 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 6 2016); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245 at *1 (S.D.N.Y. February 17, 2011). District courts can also look at the posture of the case, including its position on the calendar and whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel. Local Civil Rule 1.4.

## DISCUSSION

Counsel submits that it has good reasons to withdraw because (i) "withdrawal can be accomplished without material adverse effect," (ii) "[p]laintiffs agreed when they contracted with [the Firm] that either party could end the relationship at any time" and (iii) "it is not likely that [the Firm] will ever be paid in this action and cannot be expected to continue to pay for the costs of litigation and attorney time." ECF No. 325 at 5-9. The Court finds counsel's reasons for withdrawal unpersuasive, and holds that withdrawal would negatively impact the proceeding.

Counsel asserts first that withdrawal can be achieved without material adverse effect. This, however, ignores that the matter has been ongoing for approximately six years, and based on counsel's representations, may necessitate a two-week trial involving 21 witnesses. ECF No.

3

312 at 3. Here, the request to withdraw would cause unnecessary delay to this case, further jeopardizing the possibility of any resolution. Additionally, even if Plaintiffs could somehow acquire competent counsel today, it is unclear how they would be ready or motivated for trial in slightly over three months, especially, as counsel later argues, where there is no chance of recovery.

Next, counsel asserts that their retainer agreement clearly informed Plaintiffs that counsel could "terminate [their] services at any time upon notification . . . ." ECF No. 325 at 7. Though this may be in the retainer agreement, withdrawal is still within the discretion of the Court, and the Court finds no good cause here warranting withdrawal. Furthermore, when a firm accepts a retainer to conduct a legal proceeding, it "is under an obligation to see the work through to completion." *Viscomi v. Excelsior Ins. Co.*, No. 508CV327NPMATB, 2010 WL 11541927, at *2 (N.D.N.Y. Mar. 26, 2010) (citing *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 424–25 (D.N.J. 1993)).

Finally, counsel asserts that they are unlikely to be paid for prosecuting this matter, noting that neither they nor Plaintiffs have "any real chance of ever recovering any judgment, as the [adverse] corporate entities are defunct and bankrupt, and the individual Defendants have no meaningful assets and are burdened by significant debts." ECF No. 325 at 7. "The mere fact that the retainer is not as profitable as first imagined," however, "is no excuse for withdrawal." *Suffolk Roadways, Inc. v. Minuse*, 287 N.Y.S.2d 965, 970 (1968); *see also Gilles v. Wiley, Malehorn & Sirota*, 783 A.2d 756, 762 (N.J. Super. Ct. App. Div. 2001) (noting an attorney's obligations and duties to a client "do not evaporate because the case becomes more complicated or the work more arduous or the retainer not as profitable as first contemplated or imagined."); *May v. Seibert*, 164 W.Va. 673, 680 (W. Va. 1980) (same).

Though the Court agrees with Plaintiffs' counsel that attorneys are not "indentured servants," the circumstances here do not warrant withdrawal. Counsel engaged in diligence that it should have engaged in months, if not years ago, at the eleventh hour. Indeed, counsel made the request to engage in the relevant discovery *three days* prior to trial. The record, however, reflects that prior to June 2018, counsel could have reasonably concluded that Defendants had financial issues. *See, e.g.,* ECF No. 256 at ¶¶ 26-31. Given the low probability of recovery, the Court expects that any attorneys or firms Plaintiffs approach would be wary of taking this case, making it difficult for this Court to understand how withdrawal would have no materially adverse effect on Plaintiffs' interests or the Court's calendar. As such, the Court rejects the Firm's attempt to categorize the current situation as analogous to Plaintiffs "[failing] to pay [their] legal fees." ECF No. 325 at 8. Plaintiffs should not be saddled with counsel's untimely diligence.

## CONCLUSION

For the reasons stated above, counsel's motion is **DENIED**. Given the current state of affairs, the Court recommends that parties consider reaching a resolution short of trial.

**SO ORDERED.**

**Dated:** July 20, 2018
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

5