USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO HERNANDEZ, BRYANT WHITE, CECILIA JACKSON, and TERESA JACKSON,

                  **Plaintiffs,**

-against-

JUDAH SCHLOSS and ZALMI DUCHMAN,

                  **Defendants.**

1:12-cv-04339 (ALC)

**ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Fernando Hernandez, Bryant White, Cecilia Jackson and Teresa Jackson (collectively, the "Plaintiffs") brought this action against corporate Defendants The Fresh Diet Inc., Late Night Express Courier Services, Inc. (FL), and the Fresh Diet – NY In. (NY), and individual Defendants Syed Hussain, Judah Schloss and Zalmi Duchman for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the New York Labor Laws ("NYLL"), N.Y.L.L. § 198(1-a). ECF No. 1. A jury trial in this action was held from October 29, 2018 to November 5, 2018, which concluded with a verdict against Defendants Zalmi Duchman and Judah Schloss (collectively, the "Defendants"). The jury determined that Defendants were Plaintiffs' employers and accordingly, Plaintiffs were entitled to unpaid overtime compensation. Because the Parties' failed to adequately address the issue of liquidated damages, the Court held a bench trial on July 25, 2019 on this specific issue. This opinion constitutes the Court's findings of fact and conclusions of law after trial pursuant to Fed. R. Civ. P. 52(a).

## BACKGROUND

The Court assumes familiarity with the facts alleged in the pleadings, which were

1

described in detail in the Court's Opinion & Order Denying Defendants' and Plaintiffs' Motions for Summary Judgement. *See* Opinion and Order, ECF No. 163; *see also* Order, ECF No. 386. Facts relevant to the bench trial are restated here.

## I. Procedural Posture

From October 29, 2018 to November 5, 2018, the Court held a jury trial to determine whether Plaintiffs were entitled to overtime compensation. The jury returned a verdict in favor of Plaintiffs, finding that Defendants were Plaintiffs' employers under the FLSA and NYLL and accordingly awarded Plaintiffs the following damages:

| Plaintiff | FLSA | NYLL |
|---|---|---|
| Fernando Hernandez | $0 | $0 |
| Bryant White | $0 | $50,616.00 |
| Cecilia Jackson | $0 | $25,908.00 |
| Teresa Jackson | $7,535.52 | $65,468.08 |

Jury Verdict, ECF No. 352. Following the trial, Defendants filed a Motion for Judgment as a Matter of Law and for a New Trial and Plaintiffs filed a Cross Motion for Entry of Judgment with Liquidated Damages and Pre-Judgment Interest. On March 20, 2019, the Court denied in part and granted in part, Defendants' motion, stating Plaintiffs damages should be as follows:

| Plaintiff | FLSA | NYLL |
|---|---|---|
| Bryant White | $0 | $18,125.00 |
| Cecilia Jackson | $0 | $7,250.00 |
| Teresa Jackson | $7,535.52 | $14,500.00 |

Order, ECF No. 386 at 9. The Court additionally, denied Plaintiffs' cross motion and indicated it would take up the issue of pre-judgment interest once the issue of liquidated damages had been

resolved. *Id.* at 12. On May 6, 2019, Plaintiffs consented to the Court's remittitur of damages and requested a bench trial on liquidated damages. Letter dated May 6, 2019, ECF No. 387. The Court subsequently held a bench trial on July 25, 2019. Direct examination was conducted and submitted via affidavit, *see* Duchman Decl., ECF No. 395; Schloss Decl., ECF No. 96, whereas cross-examination occurred at the bench trial.

## II. Defendants

Defendant Zalmi Duchman was CEO of the Company from 2006 to 2013 and then chairman of the board from 2013 to 2014. Bench Trial Tr. at 16:1-16:3, 16:10-17, ECF No. 399 [hereinafter Tr.]. When the Company first started in 2006, Duchman understood the drivers to be independent contractors based upon limited online research, industry standards and the flexible nature of the drivers' work—namely the drivers' ability to control their schedules, work for other companies while making deliveries for the Company, substitute their deliveries with other drivers and use their own vehicles. *Id.* at 4:12-4:19; *see also* Duchman Decl. ¶ 4. Around this time, Duchman had a brief discussion with the Company's accountant, Isaac Salver, who confirmed his understanding that the drivers were independent contractors. *Id.* at 3:9-3:22, 4:3-4:9; *see also* Duchman Decl. ¶¶ 1, 3. Outside of his conversation with the accountant, at the bench trial, Duchman did not recall discussing the drivers' classification with anyone else in 2006. Tr. at 4:25-5:3.

A few years later, between 2008 and 2010, Duchman briefly spoke with the Company's outside counsel, David Willig concerning the drivers being classified as independent contractors. Tr. at 3:23-4:2, 5:10-5:25; *see also* Duchman Decl. ¶ 1. This discussion took place in the context of a meeting involving another executive and the accountant. Tr. 11:10-12:15. Duchman did not ask outside counsel to evaluate the drivers' classification under wage-and-hour law, nor did he

3

seek the advice of the others at the meeting. *Id.* at 11:10-12:15, 14:24-15-7. Instead, all of the meeting participants were in agreement that the drivers were independent contractors. *Id.* at 11:10-12:15. At no point did Duchman provide the accountant and outside counsel with any additional information, including policies affecting drivers, to reach this conclusion. *Id.* at 11:10-15-39. Duchman testified that he believed the accountant and outside counsel based their opinion on both industry standards and the flexible nature of the drivers' work responsibilities. *Id.* 11:10-12:15. In addition, when the Company acquired Balance for Life in 2008, Duchman was notified that the acquired company's previous owner had been advised by his accountant and lawyers that the drivers were independent contractors. Duchman Decl. ¶ 6.

Defendant Judah Schloss initially served as a chef at Fresh Diet and later became its chief operating officer. Tr. ¶ 21:20-21:23. In these roles, he was not responsible for hiring procedures at the company; instead, he relied on the Human Resources Department, the Accounting/Payroll Department and legal counsel to determine driver classifications. Schloss Decl. ¶¶ 2,3, 9. Defendant Schloss knew that the company classified all drivers as independent contractors and believed that these classifications were in compliance with the law based on industry standards, the past practice of the acquired company, the flexibility of the Company's drivers' polices and representations that lawyers and accountants, who worked for the company, held such beliefs. Tr. at 19:17-20:3, 20:16-20:20; Schloss Decl. ¶¶ 6, 7, 9. However, Schloss did not personally participate in any discussions with outside counsel at the time, Mr. Willig, concerning driver classification. Tr. at 20:21-20:23, 21:4-21:11. In 2011, the New York Department of Labor made the determination that one of the Company's drivers was an employee. *Id.* at 32:8-33:1. The Company subsequently hired a law firm, KDV, to represent them. *Id.* at 32:24-33:1. At this time, Schloss did not do any research to determine whether or not the drivers were properly classified.

4

Instead, he relied on KDV to represent and advise the Company on labor issues, including the current suit. *Id.* at 33:2-33:12.

## DISCUSSION

### I. Governing Law

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages . . . [unless] the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing its acts or omission did not violate the FLSA." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008); *see also* 29 U.S.C. § 216(b). The employer bears the burden of establishing that liquidated damages should not be awarded. *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). "[B]ut the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id.*

A plaintiff is also entitled to liquidated damages pursuant to the NYLL. N.Y.L.L. § 198(1-a). Prior to November 24, 2009, "an employee would be entitled to an additional twenty-five percent liquidated damages under the NYLL only if the employee could prove 'that the employer's failure to pay the wage required by [article 6 of the NYLL] was willful.'" *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015) (citing N.Y. Labor Law § 198(1–a) (version effective prior to Nov. 23, 2009)). Under this willfulness standard, "[a]n employer 'willfully violate[d] the [NYLL] [if] it either knew or showed reckless disregard for . . . whether its conduct was prohibited by the' NYLL."[1] *Gamero v. Koodo Sushi Corp.*, 272 F.

---

[1] The NYLL's willfulness standard for liquidated damages was identical to the FLSA's willfulness standard for its statute of limitations. *See Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015) (citing

5

Supp. 3d 481, 503 (S.D.N.Y. 2017) (citing *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011). Because the FLSA and NYLL had differing standards for imposing liquidated damages—good faith and willfulness, respectively—courts generally viewed the FLSA as being compensatory and the NYLL as being punitive. *See Inclan*, 95 F. Supp. 3d at 506 (citing *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550 550–51, (1980)) ("The view that NYLL liquidated damages are penalties rather than compensation rested on the premise that NYLL liquidated damages required proof of the employer's willfulness."); *see also Hernandez v. Jrpac Inc.*, No. 14 CIV. 4176, 2016 WL 3248493, at *34 (S.D.N.Y. June 9, 2016).

On November 24, 2009, the NYLL was amended to include a good faith standard, thus changing the NYLL liquidated damages provision from being punitive to being compensatory. *See Inclan*, 95 F. Supp. 3d at 505; *see also* 2009 N.Y. Laws ch. 372 § 1, *amending* N.Y. Labor Law § 198(1–a). Under this amendment, liquidated damages under the NYLL were still limited to twenty-five percent. *Gamero*, 272 F. Supp. 3d at 503; *see also* 2009 N.Y. Laws ch. 372 § 1, *amending* N.Y. Labor Law § 198(1–a).

The NYLL was again amended on April 9, 2011, to allow for a hundred percent liquidated damages. N.Y.L.L. § 198(1-a); *see also See Inclan*, 95 F. Supp. 3d at 505. "While the wording of the FLSA and the [current] NYLL liquidated damages provisions are not identical, now there are no meaningful differences, and both are designed 'to deter wage-and-hour violations in a manner calculated to compensate the party harmed.'" *Rana v. Islam*, 887 F.3d 118, 122–23 (2d Cir. 2018) (citations omitted). The Second Circuit therefore has "interpret[ed] the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of

---

*Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 366 (2d Cir.2011)).

6

conduct." *Id.* at 122–23. However, "Plaintiff is entitled to 'recover under the statute that provides the great[er] relief.'" *Underwood v. TAFSC Hous. Dev. Fund Corp.*, No. 18-CV-6664, 2019 WL 5485211, at *4 (S.D.N.Y. Oct. 25, 2019) (quoting *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183, 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017) (alteration in original).

## II.  Analysis

In this case, Defendants primarily make four arguments in support of their position that the good faith exception is satisfied. First, they argue that they followed industry standards in classifying drivers as independent contractors. Second Defendants argue that due to the flexible nature of the drivers' work—for example, Plaintiffs' ability to use their own cars, simultaneously perform other work, etc.—they believed the drivers were independent contractors. Third, Defendants assert that they consulted with attorneys and accountants who affirmed their belief. Fourth, Defendant Duchman testified that he conducted minimal research on labor laws that additionally confirmed his belief. The Court will address each argument in turn. Additionally, because Plaintiff Teresa Jackson worked prior to the November 24, 2009 amendment to the NYLL, the Court will also address whether or not Defendants' actions were willful. *See Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 678 (S.D.N.Y. 2017).

As courts in this Circuit have held, "'simple conformity with industry-wide practice' fails to demonstrate good faith under the FLSA." *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 316–17 (S.D.N.Y. 2011) (citing *Reich v. S. New England Telecom. Corp.*, 121 F.3d 58, 71 (2d Cir.1997)). Furthermore, the Defendants here cannot assert a good faith defense based on reliance on experts. As they both testified, neither of them actively sought out the accountants' or outside counsel's advice on employment classifications for drivers. Instead, Defendant Duchman simply had brief conversations with these professionals during which his beliefs on driver

classification were confirmed. Because the purposes of these conversations were not to determine the dictates of the FLSA, these conversations cannot satisfy the good faith exception. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 316–17 (S.D.N.Y. 2011) (determining Defendants had not satisfied the good faith exception where the purpose of a consultation with an accountant was not to determine compliance with the FLSA); *cf. Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 302–03 (S.D.N.Y. 2019) (finding Defendants satisfied the good faith exception because they "took affirmative steps to monitor legal standards developments in labor law over at least the past twenty years, including attending conferences and subscribing to and utilizing research databases and newsletters.").

Defendant Schloss's reliance on representations of the attorneys' and accountants' position is similarly unavailing, since such reliance does not constitute an active step. However, even if Defendants had sought out the Company's outside counsel or accountant's advice, this line of argument would fail. For example, in *Inclan*, the defendants supported their good faith defense by arguing they consulted with attorneys concerning compliance with employment statutes. 95 F. Supp. 3d at 504. However, the defendants asserted attorney-client privilege, preventing the advice of prior counsel from being admitted. *Id.* The Court in reaching its opinion that the good faith defense was not available to Defendants, relied on the fact that "the record contain[ed] no evidence as to the advice of prior counsel nor of whether defendants followed that advice—far less whether the advice was erroneous." *Id.*

For similar reasons, Defendant Duchman's argument that he conducted limited online research fails, as he could not provide any additional details on what this research entailed. Defendants' remaining argument concerning the drivers' conduct is unavailing. Simply holding a belief based on "common sense" rationale does not constitute an active step. *See Reich*, 121 F.3d

8

at 71 (citation and internal quotation omitted) ("'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them."); *See also Leevson v. Aqualife USA Inc*, 770 F. App'x 577, 583 (2d Cir. 2019); *Barfield*, 537 F.3d at 51 (2d Cir. 2008). The Court therefore finds Defendants have not satisfied the good faith exception.

However, the Court finds Defendants were not willful in incorrectly classifying the drivers as independent contractors. The record contains no evidence prior to November 24, 2009, that the Defendants were aware they were violating the NYLL. Furthermore, the Court cannot conclude that the Defendants "showed reckless disregard" for the law in classifying the drivers as independent contractors. As Supreme Court and Second Circuit have explained where "an employer acts unreasonably, but not recklessly, in determining its legal obligation, . . . its action . . . should not be . . . considered [willful]." *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n. 13, (1988)); *see also Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir.2009) (determining "mere negligence" is insufficient to establish willfulness). "Reckless disregard . . . involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 937–38 (S.D.N.Y. 2013).

Here, Plaintiffs' have not sustained their burden to show the Defendants were willful. Based on industry practice, Defendant Duchman's conversations with the accountant and outside counsel, Defendant Schloss's reliance on representations that said professionals believed the drivers were independent contractors, and Defendant Duchman's independent research, the Court finds that Defendants were unreasonable but not willful in incorrectly classifying Plaintiffs as

independent contractors. *See Valle*, 254 F. Supp. 3d at 678 (finding the Defendants did not intentionally disregard the NYLL where they consulted with attorneys).

Accordingly, Plaintiffs are each awarded liquidated damages under the NYLL for violations beginning on November 24, 2009. Because the New York Legislature raised the amount of liquidated damages from twenty-five percent to one hundred present effective April 9, 2011, Plaintiffs are entitled to liquidated damages equal to twenty-five percent of unpaid overtime work for NYLL violations occurring between November 24, 2009 and April 9, 2011 and one hundred percent of unpaid overtime work performed thereafter. *See Valle*, 254 F. Supp. 3d at 678; *Wicaksono v. Xyz 48 Corp.*, 10 Civ. 3635 (S.D.N.Y. May. 2, 2011).[2] Specifically, under the NYLL Plaintiff Bryant White, who worked from approximately July 21, 2010 until June 5, 2012, is entitled to $14,093.73; Cecilia Jackson, who worked from October 2, 2009 to September 14, 2010 is entitled to $1,812.50; and Theresa Jackson, who worked from August 21, 2009 until July 27, 2011, is entitled to $5,321.82. Additionally, as the only Plaintiff who recovered damages under the FLSA, Theresa Jackson is entitled to liquidated damages under said statute for any violations occurring before November 24, 2009. Because the Parties' briefings do not address how many hours Theresa Jackson worked between August 21, 2009 and November 24, 2009, at this time, the Court is unable to calculate the amount of liquidated damages owed to her under the FLSA.

---

[2] Because, as explained above, the NYLL's liquidated damages provision was no longer punitive once the November 24, 2009 amendment was in effect, Plaintiffs may not recover damages under both the NYLL and the FLSA for violations incurred on or after November 24, 2009. *Rana*, 887 F.3d at 122–23.

## CONCLUSION

For the reasons fully discussed herein, the Court awards Plaintiffs' liquidated damages. The Parties' are hereby **ORDERED** to submit to the Court on or before April 10, 2020, letter briefs constituting their positions on pre-judgment interest and addressing the amount of liquidated damages owed to Theresa Jackson under the FLSA.

**Dated:**  **March 13, 2020**
  **New York, New York**

*(signature)*
**ANDREW L. CARTER, JR.**
**United States District Judge**